UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIE E. BOYD, pro-se
# 18498-044
Greenville-FCI
P.O. Box 5000, 3-B
Greenville, IL. 62246

        Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO AND
FIREARMS AND EXPOLSIVES
Department of Justice
Washington, D.C. 20226,

        Defendant.

Case No. _____

FREEDOM OF INFORMATION ACT LAWSUIT

CASE NUMBER 1:05CV01096

JUDGE: Ricardo M. Urbina

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/02/2005

## COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE RELIEF PERTAINING TO THE RECORDS OF WILLIE E. BOYD

**COMES NOW**, Plaintiff Willie E. Boyd, proceeding pro-se, and as for his complaint against the above named Defendant hereby claims and alleges the following:

1.    Plaintiff Willie E. Boyd, is a U.S. Citizen of the United States of Illinois and a proper party of this action.

2.    Defendant Bureau of Alcohol, Tobacco, Firearms and Expolsives, Hereinafter ("BATF") is a "agency" governed by the Freedom of Information/ Privacy Act, pursuant to Title 5 U.S.C. § 552 & 552(a).

3.    This Court has jurisdiction and venue to entertain this suit under Title 5 U.S.C. §§ 552 and 552(a) of the Freedom of Information/ Privacy Act.

- 1 -

**RECEIVED**

MAY 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COUNT-1

1.  By letter of December 6, 2004 Plaintiff requested from BATF, information and records reqarding the policies and procedures of BATF, on confidential sources and/or confidential informants, are those that provide information to the BATF, according to statutory policies dictated by the agency.

> "Persons who have been contracted to perform certain functions
> as informers, how confidential sources are paid, how they are
> monitored and what role they are to play in assisting the agents.
> I would be interested in viewing copies of contracts that are
> presented to confidential sources who are being recruited.  This
> is a request for all information and records in your files that
> contain information thats vital to the public's understanding as
> to how the BATF utilizes confidential sources."

See: Exhibit-A.

2.  On January 7, 2005 the Defendant BATF sent Plaintiff the release # 05-352, which contained 6-pages of a form "Informant Request" with exemption (b)(7)(C) redactions, and informed Plaintiff that he could seek Administrative appeal.

3.  On January 18, 2005 Plaintiff appealed the Defendant BATF's release of records, because the release was insufficient.  The request was for BATF's public records on confidential sources, Any and all manuels outlining there responsibilities as informers of the agency, and there "Statutory Duties" as paid government informants, any and all information that would give the general public and the requester some kind of understanding what kind of responsibilities and duties they are to fulfill in their roles as informers..

4. On February 9, 2005 the Office of Information and Privacy ("OIP") responded to the Administrative Appeal, and gave the Plaintiff appeal no. 05-0949.

5. The Plaintiff has not heard from the OIP on the Adminstrative Appeal no. 05-0949. The agency is in gross violation of the statutory time limitations of FOIA. There is no legal justification for the delay.

## COUNT-2

1. By letter of December 1, 2004 Plaintiff requested records and information, pursuant to FOIA, in regards to 10-Privact Waivers on Mary DeArmon, Albert Greer, Sharron Troupe, Muhammad Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson and Tommy Franklin, along with certification of identity form, plus there was a request for tape conversations in the files of # 04-1132, and records and information in files 00=311, 00-1670 and 02-1078, in the investigative file of ATF 745519-97-0012. **See: Exhibit-B.**

2. On December 21, 2004 Plaintiff appealed to the OIP, the non-response to the December 1, 2004 of BATF, concerning the 10-Privacy Waivers.

3. On January 5, 2005 the Defendant BATF sent a letter to Plaintiff acknowledging the December 1, 2004 10-Privacy Act Waiver request. Ms. Marilyn R. LaBrie, Disclosure Specialist, went on to inform Plaintiff that they would mail the records by January 25, 2005.

4. On February 9, 2005 Plaintiff sent a letter to OIP appealing the FOIA request no. 05-336, the January 3, 2005 correspondence from BATF that it would provide the documents on the 10-Privacy Act Waivers by January 25, 2005.

- 3 -

5. On March 14, 2005 the OIP sent the Plaintiff a letter, to request no. 05-336 informing the Plaintiff that BATF was still processing my request, but if I hadn't heard back from BATF at the time I received this letter, if I choose, I could seek Judicial Review.

6. On March 22, 2005 the Plaintiff received a response from Defendant BATF. The agency released 12-pages of documents from file # 00-311, acknowledging two other files 3 00-1670 and 3 02-1078, which the agency claims it had not completed its review of the files, and stated, they suggest Plaintiff "delay any appeal until completion. Your appeals rights will date from the date of our final release." **See: Exhibit-C.**

7. On March 30, 2005 Plaintiff filed an appeal in regards to request no. 05-336, challenging the release of documents and the redacted information from the release of the 12-pages of documents. Plus there were several releases from BATF that identified documents in # 00-311 series, the release of December 13, 1999, October 18, 2000, and October 24, 2000, explaining to the BATF that they did not explain in their correspondense that anyone had searched these files. And the Plaintiff went on to identify several other files of BATF, # 00-311, # 00-311, 00-1470, 00-1670, # 00-1670, # 02-1078, # 04-1132, # 04-1155 for Privacy Act information responsive to my request for records. There are also e-mails which are responsive to my request that BATF had not searched for theird party information. **See: Exhibit-D.**

8. On April 13, 2005 the Office of Information and Privacy ("OIP") sent Plaintiff a letter acknowledging that they had received my appeal on April 7, 2005 and the Plaintiff was assigned number 05-1484. **See: Exhibit-E.**

**9.**  Plaintiff has not heard back from OIP on the administrative appeal since the letter of April 13, 2005,  The Plaintiff has exhausted his administrative remedies, because it has been over 30-days since the agency has received my appeal, and they have not taken any action.

## GENERAL CLAIMS

Plaintiff has fully exhausted all administrative remedies as to each of the above Counts 1-2.

**WHERFORE,** Plaintiff prays for the following reflief:

1. Declaratory relief in that Defendant BATF, be declared in violation of the FOIA;

2. Injunctive relief in that Defendant, be ordered to provide plaintiff access to the requested records;

3. That these proceedings be expedited according to FOIA laws;

4. That sanctions be imposed against those found to knowingly and willingly deprived Plaintiff of his access due;

5. That BATF be ordered to provide a full Vaughn Itemization and Indexing with justification by sworn affidavit for records yet to be withheld;

6. Any further relief this Court deems just and proper.

7. Grant Plaintiff attorney fees/research fees/clerical fees he incurred.

[Dated: _May 18,_____, 2005].

Respectfully Submitted,

Willie E. Boyd, pro-se
# 18498-044
Greenville-FCI
P.O. Box 5000, 3-B
Greenville, IL. 62246

- 6 -

RECEIVED

MAY 2 3 2005

U.S. DISTRICT COURT

Willie E. Boyd
# 18498-044
Federal Correctional Institution
P.O. Box 5000, 3-B
Greenville, IL. 62246

December 6, 2004

Dorothy Chambers
FOIA/PA Officer
Chief, Disclosure Division
Bureau of Alcohol, Tobacco and
Firearms and Explosives
Department of Justice
Washington, D.C. 20226

RE: FOIA Request for policy & Proce-
durares manuals or records and
or information on Confidential
sources in the files of BATF,
records which should be public
record:

Dear Ms. Chambers:

This is a request pursuant to Title 5 § 552 & 552(a) for informa-
tion and records regarding the policies and procedures of Bureau of
Alcohol, Tobacco and Firearms ("BATF") on confidential sources and/or
confidential informants, are those that provide information to the
BATF, according to statutory policies dictated by the agency.

Persons who have been contracted to perform certain functions as
informers, how confidential sources are paid, how they are monitored
and what role they are to play in assisting the agents. I would be
interested in viewing copies of contracts that are presented to confiden-
tial sources who are being recruited. This is a request for all infor-
mation and records in your files that contain information thats vital to
the public's understanding as to how the BATF utilizes confidential
sources. Attached is a Certificate of identity form.     **FILED**

I expect a response to this request within 10-working days JUN - 2 2005
required under the statute of limitation in accord with FOI NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sincerely,
05 1096

Willie E. Boyd

cc: file

Exhibit-A