UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD, pro-se,                )
       Plaintiff,                   )
                           )
                           )
v.                                     )    Case No. 05-1096(RMU)
                           )
BUREAU OF ALCOHOL, TOBACCO            )
FIREARMS, AND EXPOLSIVES,             )
       Defendant.                   )
                           )
_____)

**PLAINTIFF'S MOTION REQUEST FOR THE COURT TO ISSUE AN
ORDER FOR DEFENDANT BATF, TO PROVIDE PLAINTIFF WITH
THE 53-PAGES OF DOCUMENTS, OR EXPLAIN WHY THE
DOCUMENTS HAVE NOT BEEN PROCESSED**

COMES NOW, Plaintiff Willie E. Boyd, proceeding pro-se, respect-
fully request this Honorable Court to grant this motion, and order
the Defendant BATF to produce the 53-pages of documents, or explain
why the documents can not be provided at this time.  The Plaintiff
submits the following reasons why this court should issue  this
order:

    1.  On August 17, 2005 the Plaintiff received a package of motions
from Defendant BATF, (1) Notice of Substitution of Counsel; (2) Defen-
dant's Proposed Briefing Schedule; (3) Defendant's Answer to Plaintiff's
Complaint.

- 1 -

In the Defendant BATF's "Defendant's Answer to Plaintiff's Complaint" filed August 8, 2005, the Respondent stated that,

> "7.  Admit in part and deny in part.  Defendant admits that ATF released 12 pages to Plaintiff on March 22, 2005, but denies that ATF made no further release because ATF sent Plaintiff an addition 53 pages on August 8, 2005, with redactions made pursuant to FOIA Exemption (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(F).  Defendant further avers that the August 8, 2005 letter and its enclosures are the best evidence of their contents."

See: **Exhibit-A, pp. 3-4, paragraph 7.**

The Respondent claims that the 53-pages of documents where sent to Plaintiff on August 8, 2005, the same day that the Defendant's Answer to Plaintiff's Complaint was filed with the Court, and vers that the August 8, 2005 letter and its enclosures are the best evidence of their contents, the Plaintiff is some what puzzled about this letter of August 8, 2005 and its enclosures, when its been over a month and the Plaintiff has not received the August 8, 2005 letter or its contents.

2.  In the Defendant BATF's "Defendant's Proposed Briefing Schedule" of August 8, 2005, the Respondent has requested that they be allowed to file their Dispositive motions on September 21, 2005, and the Plaintiff's Response due October 26, 2005, and the Defendant's Replies by November 17, 2005.

In order  for the Plaintiff to meet the Government's case, the Plaintiff needs the 53-pages of documents, the Plaintiff has been

- 2 -

more than patient, its September 10, 2005 and the Defendant BATF's
Dispositive motion is due on September 21, 2005.  The Defendant BATF
has to search at lease 7-case files that are associated with the
Plaintiff's request for records dealing with the 10-privacy Waivers,
case file nos. <u>00-311</u>, <u>00-311</u>, <u>00-1470</u>, <u>00-1670</u>, <u>00-1670</u>, <u>02-1078</u>,
<u>04-1132</u>, <u>04-1155</u>, and <u>DF-58822</u>, for the information in the files on
Kenneth Boyd, Stanley Boyd, Albert Greer, Mary DeArmon, Gerald Boyd,
Sharron Troupe, Toomy Franklin, Jacqueline Boyd, Muhammad Mateen and
Alonzo Wrickerson.

The Plaintiff need the 53-pages of documents, so Plaintiff can
try to determine what documents the Defendant BATF claims come from
the particular files that are listed.

**WHEREFORE,** Plaintiff Willie E. Boyd, prays that the Court issue an order
directing the Defendant BATF to provide Plaintiff with the 53-pages of
documents, so Plaintiff can meet the Government's case.

[Dated: _10_ , September, 2005].

Respectfully Submitted,

Willie E. Boyd, pro-se

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2005, I placed a copy of the following, **Plaintiff's Motion Request for the Court to Issue an Order for Defendant BATF, to Provide Plaintiff with the 53-Pages of Documents, etc.**, in the istitution mailbox, postage prepaid, on September 10, 2005 to:


Ms. Jane M. Lyons
Assistant United States Attorney
555 Fouth Street,      Room 10-415
Judiciary Center Building
Washington, D.C. 20530


By, _____

Willie E. Boyd, pro-se

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD,         )
                      )
       Plaintiff,     )
                      )
    v.              )     Civil Action No. 05-1096 (RMU)
                      )
BUREAU OF ALCOHOL, TOBACCO,  )
FIREARMS, AND EXPLOSIVES,   )
                      )
       Defendant.   )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the defendant identified in the Complaint as Bureau of Alcohol, Tobacco,

Firearms, and Explosives ("ATF"), by and through its undersigned counsel, and for its Answer

respectfully avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to name the proper party defendant. Under 5 U.S.C. §

552(a)(4)(B) and (f)(1), the proper defendant in this case is the United States Department of

Justice.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over certain of plaintiff's claims.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Defendant's actions with respect to the claims under FOIA were in full compliance with

all applicable laws and regulations.

**Exhibit-A**

**FIFTH DEFENSE**

Defendants deny each and every allegation contained in the Complaint except as may hereinafter be expressly and specifically admitted. In response to the separately numbered paragraphs of the Complaint, the defendants respond as follows:

1. The first paragraph contains the plaintiff's description of himself and legal conclusions to which no response is required. To the extent the first paragraph contains any allegation of fact relating to defendant, denied.

2. Admit that ATF is a component of the United States Department of Justice which is covered by the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

3. The third paragraph contains legal conclusions to which no response is required. To the extent the third paragraph contains an allegation of fact, denied.

**COUNT-1**

1.  Admit, and aver that the letter dated December 6, 2004 is the best evidence of its contents.

2.  Admit, and aver that ATF's response is the best evidence of its contents.

3.  Admit in part and deny in part. Admit that plaintiff appealed on January 18, 2005, but deny that ATF's release was insufficient. The remainder of this paragraph contains legal argument and conclusions to which no response is required.

4.  Admit, and aver that the February 9, 2005 letter is the best evidence of its contents.

5.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff has not heard from the OIP on Administrative Appeal No. 05-

- 2 -

0949, but denies the implication that OIP has not responded to plaintiff because the Department's Office of Information and Privacy ("OIP") responded to plaintiff on August 1, 2005, and denied plaintiff's appeal with respect to ATF's Confidential Informant Agreement, a 6-page document that was released to plaintiff on January 18, 2005 with redactions made pursuant to FOIA Exemption (b)(2) and (b)(7)(E). In addition, on August 1, 2005, OIP released to Plaintiff 16 pages from ATF's Confidential Informant Order, with redactions made pursuant to FOIA Exemption (b)(2) and (b)(7)E). Defendant further avers that ATF released to Plaintiff on or about August 8, 2005, the Attorney General's Guidelines Regarding the Use of Confidential Informants without redaction.

### Count-2

1.    Admit, and aver that the letter dated December 1, 2004 and its attachments are the best evidence of their contents.

2.    Admit.

3.    Admit, and aver that the January 5, 2005 letter is the best evidence of its contents.

4.    Admit.

5.    Admit, and aver that the March 14, 2005 letter is the best evidence of its contents.

6.    Admit, and aver that the March 22, 2005 letter and its enclosures are the best evidence of their contents.

7.    Admit in part and deny in part. Defendant admits that ATF released 12 pages to Plaintiff on March 22, 2005, but denies that ATF made no further release because ATF sent Plaintiff an additional 53 pages on August 8, 2005, with redactions made pursuant to FOIA

Exemptions (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(F). Defendant further avers that the August 8, 2005 letter and its enclosures are the best evidence of their contents.

8.   Admit, and aver that the April 13, 2005 and April 7, 2005 letters are the best evidence of their contents.

9.   Admit.

## GENERAL CLAIMS

Defendant admits that Plaintiff has exhausted his administrative remedies as to each of the above Counts 1-2.

The remainder of the Complaint contains Plaintiff's prayer for relief. ATF denies that Plaintiff is entitled to any relief based on its responses to his FOIA requests. Further, once ATF completes processing the plaintiff's FOIA request, ATF denies that Plaintiff will be entitled to any relief whatsoever, including attorneys fees because the plaintiff is proceeding pro se in this matter.

Shortly after the defendant completes production of documents to the plaintiff under the FOIA, the defendant will move for summary judgment.

Dated: August 8, 2005.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

- 4 -

JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2005, I placed a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

Jane M. Lyons
Assistant United States Attorney

- 6 -