UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1096 (RMU) |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS, AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the complaint as the Bureau of Alcohol, Tobacco, Firearms and Explosives, by and through undersigned counsel, respectfully moves this Court pursuant to Rule 56, Fed. R. Civ. P., for judgment in their favor in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") case. The grounds for this motion are set forth in the accompanying Defendant's Memorandum in Support of Motion for Summary Judgment. This motion is supported by the declaration of Averill P. Graham, Chief of the Disclosure Division for the Bureau of Alcohol, Tobacco, Firearms and Explosives. A statement of material facts not in genuine dispute and a draft order are attached.

Plaintiff should take notice that any factual assertions contained in the declaration and other attachments in support of the defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the defendants' materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: September 21, 2005.

                                                   Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, AND EXPLOSIVES, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 05-1096 (RMU) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

This case involves the defendant's duty to process requests made by the plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a.[1] Plaintiff previously received the criminal case files associated with ATF's investigation of his criminal activities under a separate FOIA request for all information about himself which was the subject of litigation between the same parties in Civil Action No. 99-3373 (JR).[2] During that litigation, plaintiff made two additional FOIA request to ATF: one for "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants," and another for "information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin." Plaintiff has provided waiver of privacy rights for these individuals.

---

[1] Under FOIA, the proper defendants are the United States Department of Justice. 5 U.S.C. § 552(a)(4)(B) and (f)(1). ATF is now a component of the Department of Justice.

[2] As of the filing of this motion, the government's motion for summary affirmance is pending Willie Boyd v. United States Marshals Serv. et al., No. 04-5369.

ATF has re-processed the responsive documents relating to those individuals consistent with those waivers and has continued to rely on statutory exemptions under FOIA to withhold certain information not covered by these waivers. Defendant ATF has conducted an adequate search for documents in response to plaintiff's most recent request. In short, as of the filing of this motion, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has made available to the plaintiff all of the non-exempt, responsive documents in its possession which have been processed under applicable FOIA law and regulations. Defendants have released all reasonably segregable information to plaintiff. Accordingly, because defendants have fully performed their statutory duty and there are no issues of material fact, defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Background

By letter dated December 6, 2004, plaintiff requested from ATF "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants." Declaration of Averill P. Graham ("Graham Dec."), ¶ 2. ATF assigned this request ATF Disclosure No. 05-352. Id. Shortly before that, by letter dated December 1, 2004, plaintiff request for records and information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin. Id. & ¶ 12 (plaintiff supplied waivers for each of the ten individuals). ATF assigned this request the identification number of No. 05-336. Id. ¶ 2.

With respect to No. 05-352, ATF responded in early January, 2005 and provided to Mr. Boyd segregable portions of the ATF Confidential Informant Agreement and supporting instruction documents, e.g., a sample memorandum requesting the registration of an informant.

In all, ATF released six pages with redactions were made pursuant to FOIA exemption (b)(7)(C). Id. ¶ 3. After Mr. Boyd appealed ATF's initial response, the Office of Information and Privacy directed the release of an additional sixteen pages with redactions made under Exemptions 2 and 7(E) but otherwise upheld ATF's action. Id. ¶ 6. Subsequently, in August, 2005, ATF released in full the Attorney General's Guidelines Regarding the Use of Confidential Informants dated May 30, 2002. Id. ¶ 7.

With regard to Mr. Boyd's other FOIA request, No. 05-336, ATF responded by requesting some additional information from Mr. Boyd. Id. ¶ 10. Subsequently, by letter dated March 22, 2005, ATF forwarded to Mr. Boyd twelve (12) documents from Disclosure File 00-311, which was associated with one of Mr. Boyd's earlier FOIA requests. Id. ¶¶ 4, 13. ATF applied Exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E). ATF also advised Mr. Boyd that, although its response to request No. 05-366 was not yet complete (because ATF intended to review Disclosure Files 00-1670 and 02-1078), he could appeal this initial response. Id. Mr. Boyd elected to appeal but OIP dismissed that matter due to the pendency of this litigation. Id. ¶ 14. On September 15, 2005, ATF released an additional 51 pages with minor redactions under Exemption 5 and other withholdings under Exemption 7(C).[3]

## Argument

The Freedom of Information Act, 5 U.S.C. § 552, as amended, ("FOIA"), provides generally a statutory right of access to certain government information. Accordingly, FOIA directs government agencies to disclose agency records to citizens who request them, unless the

---

[3] ATF has not yet completed the Vaughn index for the documents covered in the September 15, 2005 release and will submit it to the Court no later than October 5, 2005.

requested records fall within one of FOIA's nine enumerated exemptions. In this case, the defendant ATF has justified nondisclosure of information under two of the nine exemptions.

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden of proof, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v. Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978). Once the Court determines that the declarations are sufficient, it need not inquire further.

In this case, ATF justifies its assertion of the relevant exemptions through general description of their application as well as by providing a detailed index, commonly referred to as a Vaughn index. The purpose of a Vaughn index is "to permit adequate adversary testing of the agency's claimed right to an exemption." NTEU v. Customs, 802 F.2d 525, 527 (D.C. Cir. 1986), citing Mead Data Central v. United States Dept. of the Air Force, 566, F.2d 242, 251

(D.C. Cir. 1977), and Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Thus, the index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record". NTEU, 802 F.2d at 527 n.9. "The form of the Vaughn index is unimportant and affidavits providing similar information can suffice." Spirko v. U.S. Postal Service, 147 F.3d 992, 998 n.4 (D.C. Cir. 1998), citing Gallant v. NLRB, 26 F.3d 168, 172-73 (D.C. Cir. 1994).

As an initial matter, the records plaintiff requested are exempt from the Privacy Act's disclosure provisions. The contents of ATF's investigative file of plaintiff's activities are exempt from the Privacy Act's disclosure provisions because ATF maintains those records in its capacity as a law enforcement agency. Subsection (j)(2) of the Privacy Act allows an agency by regulation to exempt from mandatory disclosure:

> records maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of . . . (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2); see Graham Dec. ¶ 4. Because all of the records sought by the plaintiff relate to the criminal investigation and prosecution of the plaintiff and are maintained in the ATF's systems of records, the records are exempt from the access provisions of the Privacy Act by regulation. See Graham Dec. id.; 28 C.F.R. § 16.106. Although the records at issue are exempt under the Privacy Act, ATF processed them under FOIA as well.

> A.  **ATF Performed An Adequate Search for Responsive Documents By Re-Processing The Three Disclosure Files From Earlier Litigation**

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The issue is not whether there might possibly exist other records responsive to the request, but whether the search for responsive records was reasonable. Id. The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith. Weisberg, 745 F.2d at 1485. Summary judgment is appropriate where the agency submits a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched'", unless "a review of the record raises substantial doubt" about the adequacy of the search. Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The FOIA does not require that an agency search every division or field office in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. Dept. of Justice, 578 F.2d 261, 263 (9th Cir. 1978). "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not 'search every record system.'" Campbell v. U.S. Dept. of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998), quoting Oglesby, 920 F.2d at 68. "The agency is not required to speculate about potential leads" to the location of responsive documents, Kowalczyk

v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996), although it is required "to follow through on obvious leads to discover requested documents." Valencia-Lucena, 180 F.3d at 325.

In this case, ATF used the personal information provided for each of the ten individuals for whom plaintiff had provided privacy waivers to search the Treasury Enforcement Communications System II ("TECS"), which is a comprehensive computerized database containing information about ATF's law enforcement investigations. See Graham Dec. ¶¶ 3-4. For each of the ten individuals, the only TECS result was for plaintiff's criminal case file. Id. Plaintiff's entire criminal case file had been previously processed in response to plaintiff's earlier FOIA request for it. See Graham Dec. ¶ 3. Because there are no other places likely to contain responsive information, ATF's search for information about the ten individuals was reasonable.

      B.    **ATF Properly Applied Exemptions 2 and 7**

            1.    Exemption 2

Exemption 2 under FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Not long after FOIA was passed, the Supreme Court declared that Exemption 2 was intended to relieve agencies of the burden of assembling and providing access to any "matter in which the public could not reasonably be expected to have an interest" and matters of public interest "where disclosure may risk circumvention of agency regulation." Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976). Subsequently, courts have approved two general categories of withholdings under Exemption 2: (1) internal matters of a relatively trivial nature (sometimes referred to as "low-2"); and (2) more substantial internal matters for which disclosure would risk

circumvention of a legal requirement (sometimes called "high-2"). Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992); see Crooker v. ATF, 670 F.2d 1051 (D.C. Cir. 1981) (en banc) (setting forth a two part test for high-2 material).

In this case, ATF withheld computer codes and file numbers and other internal markings used to store and retrieve law enforcement information. Graham Dec. ¶ 8 & Vaughn index for File No. 05-352. These internal markings were on the ATF Confidential Informant Order. Id. These items are used only internally by ATF and disclosure of these items would risk allowing individuals to gain access to these information systems and to discover subjects of ATF's ongoing or future investigations or other prosecution efforts. Id. Because this information is purely internal and disclosure would significantly risk circumvention of the law, disclosure is plainly unwarranted. Prows v. United States Dep't of Justice, No. 90-2561, 1996 WL 228463, at *2 (D.D.C. Apr. 25, 1996) (protecting internal DEA markings and phrases, including G-DEP and NADDIS codes, that could, if released, facilitate improper access to sensitive information); Hall v. United States Dep't of Justice, No. 87-474, 1989 WL 24542, at *2 (D.D.C. Mar. 8, 1989) (protecting various items that "could facilitate unauthorized access to [agency] computer systems"); Institute for Policy Studies, 676 F. Supp. at 5 (exempting record revealing sensitive portions of agency's computer system which could be used to locate system's vulnerabilities); see Windels, Marx, Davies & Ives v. Department of Commerce, 576 F. Supp. 405, 412 (D.D.C. 1983) (protecting computer program under Exemptions 2 and 7(E) because it merely instructs computer how to detect possible violations of law and does not regulate or modify public behavior). Accordingly, ATF properly applied Exemption 2 to protect its internal sensitive information for which no public interest in release exists.

2.  Exemption 7(C)

ATF satisfies the standard for invoking Exemption 7 of the FOIA because of its law enforcement mission and responsibilities for enforcement of criminal statutes. <u>Rugiero v. United States Dep't of Justice</u>, 257 F.3d 534, 550 (6th Cir. 2001) (explaining that the "Court has adopted a per se rule" that applies not only to criminal enforcement actions, but to "records compiled for civil enforcement purposes as well."). Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Last year, the Supreme Court affirmed the broad scope of Exemption 7(C) in <u>National Archives and Records Admin. v. Favish</u>, 541 U.S. 157 (2004). When a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." <u>Keys v. U.S. Dep't of Justice</u>, 830 F.2d 337, 340 (D.C. Cir. 1987), citing <u>Pratt</u>, 673 F.2d at 418. A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" <u>Keys</u>, 830 F.2d at 340, quoting <u>Pratt</u>, 673 F.2d at 421. Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., <u>U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 776-80 (1989). Only where the requester can produce meaningful evidence  –  "more than a bare suspicion" – which would cause a reasonable

person to believe that the government had engaged in impropriety should the Court even consider balancing the privacy interests against the public interest in disclosure. Favish, 124 S. Ct. at 1581. Plaintiffs here do not allege any such impropriety in their complaint.

Review of the Vaughn indices provided by ATF demonstrates that the excisions made relate to protecting the identity of agents and employees of the agencies as well as third parties whose names appear in the records and for whom no privacy waivers have been supplied. See Graham Dec. ¶ 15 & Vaughn Indices. The law is well settled that all of these people have substantial protectectable privacy interests in their anonymity. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); Computer Professionals for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Department of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987); Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980). The Vaughn indices provided reflect clearly that Exemption 7(C) was appropriately applied in this case to protect names and personal of individuals.

    3.    Exemption 7(D)

Exemption 7(D) of the FOIA exempts from mandatory disclosure records or information compiled for law enforcement purposes if the disclosure:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552 (b)(7)(D).  Exemption 7(D)'s "paramount objective" "is to keep open the Government's channels of confidential information."  Birch v. United States Postal Serv., 803 F.2d 1206, 1212 (D.C. Cir. 1986).[4]

When invoking Exemption 7(D), the agency must demonstrate that the information was compiled for a law enforcement purpose, that an informant provided the information under either an express or an implied promise of confidentiality and, under the first clause of 7(D), that disclosure could reasonably be expected to disclose the source's identity.  United States Dep't of Justice v. Landano, 508 U.S. 165, 171-72 (1993).  If an individual has not been given an express promise of confidentiality, the agency may demonstrate that a source has been given an implied promise of confidentiality based upon the circumstances of the case.  Landano, 508 U.S. at 179-80.  The government may establish implied assurances of confidentiality by describing "generic circumstances in which an implied assurance of confidentiality fairly can be inferred."  Id. at 179.  However, once an agency establishes an express or implied promise of confidentiality, it is extremely difficult to overcome.  In order to do so, the plaintiff must come forward with "'absolutely solid evidence showing that the source . . . in a law enforcement investigation has manifested complete disregard for confidentiality.'"  Parker, 934 F.2d at 378,

---

[4]  The term "confidential source" is very broad.  See, e.g., Gula v. Meese, 699 F. Supp. 956, 960 (D.D.C. 1988) (crime victims); Putnam v. United States Dep't of Justice, 873 F. Supp. 705, 716 (D.D.C. 1995) (medical personnel).  Moreover, the term "confidential" signifies that the information was provided in confidence or in trust, with the assurance that it would not be disclosed to others.  Dow Jones & Co. v. Department of Justice, 917 F.2d 571, 575-76 (D.C. Cir. 1990).  As such, "the question is not whether the requested document is of the type that the agency usually treats as confidential, but whether the particular source spoke with an understanding that the communication would remain confidential."  United States Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993).

quoting Dow Jones & Co. v. Department of Justice, 908 F.2d 1006, 1011 (D.C. Cir.), reh'g denied en banc, 917 F.2d 571 (D.C. Cir. 1990).

The Court in Landano stressed two factors to be considered in determining whether an implied promise of confidentiality exists: "the nature of the crime investigated and the witness' relation to it." Id. at 181. In applying these factors, a key consideration is the potential for retaliation against the source. Id. at 179-80; see also, Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (implied assurance of confidentiality found where crimes investigated were serious and violent and sources were "sufficiently close to" targets of investigation); Hale v. Dept. of Justice, 99 F.3d 1025, 1031 (10th Cir. 1996).

Once the agency has demonstrated that information was given by a confidential informant, Exemption 7(D) applies not only to the name of the source, but to other information as well. The first clause of Exemption 7(D) not only protects obviously identifying information, such as an informant's name and address, but also all information which would tend to reveal the source's identity. Pollard v. FBI, 705 F.2d 1151, 1155 (9th Cir. 1983); see also Stone v. Defense Investigative Serv., 816 F. Supp. 782, 788 (D.D.C. 1993) (protecting "information so singular that to release it would likely identify the individual"); Doe v. U.S. Dept. of Justice, 790 F. Supp. 17, 21 (D.D.C. 1992) (when source is well known to individual investigated, agency must protect "even the most oblique indications of identity"). The second clause of Exemption 7(D) broadly protects all "information furnished by a confidential source" to law enforcement authorities in the course of a criminal or lawful national security intelligence investigation.

Importantly, and unlike some other FOIA exemptions, Exemption 7(D) does not require a balancing of public and private interests. Parker v. Department of Justice, 934 F.2d 375, 380

- 12 -

(D.C. Cir. 1991) (the "judiciary is not to balance interests under Exemption 7(D)"); Jones v. FBI, 41 F.3d 238, 247 (6th Cir. 1994) ("[t]his exemption does not involve a balancing of public and private interests; if the source was confidential, the exemption may be claimed regardless of the public interest in disclosure"). Therefore, "once the agency receives information from a '"confidential source" during the course of a legitimate criminal investigation . . . all such information obtained from the confidential source receives protection.'" Parker, 934 F.2d at 380 (editing by the court, quoting Lesar v. United States Dep't of Justice, 636 F.2d 472, 492 & n. 114 (D.C. Cir. 1980)). Moreover, Exemption 7(D) continues to apply even after an investigation has been closed, Ortiz v. HHS, 70 F.3d 729, 733 (2d Cir. 1995), cert. denied, 517 U.S. 1136 (1996), and after the death of the source. Campbell v. Dept. of Justice , 164 F.3d 20, 33 n.14 (D.C. Cir. 1998).

ATF utilized confidential informants in the course of its investigations. See Graham Dec. ¶ 16. Disclosure of their identities would not only risk exposing the confidential informants to harassment and possible danger but also hamper ATF's ability to elicit cooperation from future confidential sources. Id. Accordingly, defendant ATF's withholding of certain information under Exemption 7(D) was proper. See also Sept. 22, 2004 Memorandum at 2, C.A. 99-2712 (JR) (attached as Exhibit 2); March 15, 2002 Mem. & Order at 8, C.A. 99-2712 (JR) (discussing ATF's use of confidential informants in investigation of plaintiff's activities and approving ATF's withholdings under Exemption 7(D)) (attached as Exhibit 3).

    4.    Exemption 7(E)

Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law

enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F. Supp. 496, 501 (D.D.C. 1997), citing Fisher v. United States Dep't of Justice, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992). While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness. See, e.g., Coleman v. FBI, 13 F. Supp. 2d. 75, 83 (D.D.C. 1998) (applying 7(E) to behavioral science analysis and details of polygraph examination); Butler v. Treasury, 1997 WL 138720 at *4 (D.D.C. 1997) (applying 7(E) to types of monitoring and type of equipment used in surveillance); Perrone v. FBI, 908 F. Supp. 24, 28 (D.D.C. 1995) (applying 7(E) to type of polygraph test, type of machine used, polygraph questions and sequence). In justifying the application of Exemption 7(E) the agency may describe the general nature of the technique while withholding the full details. See e.g. Bowen v. FDA, 925 F.2d 1225, 1228 (9th Cir. 1991). The agency is not, however, required to describe secret law enforcement techniques, even in general terms, if the description would disclose the very information sought to be withheld. Coleman, 13 F. Supp. 2d at 83; Smith, 977 F. Supp. at 501; Butler, 1997 WL 138720 at *4.

  Exemption 7(E)'s second clause separately protects "guidelines for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Accordingly, this clause of the Exemption

protects any "law enforcement guideline" that pertains to the prosecution or investigative stage of a law enforcement matter whenever its disclosure "could reasonably be expected to risk circumvention of the law." See, e.g., PHE, Inc. v. United States Dep't of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) ("release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"); Jimenez v. FBI, 938 F. Supp. 21, 30 (D.D.C. 1996) (applying Exemption 7(E) to gang-validation criteria used by Bureau of Prisons to determine whether individual is gang member).

Both aspects of Exemption 7(E) apply to the Confidential Informant Order, the Memo Regarding Witness Threat, and the Consensual Monitoring Appproval documents in the Vaughn indices. These materials include investigative techniques and guidelines which, if released, would enable individuals to avoid detection. Graham Dec. ¶ 17. Accordingly, ATF properly withheld information covered by Exemption 7(E). See also Sept. 22, 2004 Memorandum at 2, C.A. 99-2712 (JR); March 15, 2002 Mem. & Order at 8, C.A. 99-2712 (JR) (discussing ATF's use of confidential informants in investigation of plaintiff's activities and approving ATF's withholdings under Exemption 7(E)).

**F.      All Reasonably Segregable Material Has Been Released to Plaintiff.**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a

- 15 -

District Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua</u> <u>sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999). In the course of processing all documents relating to Mr. Boyd's requests, ATF evaluated each and every document for segregabilitiy. Graham Dec. ¶ 20.

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." <u>Mead Data</u>, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. <u>Id</u>. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

A review of the declaration and <u>Vaughn</u> indices submitted reveals that the ATF carefully reviewed the information and confirms that all reasonably segregable non-exempt material has been released. <u>Armstrong</u>, 97 F.3d at 578-79; <u>Mead Data</u>, 566 F.2d at 26.

**Conclusion**

Because ATF has shown that it conducted a reasonable search for information about responsive to his reqeusts and that it properly applied the FOIA applicable exemptions, and that ATF has released all reasonably segregable information.

Dated: September 21, 2005.

                                              Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of September, 2005, I placed a copy of the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

    /s/_____
    Jane M. Lyons
    Assistant United States Attorney