UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Boyd, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Bureau of Alcohol, Tobacco, )<br>Firearms and Explosives )<br>)<br>Defendants )<br>) | Case No. 1:05CV01096 RMU |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS, and EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of the Justice. In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be

disclosed, processing all ATF documents referred to ATF from other agencies.

2. This Declaration addresses two FOIA requests made by Plaintiff in December 2004: 1) a December 6, 2004 request for "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants," hereinafter referred as ATF Disclosure No. 05-352 and 2) a December 1, 2004 request for records and information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin hereinafter referred to as ATF Disclosure No. 05-336.

**Adequacy of Search**

3. In an attempt to locate records responsive to Plaintiff's request, ATF searched the Treasury Enforcement Communication System II (TECS), which consists of a database of Treasury law enforcement records. Any responsive record pertaining to a criminal case in ATF's computerized filing systems would be retrievable in TECS. In TECS, each Treasury-based agency has it own database, which is controlled by that agency. ATF enters its own records into TECS, and maintains and retrieves its own records. TECS is the central database containing ATF's law enforcement investigations. When an ATF investigation is

opened, it will be entered into TECS. The database allows ATF to know where to physically search for any records. When there are no ATF investigations, the Disclosure Division, without additional information provided by the requester, cannot know which, if any, ATF office in the United States may have a record.

4. Using the personal identifiers (e.g. names and social security numbers) supplied in the waivers for each of the ten individuals for whom plaintiff submitted Privacy Act records, the ATF Disclosure Division conducted a subject query in TECS II, but no ATF-responsive records were located other than those already located in plaintiff's criminal investigative file. Plaintiff's entire criminal investigative file had been previously processed for release to him under the FOIA in ATF Disclosure Numbers 00-311, 00-1670, and 02-1078.

### ATF Disclosure No. 05-352

5. By letter dated January 7, 2005, ATF provided to Plaintiff segregable portions of the ATF Confidential Informant Agreement and supporting instruction documents, e.g., a sample memorandum requesting the registration of an informant. Six pages were released, with redactions were made pursuant to FOIA exemption (b)(7)(C).

6. Plaintiff subsequently appealed ATF's decision. By letter dated August 1, 2005, the Department of Justice's Office of Information and Privacy (OIP) released to Plaintiff sixteen pages from the ATF Order dealing with confidential informants with redactions made pursuant to FOIA exemptions (b)(2) and (b)(7)(E). OIP otherwise upheld ATF's decision regarding its January 7, 2005 release to Plaintiff.

7. Although Plaintiff had already sued regarding this Release, ATF made a subsequent release, without redaction, of the Attorney General's Guidelines Regarding the Use of Confidential Informants (May 30, 2002) on August 9, 2005.

Applicable FOIA Exemptions for ATF Disclosure No. 05-352

8. Exemption (b)(2) of the FOIA authorizes the withholding of internal matters that risk circumvention of a statute, regulation, or agency function.  Computer codes, law enforcement file numbers, and other internal markings are under the scope of exemption (b)(2).  Such data are primarily used to store and retrieve law enforcement information.  Disclosure of such codes might allow outsiders to circumvent agency functions, because persons could gain access to sensitive investigation information and thereby inhibit law enforcement efforts.

9. Exemption (b)(6) of the FOIA exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." This exemption was asserted to protect the privacy of law enforcement personnel and third parties mentioned in the requested records.

10. Exemption (b)(7)(E) of the FOIA was asserted to protect from disclosure information which would reveal techniques and procedures for law enforcement investigations or prosecutions which, if disclosed, could reasonably be expected to risk circumvention of the law, have been withheld pursuant to exemption (b)(7)(E). This exemption was utilized to withhold from disclosure information regarding the types of firearms used by ATF in executing search warrants.

11. A Vaughn Index describing the redactions made to the above-referenced release is attached hereto.

<u>ATF Disclosure No. 05-336</u>

12. By letter dated December 1, 2004, Plaintiff requested additional information, which had been redacted from releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) from ATF's criminal investigative file on him. In connection with this request, Plaintiff submitted ten waivers in which the named

individuals waived any privacy interests in ATF's criminal investigative file on Plaintiff.

13. By letter dated March 22, 2005, ATF forwarded Plaintiff 12 documents from Disclosure File 00-311, under a newly allocated file number of Disclosure File 05-336, with redactions made pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E).. ATF informed Plaintiff in the letter that our review of Disclosure Files 00-1670 and 02-1078 was not yet completed and that, although Plaintiff had the right to immediate appeal, he could delay appeal until he received ATF's release of Disclosure Files 00-1670 and 02-1078 without prejudice.

14. Plaintiff appealed to OIP on March 30, 2005 challenging both the exemptions asserted in ATF's March 22, 2005 release as well as the non-release of documents from the other ATF Disclosure Files. By letter dated July 12, 2005, OIP informed Mr. Boyd that his appeal was being closed based on the filing of the instant action. In the meantime, ATF continued to process Disclosure Files 00-1670 and 02-1078 and subsequently released an additional fifty-one (51) pages to plaintiff by letter dated September 15, 2005.

Applicable FOIA Exemptions for ATF Disclosure No. 05-336

15. Exemption (b)(7)(C) of the FOIA protects information in law enforcement records to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption (b)(7)(C) also requires a balancing of the public interest in disclosure against the privacy interests of the individuals whose identities could be revealed. In this case, this exemption was used to protect the names of law enforcement officers and agents, and third parties, along with their identifying information. Public identification of Federal, State, and local law enforcement personnel and support personnel could conceivably subject them to harm and harassment in their official duties and private lives. The public interest in the identification of these individuals is minimal. Law enforcement personnel and support personnel have a substantial privacy interest. Moreover, it has been repeatedly recognized that third persons, whether they are suspects, witnesses, or investigators, have strong privacy interests. There is no discernible public interest to be furthered by disclosure of this information. Additionally, it has been recognized that individuals do not lose their privacy interests under exemption (b)(7)(C) merely because their identities may be discovered through other means.

16. The identities of confidential sources and information supplied by a confidential source are properly withheld pursuant to exemption (b)(7)(D). Exemption (b)(7)(D) protects all confidential information furnished to law enforcement authorities in the course of a criminal investigation, regardless of whether the information identifies the confidential source. Protected sources of information include State and local law enforcement agencies, as well as private institutions and citizens who furnish information on a confidential basis.

17. Exemption (b)(7)(E) of the FOIA was asserted to protect from disclosure information which would reveal techniques and procedures for law enforcement investigations or prosecutions which, if disclosed, could reasonably be expected to risk circumvention of the law, have been withheld pursuant to exemption (b)(7)(E). This exemption was utilized to withhold from disclosure information regarding various methods of protecting threatened witnesses.

18. On September 15, 2005, the Disclosure Division released to plaintiff an additional 51 pages responsive to this request with redactions made pursuant to (b)(5). All of these documents were previously released to plaintiff with the names and identifying information of third parties withheld pursuant to exemption (b)(7)(C). In connection

with this current request, plaintiff submitted Privacy Act waivers from these people.  As such, these documents were re-released to plaintiff: this time with the previously redacted names and identifying information of the people who executed waivers included. These documents were processed for release to plaintiff several months ago, but were not released since plaintiff had filed this action in the interim.  Plaintiff was provided with full appeal rights relative to this release

19.  A Vaughn Index describing the redactions made to the above-referenced release is attached hereto.

20.  My staff reviewed each page of the material identified as responsive to ensure that no additional non-exempt information could be released.  This Declaration and the Vaughn index attached hereto describes in detail each document and all meaningful information contained therein. All releasable information has been provided to plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of September 2005.

_____
Averill P. Graham
Chief, Disclosure Division

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
*ATF DISCLOSURE FILE # 05-352*

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-6 | Informant Request Memo | (b)(7)(C) | Names and identifying information of Federal law enforcement officers |
| 7-23 | ATF Confidential Informant Order | (b)(2)<br>(b)(7)(E) | Internal law enforcement codes, techniques involving the solicitation, activation, monitoring, and protection of informants/cooperating witnesses, and agent conduct |

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
*ATF DISCLOSURE FILE # 05-336*

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-3 | ATF Report of Investigation | (b)(7)(C)<br>(b)(7)(D) | Names and identifying information of Federal law enforcement officers and cooperating witness |
| 4-5 | Memo Regarding Witness Threat | (b)(7)(C)<br>(b)(7)(D)<br>(b)(7)(E) | Names and identifying information of Federal law enforcement officer and cooperating witness, and techniques involving witness protection |
| 6-7 | Report of Investigation | (b)(7)(C) | Name and identifying information of Federal law enforcement officers |
| 8 | ATF Property Inventory Form | (b)(7)(C)<br>(b)(7)(D) | Name and identifying Information of Federal law enforcement officer and cooperating witness |
| 9-12 | Consensual Monitoring Approval | (b)(7)(C)<br>(b)(7)(E) | Name and identifying Information of Federal law enforcement officer and techniques involving consensual monitoring |