UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


WILLIE BOYD,                                    :
                                               :
                    Plaintiff,                 :
                                               :
        v.                                     :        Civil Action No. 99-2712 (JR)
                                               :
U.S. MARSHALS SERVICE et al.,                  :
                                               :
                    Defendants.                :


MEMORANDUM

Pending in this Freedom of Information Act case is Defendant Bureau of Alcohol, Tobacco and Firearm's ("BATF") Post-Discovery Motion for Summary Judgment.  The motion concerns the remaining issue of whether BATF conducted an adequate search for records.  The Court will rule also on BATF's withholdings under FOIA exemptions.  *See* Memorandum and Order Appointing Counsel (Nov. 6, 2002) at 5 (deferring ruling).

Having considered BATF's motion, supporting declarations, and discovery responses, the Court is now satisfied that BATF conducted a search reasonably calculated to locate responsive records.  Plaintiff's speculations about the search and whether BATF has acted in good faith have no basis in fact.

The Court turns finally to BATF's withholdings, *i.e.*, 592 documents as duplicative of previously released information, 391 documents released with redactions,[1] and 212 documents referred to other agencies.  Plaintiff does not question BATF's claim about duplicative records.

---

[1] This number includes eight pages released following discovery.  *See* Fifth Declaration of Dorothy A. Chambers ¶¶ 2-5.

*See* Fourth Declaration of Dorothy A. Chambers ("Chambers 4th Decl.").  He therefore has waived any challenge to the agency's failure to process those documents.  The Court has reviewed BATF's *Vaughn* indexes of the 391 processed documents.  For the reasons discussed in the Memorandum and Order of March 15, 2002 ("Mem."), the Court finds that BATF has justified withholding portions of records under exemptions 2, 3, 7(C), and 7(F), and records in their entirety under exemptions 3 and 7(D).  The Court previously rejected plaintiff's arguments renewed in his current opposition that an overriding public interest requires disclosure of the information exempted under subsection 7.  *See* Mem. at 7-8.

BATF also redacted from three documents commercial computer codes used by Western Union and Trans Union under exemption 4.  FOIA Exemption 4 protects from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  Corporations are among the "wide range of entities" exemption 4 covers.  *Allnet Communication Services v. FCC*, 800 F. Supp. 984, 988 (D.D.C. 1992).  Plaintiff has not challenged these redactions, which, in any event, have been justified. *See* Chambers 4th Decl. ¶ 9.

With respect to records referred to other agencies, namely, the Financial Crimes Enforcement Network ("FinCEN"), the United States Marshals Service, and the Executive Office for United States Attorneys, the Court finds that BATF satisfied its obligation by referring the documents to the originating agencies for processing and a direct response to plaintiff.  The Court has entered judgment for the latter two agencies named as parties herein.  *See* Dkt Nos 79, 125.  Plaintiff has not challenged FinCen's response to the referred records.  *See* Declaration of Cynthia L. Clark (Dkt. No. 109, Exhibit B).

2

As for plaintiff's request for fees and costs, *see* Nov. 6 Mem. at 5, plaintiff's appointed counsel withdrew his appearance and has not moved for recovery of fees. *Pro se* plaintiffs may not recover attorney's fees under the FOIA. *Burka v. United States Dep't of Health and Human Services*, 142 F.3d 1286, 1288 (D.C. Cir. 1998). Moreover, plaintiff is not eligible to recover costs because he did not substantially prevail insofar as he was not "awarded . . . relief . . . either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical and Atomic Workers International Union, AFL-CIO v. Department of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (citation and internal quotation marks omitted).

For the reasons stated above, the Court finds no triable issues and further finds that BATF is entitled to judgment. A separate Order dismissing the case accompanies this Memorandum.


James Robertson
United States District Judge