# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Willie Boyd, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 99-2712 (JR) |
| | : | |
| United States Marshal Service, et al., | : | **FILED** |
| | : | |
| Defendants. | : | MAR 1 5 2002 |

### MEMORANDUM AND ORDER  NANCY MAYER WHITTINGTON, CLERK
### U.S. DISTRICT COURT
## DENYING SUMMARY JUDGMENT FOR DEFENDANTS BATF AND USMS

Defendants Bureau of Alcohol, Tobacco and Firearms ("BATF") and United States

Marshal Service ("USMS") jointly move for summary judgment in this Freedom of

Information Act case.[1]  This motion addresses not only the agencies' response to plaintiff's

FOIA requests, but their production of records referred to them by other agencies.  Although

defendants' responses to plaintiff's requests are unique, the motion and plaintiff's opposition

raise a number of arguments without distinguishing between the defendants.  Consequently,

this order will address the responses of both defendants together.

### I.  Adequacy of Search

Plaintiff argues that defendants did not conduct an adequate search of records

responsive to his requests.  BATF "searched the Treasury Enforcement Communications

System, under which ATF law enforcement cases are indexed" and located "responsive

---

[1]    Motions for summary judgment filed by defendants Federal Bureau of Prisons
and the Executive Office for United States Attorneys were previously granted in separate
orders on March 30, 2001.

records of the investigation that led to Plaintiff's arrest in February 1997 . . .." Declaration of

Dorothy A. Chambers, dated December 9, 1999 ("Chambers Second Decl."), ¶ 9. USMS

conducted a search in its Eastern District of Missouri office and located 296 pages in two

systems of records. See Declaration of Florastine P. Graham ("Graham Decl."), ¶ 4;

Supplemental Declaration of Florastine P. Graham ("Graham Supp. Decl."), ¶¶ 2-3.

     To support summary judgment in its favor, an agency "must establish through affidavits

or declarations the adequacy of both its search methods (where and how it looked for

responsive records) and the scope of its search (what it was looking for)." Smith v. Bureau of

Alcohol, Tobacco & Firearms, 977 F. Supp. 496, 502 (D.D.C. 1997). The agencies'

declarations do not satisfy either of these burdens. None of the declarations identify the terms

used to conduct the agencies' search to enable the Court to determine whether such terms were

"reasonably calculated to uncover all relevant documents." Weisberg v. United States Dep't

of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see The Nation Magazine v. United States

Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995) (affidavits regarding the adequacy of the

agency's search must set forth the terms searched).

     Similarly, neither agency provides an explanation for where it searched for records and

why those locations are the only locations to contain responsive records. BATF states that it

searched only its Treasury Enforcement Communications System, leaving plaintiff and the

Court to wonder whether the agency maintains other systems that may contain responsive

records. USMS does not even describe its search methods, but only the office where some

unspecified search was conducted. Steinberg v. United States Dep't of Justice, 23 F.3d 548,

552 (D.C. Cir. 1994) (description of search inadequate where it fails "to describe in any detail

2

what records were searched, by whom, and through what process").

Moreover, BATF failed to locate a Report of Interview of Albert Lee Greer made on June 6, 1997 by BATF Special Agent James Green "relative to the ongoing federal investigation of Willie E. BOYD for the violation of federal firearms and narcotics laws." See Plaintiff's Opposition, Exh. F. Defendants' reply does not address the absence of this two page record and its Vaughn index does not include any Reports of Interviews. This record is clearly responsive and would appear to be the type of record that would likely be maintained among "records of the investigation that led to Plaintiff's arrest in February 1997." BATF will be required to explain its failure to locate this report in a future motion.

## II. Justification for Defendants' Withholdings

BATF located and produced 94 pages with portions withheld and withheld one page in its entirety, asserting FOIA Exemptions 2, 3, 5, 6, 7(C), 7(D) and 7(F). See Declaration of Dorothy A. Chambers, dated October 24, 2000 ("Chambers Third Decl."), ¶¶ 3-4. In addition, BATF produced 98 pages of records referred to it by the Executive Office for United States Attorneys and one page received from USMS. Portions of these records were withheld pursuant to FOIA Exemptions 2, 7(C) and 7(F).

USMS produced 55 pages with portions withheld pursuant to FOIA Exemptions 7(C), (D) and (E); withheld another 22 pages in their entirety pursuant to FOIA Exemption 7(C); and referred a total of 37 pages to three other Department of Justice components. See Supplemental Declaration of Florastine P. Graham ("Graham Supp. Decl."), ¶¶ 2-3. USMS also reviewed four pages of responsive records referred by the BATF, of which three pages

were duplicates of pages already produced and one was referred to a United States Attorney's Office. Id., ¶ 4. Finally, another 45 pages were referred to the USMS from the Executive Office of United States Attorneys. Id., ¶ 5. Of these records, 27 were found to be duplicates of records already produced to plaintiff, seven pages were produced in their entirety, another seven were produced with portions withheld pursuant to FOIA Exemption 7(C) and one page was withheld in its entirety pursuant to Exemption 7(C). Id. The USMS also referred two pages to the United States Parole Commission which were eventually released in full, and one page was referred to the BATF. Defendants submitted to the Court copies of all records produced to plaintiff with portions withheld. See Order of Aug. 9, 2001.

A.    Waiver

Plaintiff argues that defendants are barred from asserting other FOIA exemptions because they relied exclusively on FOIA Exemption 7(A) at the administrative level. Defendants first invoked the exemptions upon which they now rely to withhold information when they produced records to plaintiff, but after being served with the complaint in this action. The government must assert all applicable exemptions in the district court proceedings. Maydak v. United States Dep't of Justice, 218 F.3d 760, 764-65 (D.C. Cir. 2000). Having done so, defendants did not waive the right to assert exemptions other than 7(A).

B.    FOIA Exemptions 2 and 3

BATF withheld voucher numbers, federal credit card account numbers, law enforcement technique codes, FBI numbers and various computer codes from portions of 23 pages of records disclosed to plaintiff pursuant to FOIA Exemption 2. Plaintiff does not challenge defendants' withholding of any information pursuant to FOIA Exemption 2.

4

A review of the records produced, defendants' supporting declarations and its description of the information withheld demonstrate that the information withheld pursuant to FOIA Exemption 2 is used primarily for internal purposes and that its release would risk "circumvention of agency regulations or statutes." Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051, 1074 (D.C. Cir. 1981).

BATF properly relied on FOIA Exemption 3 to withhold the names of witnesses who were scheduled to testify in grand jury proceedings from two of its Reports of Investigation. See Senate of the Commonwealth of Puerto Rico v. United States Dep't of Justice, 823 F.2d 574, 582 (D.C. Cir. 1987) (approving use of Exemption 3 to withhold the identity of grand jury witnesses). Plaintiff argues that BATF is using Exemption 3 to withhold evidence of the criminal conduct of government agents. Exemption 3 covers records that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552 (b)(3). The "statute" that exempts disclosure in this case is Rule 6(e) of the Federal Rules of Criminal Procedure which prohibits disclosure of "matters occurring before [a] grand jury." See Fund for Constitutional Government v. National Archives and Records Service, 656 F.2d 856, 867-68 (D.C. Cir. 1981) (Rule 6(e) is "statute" for purpose of FOIA exemption 3). Rule 6(e) does not include an exception for grand jury records regarding government misconduct.

Plaintiff argues that an Assistant United States Attorney violated Rule 6(e) by voluntarily disclosing grand jury testimony to a city attorney defending local police officers in a civil action filed by relatives of plaintiff. Whether this disclosure constitutes a violation of Rule 6(e) is a matter for the Eastern District of Missouri where the grand jury was empaneled, not this Court.

5

C.    FOIA Exemption 5

Exemption 5 allows withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); Burka v. United States Dep't of Health and Human Servs., 87 F.3d 508, 516 (D.C. Cir. 1996). BATF withheld information prepared by a Special Agent in an Investigative Report Memorandum that "discussed the Plaintiff's possible defense strategy . . .." Chambers Third Decl., ¶ 7. BATF's Vaughn index considers the information part of the agency's "deliberative process," but argues that it is also attorney work product.

Documents may be withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). BATF has failed to show that the information contains an attorney's work product. The Special Agent does not appear to be an attorney and the agency's suggestion that it may have been prepared at the direction of a prosecutor does not establish that the content would disclose an attorney's mental impressions, conclusions, opinions or legal theories. Cf. Jimenez v. Federal Bureau of Investigation, 938 F. Supp. 21, 28 (D.D.C. 1996) (documents that reflect prosecuting attorneys' trial preparation, trial strategy, interpretations, handwritten notes, and personal evaluations and opinions concerning criminal cases "constitute classic, privileged attorney work-product").

The deliberative process privilege "shields only government 'materials which are both predecisional and deliberative.'" Tax Analysts v. Internal Revenue Service, 117 F.3d 607, 616 (D.C. Cir. 1997) (quoting Wolfe v. Department of Health & Human Servs., 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)). BATF describes its agent's analysis of plaintiff's

6

possible criminal defense strategy as "predicisional," but it is unclear what agency "decision" the analysis predates where BATF is not the agency responsible for his prosecution.  Nor would this information be "deliberative" because it does not "bear on the formulation or exercise of agency policy-oriented *judgment*."  Petroleum Information Corp. v. United States Dep't of the Interior, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (emphasis in original). A "deliberative" document reflects the "give and take" of agency's deliberations and contains "opinions, recommendations, or advice about agency policies."  Arthur Andersen & Co. v. IRS, 679 F.2d 254, 257 (D.C. Cir. 1982).  BATF has failed to show how the information at issue relates to its policies sufficient to justify any withholding under FOIA Exemption 5.

       D.     FOIA Exemption 7(C)

      BATF and USMS rely on FOIA Exemption 7(C) to justify withholdings from nearly every record the names and other identifying information of law enforcement officers and third parties.  The bulk of plaintiff's lengthy opposition argues that the disclosure of this information will serve a public interest in exposing government misconduct that outweighs the privacy interests of the persons whose identities are withheld.  The withholding of similar information has been upheld in this case against similar arguments raised by plaintiff.  See Memorandum Granting Defendant EOUSA's Motion for Summary Judgment, at 4-5 (March 30, 2001).  The Court's prior decision suggests that the appropriate venue for plaintiff's arguments is in a motion to vacate his criminal conviction filed in the sentencing court.  In response to the pending motion, plaintiff asserts that he is not attacking his conviction, but merely seeks records to shed light on his "serious allegations" of government misconduct.  Allegations alone are insufficient to overcome the agency's presumption of good faith in its declarations.  See

Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981) (summary judgment appropriate in FOIA cases based exclusively on declarations unless "controverted by either contrary evidence in the record [or] by evidence of agency bad faith"). At most, plaintiff's evidence of government misconduct questions the conduct of an Assistant United States Attorney, a Special Agent of the BATF and two Deputy United States Marshals, not the declarants proffered by defendants. The agencies' withholdings under FOIA Exemption 7(C) were proper because the information sought by plaintiff would not directly "expos[e] an agency's performance of its statutory duties to public scrutiny." Maydak, 218 F.3d at 764.

E.    FOIA Exemptions 7(D) and 7(E)

BATF withheld the identity and information supplied by a confidential informant from 15 records pursuant to FOIA Exemption 7(D). USMS withheld information furnished by a confidential informant from one report under FOIA Exemption 7(D). Plaintiff raises no arguments directly against defendants' application of Exemption 7(D). Plaintiff's criticism of the government's alleged use of Bryant Troupe as an informant has been previously rejected. See Memorandum Granting Defendant EOUSA's Motion for Summary Judgment, at 5; see also Boyd v. Drug Enforcement Admin., Civil Action No. 01-0524, slip op. at 2-3 (D.D.C. March 8, 2002). Defendants' declarations and Vaughn index, combined with a review of the records as produced to plaintiff, support defendants' withholdings of confidential sources and information furnished under an express or implied assurance of confidentiality under FOIA Exemption 7(D). Engelking v. Drug Enforcement Administration, 119 F.3d 980 (D.C. Cir. 1997).

8

USMS withheld investigative guidelines and procedures from three warrant investigation records under FOIA Exemption 7(E). USMS describes this information as material "used to guide Deputy United States Marshals in their performance of law enforcement duties" which, if disclosed, could impair its ability to apprehend and investigate fugitives by providing such individuals with information to circumvent the law. Chambers Third Decl., ¶¶ 10, 11. This description justifies the agency's very minor withholdings from the warrant investigation records under FOIA Exemption 7(E). See Founding Church of Scientology v. National Security Agency, 610 F.2d 824, 831-32 & n.67 (D.C. Cir. 1979) (requiring affidavit to be sufficiently detailed to enable a determination on whether exemption was properly applied).[2]

### III. Segregability of Withheld Information

The records produced to plaintiff with portions withheld, together with the description of defendants' withholdings, establish that no segregable material was improperly withheld from these records. However, BATF withheld one page in its entirety based on FOIA Exemptions 6, 7(C), 7(D) and 7(F) and USMS withheld 23 pages in their entirety based only on FOIA Exemption 7(C). The scope of information that may be withheld under FOIA Exemptions 6, 7(D) and 7(F) is broader than what may be withheld under Exemption 7(C)

---

[2]    BATF relied on FOIA Exemption 6 in withholding identifying information of a third party from a portion of a firearms transaction record and confidential informant information from an application withheld in its entirety. Because these same withholdings were justified on the basis of FOIA Exemptions 7(C) and 7(D), there is no need to consider BATF's redundant basis of FOIA Exemption 6. Similarly, the agencies justifications for withholding information under FOIA Exemption 7(F) will not be considered in light of the proper withholding of this same information under FOIA Exemption 7(C).

which permits the withholding of

> only the specific information to which it applies, not the entire page or
> document in which the information appears; any non-exempt information
> must be segregated and released, unless the 'exempt and nonexempt
> information are 'inextricably intertwined,' such that inclusion of exempt
> information would impose significant costs on the agency and produce an
> edited document with little informational value.

Mays v. Drug Enforcement Admin., 234 F.3d 1324, 1327 (D.C. Cir. 2000).

BATF has justified its withholding of one page in its entirety, but the Vaughn index

description of the records withheld by USMS in their entirety do not justify the complete

withholding of these records, with two exceptions.  A sealed court record was properly

withheld and can only be obtained by request to the court that sealed the record.  Misfiled

records in plaintiff's investigation file are not responsive to plaintiff's request and need not be

produced, regardless of any exemptions.  The remaining 18 pages in seven documents withheld

by USMS in their entirety under 7(C) must be produced to plaintiff with only identifying

information withheld or information that is 'inextricably intertwined' with exempt information.

See McSheffrey v. Executive Office of US Attorneys, CA No. 00-5068 (D.C. Cir. May 30,

2001) ("terse description" of NCIC background checks of federal prisoner's visitors

insufficient to justify withholding records in their entirety under 7(C)).  If USMS continues to

withhold any of these 18 pages in their entirety, its declaration must provide sufficient

description of the records for the Court to determine whether all segregable information was

produced.

Plaintiff requests the Court to inspect defendants' records *in camera*.  Judicial economy

is best served by allowing defendants an opportunity to correct deficiencies in their

declarations without wholesale resort to *in camera* inspection.  See <u>Quinon v. Federal Bureau</u> <u>of Investigation</u>, 86 F.3d 1222, 1227-28 (D.C. Cir. 1996) (setting forth considerations supporting *in camera* inspection).  If defendants are unable to properly justify their responses to plaintiff's FOIA requests, the Court will consider *in camera* inspection or appointment of counsel for plaintiff.

Accordingly, it is this 15th day of March, 2002,

ORDERED that defendants United States Marshals Service and Bureau of Alcohol, Tobacco and Firearms' Motion for Summary Judgment [#66] is DENIED; and it is

FURTHER ORDERED that defendants United States Marshals Service and Bureau of Alcohol, Tobacco and Firearms shall file a renewed motion for summary judgment **no later than April 30, 2002**.  The motion shall contain evidence establishing the adequacy of its search for records responsive to plaintiff's requests, the production of any information withheld exclusively under FOIA Exemption 5, and the production of all segregable portions of records currently being withheld in their entirety.

_____
JAMES ROBERTSON
United States District Judge

11

Copies to:

Mr. Willie Boyd                          Jane M. Lyons, Esq.
R#18498-044                              Assistant United States Attorney
FCI Greenville                           Judiciary Center Building, Room 10-415
P.O. Box 5000                            555 Fourth Street, N.W.
Greenville, IL  62246                    Washington, DC  20001

Plaintiff                                Counsel for defendants