IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD, pro-se, )
      Plaintiff, )
)
)
v. ) Case No. 05-10CV1096(RMU)
)
)
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS and EXPOLSIVES, )
      Defendant. )
)
)

### PLAINTIFF'S MOTION REQUEST FOR ENLARGEMENT OF TIME

**COMES NOW**, Plaintiff Willie E. Boyd, proceeding pro-se, respectfully request that this Honorable Court, grant the Plaintiff an Enlargement of Time, to respond to the Defendant BATF's Motion for Summary Judgment. The Plaintiff submits the following reasons why this Court should grant the motion:

1). On or about October 7, 2005 the Plaintiff received a copy of Defendant's Supplemental Memorandum In Suppport of Motion for Summary Judgment.

The Plaintiff noticed after reading the Defendant's Supplemental motion, that pages 4, and the Vaughn index was not included with the motion received.

- 1 -

2). On or about October 12, 2005 Plaintiff placed a call to the Pro-se Clerk's office, and spoke with Michelle. Plaintiff explained to the Pro-se Clerk's that he had received the Defendant's Supplemental motion, but several pages was missing from the motion. The Pro-se Clerk, told the Plaintiff that she would mail a copy of the motion that was on file in the Clerk's office. The reason that I did not want to involve the Court, is because Plaintiff did not want the Court to think, the Plaintiff was Knit picking, and thought that the issue could be resolved by getting a copy from the Clerk's Office.

3). On October 18, 2005 the Plaintiff received the copy of the Defendant's Supplemental Memorandum In Support of Motion For Summary Judgment, from the Clerk's Office. **See: Exhibit-A.**

The Plaintiff noticed that the Defendant's Supplemental Motion, that was on file in the Clerk's Office, was missing page-4, but had a 1-page copy of the Vaughn index. **See: Exhibit-A,** (This Copy from the Clerk's Office, has Page-4, across the top of page-5, and the Defendant's Supplemental Motion, has no page-4).

4). The Plaintiff can't reasonably respond to the Defendant's Motion for Summary Judgment, if the supplemental motion is missing pages of Averill P. Graham, Chief, Disclosure Division, Second Declaration. The Plaintiff would request that the Court, stay the proceeding in the case, until the Respondent, provides a full an complete copy of its Supplemental motion, with a full and complete Second Declaration.

The Plaintiff suggest that the Respondent, be ordered to provide in complete full copy to the Clerk's Office, and send the Plaintiff

a complete copy by Certified mail, and once that full and complete copy is received here at the Greenville-Federal Correctional Institution, and received by the Plaintiff, then his 30-days should run from the time forward to respond to the Defendant's Motion for Summary Judgment.

The Court should order Ms. Jane M. Lyons, removed from the case, because of her conduct, or in the alternative to admonish Ms. Lyons against such conduct in the future.

**WHEREFORE,** Plaintiff prays that this Court grant his motion for an Extention of Time, until the Respondent complies, and give the Plaintiff, 30-days from the time he receives a full and complete copy of the Defendant's Supplemental Memorandum In Support of Motion for Summary Judgment, by Certified Mail Return Receipt.

[Dated: 18, October, 2005].

Respectfully Submitted,

Willie E. Boyd, pro-se
# 18498-044
Greenville-FCI
P.O. BOx 5000, 3-B
Greenville, IL. 62246

- 3 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Motion Request for an Extention of Time, was placed in the Greenville-Federal Institution mailbox, postage prepaid, on October 18, 2005 to:

Ms. Jane M. Lyons
Assistant United States Attorney
Judiciary Center Building
555 Fouth Street, N.W.    Room 10-415
Washington, D.C. 20530

By, _____
Willie E. Boyd, pro-se

SPECIAL/LEGAL MAIL

Date/Time Delivered: 10-18-05 approx 8:30

Staff Signature: _____

WILLIE E. BOYD
Reg. #18498-044
GREENVILLE FEDERAL CORRECTION INSTITUTION
P.O. Box 5000
3-B
Greenville, IL 62246

62246+5000

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

**OPEN IN PRESENCE OF INMATE**

10/17/05

Exhibit-A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1096 (RMU) |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS, AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

When defendant filed its motion for summary judgment on September 21, 2005, it noted that the supporting materials did not include a Vaughn index for documents released to plaintiff on September 15, 2005. See Def.'s Mem. in Support of Mot. for Summ. J. [Docket Entry No. 18], at 3 & n.3. Accordingly, attached is the Second Declaration of Averill P. Graham, Chief of the Disclosure Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives, which supplements and completes the Vaughn information in support of defendant's pending motion.

Dated: October 5, 2005.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Willie Boyd,<br><br>    Plaintiff<br><br>    v.<br><br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives<br><br>    Defendants | Case No. 1:05CV01096 RMU |

SECOND DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS, and EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco and Firearms (ATF), Department of Justice. In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be

-2-

disclosed, and processing all ATF documents referred to ATF and other agencies.

2. This Declaration further addresses the FOIA request made by Plaintiff on December 1, 2004 for records and information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin hereinafter referred to as ATF Disclosure No. 05-336. I previously executed a Declaration dealing with, in pertinent part, this request on September 15, 2005.

3 By letter dated December 1, 2004, Plaintiff requested additional information, which had been redacted from releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) from ATF's criminal investigative file on him. In connection with this request, Plaintiff submitted ten waivers in which the named individuals waived any privacy interests in ATF's criminal investigative file on Plaintiff.

4. By letter dated March 22, 2005, ATF forwarded Plaintiff 12 documents from Disclosure File 00-311, under a newly allocated file number of Disclosure File 05-336, with redactions made pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E).. ATF informed Plaintiff in the

-3-

letter that our review of Disclosure Files 00-1670 and 02-1078 was not yet completed and that, although Plaintiff had the right to immediate appeal, he could delay appeal until he received ATF's release of Disclosure Files 00-1670 and 02-1078 without prejudice.

5. Plaintiff appealed to the Office of Information and Privacy (OIP), Department of Justice, which handles administrative FOIA appeals for ATF, on March 30, 2005 challenging both the exemptions asserted in ATF's March 22, 2005 release as well as the non-release of documents from the other ATF Disclosure Files. By letter dated July 12, 2005, OIP informed plaintiff that his appeal was being closed based on the filing of the instant action. OIP released to Plaintiff sixteen pages from the ATF Order dealing with confidential informants with redactions made pursuant to FOIA exemptions (b)(2) and (b)(7)(E). OIP otherwise upheld ATF's decision regarding its January 7, 2005 release to plaintiff.

6. ATF completed its review of releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) in light of the aforementioned privacy waivers and released to plaintiff 62 documents on September 15,

-5-

the communication must be deliberative, i.e., "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." In this case, the sentence in question discusses a possible course of investigation that apparently was not ultimately pursued.

8. All of the above withholdings and deletions are more fully described in the attached Vaughn index. In addition, I have been informed that my staff processed these documents in the same manner as those reflected in her earlier declaration. I have further been informed that my staff carefully reviewed all of the documents in question to ensure that all non-exempt information was segregated from exempt information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _5_ day of October 2005.

_____
Averill P. Graham
Chief, Disclosure Division

### VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD
### FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
### ATF DISCLOSURE FILE # 05-352

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-6 | Informant Request Memo | (b)(7)(C) | Names and identifying information of Federal law enforcement officers |
| 7-23 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Internal law enforcement codes, techniques involving the solicitation, activation, monitoring, and protection of informants/cooperating witnesses, and agent conduct |

### VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD
### FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
### ATF DISCLOSURE FILE # 05-336

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-3 | ATF Report of Investigation | (b)(7)(C) (b)(7)(D) | Names and identifying information of Federal law enforcement officers and cooperating witness |
| 4-5 | Memo Regarding Witness Threat | (b)(7)(C) (b)(7)(D) (b)(7)(E) | Names and identifying information of Federal law enforcement officer and cooperating witness, and techniques involving witness protection |
| 6-7 | Report of Investigation | (b)(7)(C) | Name and identifying information of Federal law enforcement officers |
| 8 | ATF Property Inventory Form | (b)(7)(C) (b)(7)(D) | Name and identifying Information of Federal law enforcement officer and cooperating witness |
| 9-12 | Consensual Monitoring Approval | (b)(7)(C) (b)(7)(E) | Name and identifying Information of Federal law enforcement officer and techniques involving consensual monitoring |
| 16 | Grand Jury Transcript (63 pages) | Federal Rule of Criminal Procedure 6e | All |
| 28 | Confidential Witness Statement (2 pages) | (b)(7)(C) (b)(7)(D) (b)(7)(F) | All |
| 38 | Handwritten Notes Relating to Confidential Source (4 pages) | (b)(7)(C) (b)(7)(D) (b)(7)(F) | All |