UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, pro-se,<br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS and EXPOLSIVES,<br>Defendant. | Case No. 05CV1096(RMU) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** Plaintiff Willie E. Boyd, proceeding pro-se, filing his opposition motion to Defendant BATF's motion for summary judgment. The Plaintiff's response motion is due November 30, 2005, the Plaintiff's motion is timely filed. The Plaintiff submits the following reasons why this court should deny the Defendant's summary judgment motion:

On September 21, 2005 the Defendant BATF, filed there Defendant's Motion for Summary Judgment. See: Docket Entry [18]. In the Defendant's Memorandum In Support of Motion for Summary Judgment, on page-1, incorrectly stated that the previous litigation involving the Defendant BATF was filed under Civil Action No. 99-3373(JR).[1] The previous case,

1. The Defendant BATF was involved in Boyd v. United States Marshals Service, et. al., 99-2712(JR). The Defendant BATF, correctly stated the case number on the pending appeal in the Appellate Court, case number: 05-5369.

is actually Boyd v. U.S. Marshals Service, 99-2712(JR). In the Defendant's Memorandum, they acknowledge on page-3, at footnote-3, that their Vaughn index, was not complete, and advised the court that thier completed Vaughn index would be filed with the court, October 5, 2005. **See: Docket Entry No. [18], page-3, footnote-3., Also See: Exhibit-A,** (Copy of the Declaration of Averill P. Graham, Chief, Disclosure Division, BATF, with attached Vaughn index, 1-page).

On October 5, 2005, the Defendant BATF, filed its Defendant's Supplemental Memorandum In Support of Motion for Summary Judgment. See: Docket Entry [22]. This supplemental motion was missing page-4, of the Second Declaration of Ms. Averill P. Graham, this declaration should have contained 5-pages, and a 1-page Vaughn index. **See: Docket Entry No. [22].**

On October 21, 2005, the Defendant BATF, filed with the District Court, "ERRATA", which contained the full, 5-page Second Declaration, of Averill P. Graham, stating, "The version initially filed was inadvertently missing the fourth page of the declaration due to an error in scanning. Counsel for defendant apologizes for this oversight." **See: Exhibit-B,** (Copy of Second Declaration of Averill P. Graham, 5-pages, and 1-page Vaughn index).

## SUMMARY JUDGMENT IS INAPPROPRIATE

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fe.R.Civ.P. 56(c). Material facta are those that

"might affect the outcome of the suit under the governing law." **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).** The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. **Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Tao v. Freeh, 27 F.3d 635, 538 (D.C. Cir. 1994).** In conconcluding a motion for summary judgment, the "evidence of the non-movant is to believed, and all justifiable inferences are to be drawn in his favor." **Anderson, 477 U.S. at 255.**

Summary Judgment, is inappropriate in this case, where there exist material facts that are genuine in dispute.

APPLICABLE PROVISIONS OF THE FOIA

The FOIA generally provides that every federal agency shall promptly make available upon request records reasonably described. 5 U.S.C. § 552(a)(3)(A). Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies. Id. ¶ 522(d). These exceptions are to be narrowly construed. **Department of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, ____, 121 S.Ct. 1060, 1065, 149 L.Ed.2d 87 (2001)**(qouting), **United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 151, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989)),** and the burden is on the agency to justify its action. 5 U.S.C. § 552(a)(4)(B). Therefore, the structure of the Act reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." **Department of the Air Force v. Rose, 425 U.S. 352, 360-61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)**(quotation omitted).

BACK GROUND

On December 1, 2004 the Plaintiff submitted 10-Privacy Waivers, pursuant to FOI/PA, from Stanley Boyd, Kenneth Boyd, Jacgueline Boyd, Gerald Boyd, Mary DeArmon, Sharron Troupe, Muhammad Mateen, Albert Greer, Tommy Franklin and Alonzo Wrickerson, for all records and information in the BATF files that bear my name or has any identification number associated to me. Plus, I waive any and all privacy rights to records and information in your case files # 00-311, 00-1670 and 02-1078, in the ATF investigative file 745519-97-0012, on Willie E. Boyd. Whether the documents be tape recordings, interview notes, handwritten notes, Grand Jury Subpoenas, all records and information, in the Kansas City Field Division. **See: Exhibits C & D, (**Two of the Privacy Waivers, of Sharron Troupe & Muhammad Mateen, as an example**).**

On December 6, 2004 the Plaintiff sent a letter to Ms. Dorothy Chambers, Chief, Disclosure Division for BATF, pursuant to Title 5 U.S.C. § 552 & 552(a), for information regarding the policies and procedures of Bureau of Alcohol, Tobacco, Firearms and Expolsives ("BATF"), on confidential sources and/or confidential informants, are those that provided information to the BATF, according to statutory policies dictated by the agency, etc. **See: Docket Entry No. [1], Appendix-A.**

On January 7, 2005 the Defendant BATF, sent Plaintiff the release of documents in file # 05-352, on "Informant Request", which consisted of 6-pages of documents. The Defendant withheld information, pursuant to (b)(7)(C), all 6-pages of the documents had FOIA wrote across every page. The Plaintiff was informed that he could seek administrative appeal. **See: Exhibit-E, (**Document Release # 05-352**).**

On January 18, 2005 the Plaintiff filed an appeal of the release of BATF's documents in file # 05-352, on "Confidential Sources", in that appeal, the Plaintiff was questioning the fact that no manuels with confidential source information was released to the Plaintiff, nor did the agency explain why no contract forms were given. **See: Exhibit-F.**

On March 22, 2005 the Plaintiff received a response from BATF, under case file # 05-336, releasing 12-pages, on the 10-Privacy Waivers, withholding information pursuant to exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(D), from previous case file # 00-311. **See: Exhibit-G.**

On March 30, 2005 the Plaintiff filed an appeal to Mr. Richard Huff, Co-Director, of Office of Information & Privacy ("OIP"), concerning the release of request number # 05-336, on the 10-Privacy Waivers, from file # 00-311, the 12-page release. The Plaintiff noted in his appeal, that the agency had ample time to complete its search of files # 00-311, # 00-311, 00-1470, 00-1670, # 00-1670, # 02-1078, # 04-1132 and # 04-1155, for privacy information responsive to my request. **See: Exhibit-H.**

On June 2, 2005, the Plaintiff filed his FOIA lawsuit in the District Court, subsequent to the complaint, Defendant BATF, made several more document releases, on the following dates.

On August 1, 2005, Mr. Richard Huff, of OIP, released in part, document release number Appeal number: 05-0949, concerning BATF's request no. 05-532. Which was release of 14-pages (although the release document claims it was a total of 16-pages. The release documents where from the ATF Policy Manuel, ATF 0 3210.7B, pages 17-30, of the manuel, information was with pursuant to exemptions (b)(2), (b)(6) and (b)(7)(E). **See: Exhibit-I,** (Document Release # 05-532).

On September 15, 2005, Ms. Marilyn R. LaBrie, Disclosure Specialist, of BATF, released documents from request file # 05-336, on the 10-Privacy Waivers, claiming to be releasing documents in part, and documents withheld in full, release document numbers: 05-336-13, through 05-336-66, from files # 00-311, 00-1670 and 02-1078, not releasing the specific request for file # 04-1132, the tape conversation on May 13, 1997, between Sharron Troupe, Muhammad Mateen and the Plaintiff, nor the portions of the September 27, 1997 tape conversation of Sharron Troupe, were the Defendant BATF, has acknowledged through there document releases, that Sharron Troupe, was a party to the conversation. BATF withheld documents and information, pursuant to exemption (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(E). **See: Exhibit-J, (**Document release, file # 05-336, document nos. 13-66**).**

On October 5, 2005, the Plaintiff sent a letter to Ms. Marilyn R. LaBrie, Disclosure Division, of BATF, concerning the release of September 15, 2005, case file # 05-336, with several exhibits. The letter outlined problems that existed in the releaee of the documents in the file. **See: Exhibit-K,** (Plaintiff's letter with 2-exhibits attached**).**

DEFENDANT'S PREVIOUS HISTORY OF RECORDS, INFORMATION AND TAPES CONVERSATIONS, IN THE CASE, BOYD V. UNITED STATES MARSHALS SERVICE, et. al., 99CV2712(JR), WHICH CONTAINS RECORDS, INFORMATION AND TAPES, ON THE THIRD PARTIES

The Defendant BATF, has records and information and tapes conversations, in its files, from the previous litigation, the following is a list of the records, there release and there withholdings, in the case, Boyd v. U.S. Marshals Service, 99CV2712(JR), that would give the court some ideal what records, information and tape conversations, that should have been provided to the Plaintiff.

On December 12, 1998, the Plaintiff initiated a request for records and information from Bureau of Alcohol, Tobacco, and Firearms ("BATF"), for any and all documents, records and information on the requester, thats in the files of the agency. After delaying there response to adequately provide Plaintiff with records, litigation was commenced, on October 15, 1999.

On December 13, 1999, Averill P. Graham, Dsiclosure Specialist of BATF, released case file # 00-311, which contained 98-pages of documents, claiming to be withholding 15-pages in full, The BATF, applied exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F), for information withholding in the records.

On May 18, 2000, Ms. Melissa Blevins, Disclosure Specialist for Bureau of Alcohol, Tobacco, Firearms and Expolsives ("BATF") sent a batch of documents that had come from ("EOUSA"), which contained 98-pages of documnts. This referral file EOUSA, was released as ATF Case File # 00-1470. This file contained documents that were over 20-years old.

On October 18, 2000, Melissa Blevins, of BATF, released another batch of documents, from ATF Case File nos. # 00-311, 00-1470, 00-1670, this batch of documents contained 98-pages of documents, with information being withhold, purusuant to exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F).

On May 13, 2002, Ms. Melissa Blevins, Disclosure Specialist, of BATF disclosed a batch of documents that consisted of 1188-pages of documents from a "work file" allegedly in the possession of ATF Agent James Green, ATF Case file # 02-1078, the agency released 384-pages of the documents in full, and in part, utilizing exemptions (b)(2), (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(F). The agency refused to process 592-pages of the these documents.

On December 20, 2002, the District Court, order the appointment of counsel, in the case, and appointed the law firm of William & Connolly LLP, who conducted discovery in the case.

On March 21, 2003, the Defendant BATF, provided E-mail records during the discovery, which consisted of 43-pages of document, some of which contain the names of third party information, ATF Case File # DF-58822, and some of the information was redacted from the documents without the agency applying any exempts. **See: Exhibit-L,** (Document Release, ATF Case File DF-58822).

On March 22, 2004, Defendant BATF, located (2) two tape conversations of May 13, 1997, and September 27, 1997, which was located in the Seizured Property Section, found by Special Agent Michael D. Hungria, of BATF. The tapes conversations have not been released to Plaintiff, which consist

of a conversation of Sharron Troupe, Muhammad Mateen and the Plaintiff, the May 13, 1997, and the September 27, 1997, is a conversation with Sharron Troupe, and onther party. **See: Exhibit-M,** (Declaration of ATF Agent Michael D. Hungria, concerning the tape conversations of May 13, 1997 and September 27, 1997).

This case is currently under appeal in, Boyd v. United States Marshals Service, et. al., 04-5369, the Respondent has filed a Summary Affirmance motion, and the issues have been fully briefed, and awaiting a decision from the Court of Appeals.[2].

THE DEFENDANT BATF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED, FOR FAILURE TO PROVIDE REQUESTED RECORDS AND INFORMATION ON CONFIDENTIAL SOURCES

The Plaintiff contends that the Defendant BATF has failed to provide all the information requested on Confidential Sources and/or informants, how sources are paid, Or provide contracts on informants, and has failed to provide full copies of their ATF Policy Manuels on Confidential Sources.

1). On December 6, 2005, the Plaintiff requested specific information from BATF, on information and records regarding the policies and procedures of BATF, on confidential sources. **See: Docket Entry No. [1], Exhibit-A.**

Disclosure, not secrecy, is the dominate object of the Act, **Dept. of Air Force v. Rose, 425 U.S. 352, 48 L.Ed.2d 11, 96 S.Ct. 1592 (1976).**

2. In Boyd v. United States Marshals Serwice, et. al., 04-5369, there is a challenge to the exemptions (b)(7)(C), (b)(7)(D), for withholding records and information, as to the withholding of records by BATF. The Court should judge the current withholding in this case based on the Defendant's exemptions for withholding the records and the information, concerning this renewed request under FOIA.

FOIA generally provides that every federal agency shall promptly make available upon request records reasonably described. **5 U.S.C. § 552(a)(3)(A).**

The Defendant BATF provided the Plaintiff with information on Confidential Sources, in the form of "Informant Agreement" ATF F 3252. 2, and a 5-page manuel, ATF 0 3250.1A. **See: Exhibit-E.**

In the Declaration of Averill P. Graham, she describes these documents as, "ATF Confidential Informant Agreement and supporting instruction documents, e.g., a sample memorandum requesting the registration of an informant. Six pages were released, with redactions were made pursuant to FOIA exemption (b)(7)(C)." **See: Docket Entry No. [18], Decl. para.5.**

If the Confidential Source information is a sample document, how would any privacy exemptions apply for withholding information, pursuant to (b)(7)(C)? One would assum that this document would be public record and the general public would be entitled to the full disclosure of this document.

Plus the District Court should order Defendant BATF, to provide the Plaintiff with copies of the documents, not defaced with FOIA wrote across the face of every page. The release of the documents were not the best documents the agency could have provided. **See: Exhibit-E.**

**2).** On August 1, 2005, the Defendant BATF, provided other Confidential Source documents, after the commencement of the civil litigation, on a partial release of manuel ATF 0 3210.7B, releasing pages 17 thur. 30., utilizing exemptions, (b)(2), (b)(6), (b)(7)(E), to withhold information

from the manuel. **See: Exhibit-I.**

The Plaintiff is confused by the Defendant's position to withhold pages and information from a document that should be public record, ATF 0 3210.7B, is a manuel, that should be available to the general public. Plus the Defendant has not explained why it only released pages 17-30, from the manuel.

None of the listed exemptions should apply for withholding the manuel ATF 0 3210.7B, from the Plaintiff, this manuel should be discl-osed to the Plaintiff in full.

THE SEARCH FOR CONFIDENTIAL SOURCE RECORDS AND INFORMATION IS INADEQUATE

**3).** The Defendant BATF, release a case file # 00-311, 00-1470, 00-1670, on October 18, 2000, which contained documents specifically from case file # 00-311, documents nos 59-60, which contained expenditure documents, these documents are utilized when paying informants, document no. 60 of file # 00-311, states, "Payment Receipt for Investigative Expenses, information and/or Treasury Check." **See: Exhibit-N, (**from BATF Case File # 00-311, document no. 60**).**

The search for records and information on Confidential Sources, is in adequate, there are records and information in the files of BATF, on its Confidential Sources that has not been provided to the Plaintiff, and the Defendant has not utilized any exemptions for its withholding.

> "However, if a review of the record raises substantial doubt, particularly in view of "well defined requests and positive indications of overlooked materials, founding Church of Scientology v. National Sec. Agency, 610 F.2d 824, 837 (D.C. Cir. 1979), summary judgment is inadequate." cited in, **Valencia v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999).**

The adequacy of the search should be rejected by the Court, on the issue of the Confidential Source materials.

THE DEFENDANT BATF, HAS FAILED TO PROVIDE RECORDS AND INFORMATION IN ITS FILES ON THE 10-THIRD PARTIES, WHO SIGNED PRIVACY WAIVERS

The Plaintiff contends that the Defendant BATF, has failed to provide records and information, on the third party request of, Albert Greer, Sharron Troupe, Mary DeArmon, Gerald Boyd, Jacqueline Boyd, Kenneth Boyd, Stanley Boyd, Alonzo Wrickerson, Muhammad Mateen and Tommy Franklin. The Plaintiff made specific request for records and information within its files, stating:

"This is a request for all records and information in your files, pursuant to Freedom of Information/ and Privacy Act, Title 5 § 552 in the files of Bureau of Alcohol, Tobacco and Firearms ("BATF"). That contains information on the requester and Mary DeArmon, Albert Greer, Sharron Troupe, Muhammad Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson and Tommy Franklin. The requester is submitting these 10-Privacy Waivers, with Certificates of Identity. The 10-Privacy Waivers exculsively states: "I waive any and all privacy rights to records and information in your files 00-311, 00-1670, and 02-1078 in the ATF Investigative File 745519-97-0012 on Willie Boyd."

Not excluding any information in any private files on the individuals who have submitted Privacy Waivers.

The Court of Appeals for the District of Columbia, has held that such prose request should be interpreted liberally in favor of disclosure and Privacy Waivers state: "to authorization to Willie E. Boyd, # 18498-044, Greenville-FCI, P.O. Box 5000, 3-B, Greenville, IL. 62246 records and information in BATF files that bear my name or has any identification number associated to me." **See: LaCreda v. EOUSA, 317 F.3d 345 (D.C. Cir. 2003).**

I request a full copy of Tape Conversation in the File No. 04-1132, which contained the conversations of Sharron Troupe, Muhammad Mateen and Willie E. Boyd. **See: New York Times Co. v. NASA, 920 F.2d 1002 (D.C. Cir. 1990).** The transcipts of the tape has not been authenticated by anyone. Who actually did the

transcripts? The requester is entitled to all the information in the tape conversation of May 13, 1997, thats in File No. 04-1132, with BATF."

**See: Docket Entry No. [1], Exhibit-B,** (Plaintiff's December 1, 2004 requester for documents on requester, and the 10-Privacy Waivers**).**

**4).** On March 22, 2004 the Defendant BATF, sent the Plaintiff 12-pages of documents from ATF Case File no. 00-311, under a newly allocated file number of disclosure file 05-336, with the redactions made pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E). **See: Docket Entry No. [18], Decl., page-6, para. 13; See: Attached Exhibit-G.**

**5).** On September 15, 2005, the Defendant BATF, subsequently released from ATF Case Files 00--1670 and 02-1078 an additional fifty-one (51) pages to plaintiff. **See: Docket Entry No. [18], Decl., page-6, para. 14; See: Attached Exhibit-J.**

The central purpose of FOIA is to "open[] up the workings of government to public scrutiny" through the disclosure of government records. **McGehee v. CIA, 697 F.2d 1095, 1108 (D.C. Cir. 1983).** Under the FOIA an agency is obligated to make "promptly available" records that are "reasonably describe[d]" in a written request therefor and are not exempt from disclosure, 5 U.S.C. § 552(a)(3)(A), 552(b). A request reasonably describes records if "the agency is able to determine precisely what records are being requested." Yeager v. Drug Enforcement Administration, 678 F.2d 315, 326 (D.C. Cir. 1982). cited in, **Kowalczyk v. Department of Justice 73 F.3d 386 (D.C. 1996).**

**6).** There are records and information in the files on Defendant BATF, that bears the names of the third party request, plus the requester made a specific request for documents concerning himself, so any associated records with the third parties and the Plaintiff, those documents

should have been provided to the Plaintiff, not just the portion of the document that beared the name of the third party, lack document no. 05-336-31, which is the second-page of AFT Case File no. 02-1078, document nos. 82-83, page-1, should have also been provided. **See: Exhibit-J, Document no. 05-336-31.**

**7).** Plus Defendant BATF, did not provide documents that bear the names of third parties, in AFT Case File no. 00-311, document no. 17, which contains information on Sharron Troupe. In ATF Case File no. 02-1078, document nos. 213, 217, 241, 295, 296, 298, 313 and 314. These are just the documents that can be pointed out by looking at the records, but only through a in camera review, one would be able to determine what records have not been provided to the plaintiff pertaining to his request.

**8).** The Defendant BATF has failed to searched the files of ATF Case File DF-58822, which is a Discovery file release of March 21, 2003, in case, Boyd v. U.S. Marchals Service, et. al., 99CV2712(JR), which contains records and information on the third parties, mentioned in the Plaintiff FOIA request. **See: Exhibit-L, L-2 and L-3 and L-4.**

**9).** The Plaintiff made a specific request for the tape conversations of May 13, 1997, which contains the conversation of Sharron Troupe, Muhammad Mateen and the Plaintiff. The Defendant BATF, does not mention this tape conversation, nor the tape conversation of September 27, 1997. **See: Docket Entry No. [1], Exhibit-B, second-page.**

**10).** The Plaintiff should be provided with a certified copy of the tape conversation, of May 13, 1997, there is no excuse for the agency to withhold this tape conversation, all the parties involved in the conversation has requested or submitted third party privacy waivers, for the release of the tape conversation, pursuant to this Circuit Courts holding in, **New York Times Co. v. NASA, 920 F.2d 1002 (D.C. Cir. 1990),** this tape conversation should have been made available to the Plaintiff upon request.

FOIA requires an agency responding to a FOIA request to conduct a resonable search using methods which can be reasonably expected to produce the information requested. **Campbell v. United States Dept. of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998).**

> "When an agency has failed to provide sufficient detail in its Vaughn Index and/or affidavits in support of its claim of exemption and nonsegregability, a district court may require supplementation of Vaughn Index, conduct an in camera review of the documents in question, authorize limited discovery, or order immediate disclosure of the documents." **Church of Scientology v. U.S. Dept. of Justice, 30 F.3d 224, 239-40 (1st Cir. 1994).**

Summary Judgment is not warranted in this case, were the Defendant BATF, has not provided the Plaintiff with the records and information he has requested.

THE DEFENDANT BATF HAS FAILED TO PROVIDE A VAUGHN INDEX ON SOME OF THE DOCUMENTS IT HAS REDACTED INFORMATION FROM

**11).** The Defendant BATF, provide a Vaughn index with its Second Declaration from Averill P. Graham, which did not account for records in ATF Case File No. 05-336, the document release of September 15, 2005. In the Vaughn index the only documents that it covers is, document nos. 1-3, 4-5, 6-7, 8, 9-12, 16, 28 and 38. The Vaughn index does not cover document nos 13-15, 17-27, 29-37 and 39-66. **See: Exhibit-B, (**Copy of the second-Vaughn index**).**

> "All a requester generally needs to prevail on a challenged exemption is to show that "the agency's Vaughn index does not justify withholding information under the exemptions invoked." **Schiller v. N.L.R.B., 964 F.2d 1205, 1209 (D.C. Cir. 1992).** Here, there is no justification put forth for the exemptions claimed with respect to these documents. Without jusification the Government has no standing to invoke exemptions. Similarly, the Court cannot ensure a meaningful assessment of the withholdings without justification." cited in, **Piper v. U.S. Dept. of Justice 294 F.Supp.2d 16, 31-33 (D.D.C. 2003).**

The documents that the Government has failed to provide a Vaughn index on, should be turned over to the Plaintiff in their entirety. **See: Piper, at p. 32 Id., footnote 10.**

THE DEFENDANT BATF WITHHOLDINGS CONCERNING (b)(7)(C) and (b)(7)(D) SHOULD BE REJECTED

**12).** The Plaintiff contends that the Defendant BATF's withholding of records and information, pursuant to (b)(7)(C) and (b)(7)(D), should be rejected. The Defendant BATF, seems to be relying on the District Court holding in, Boyd v. U.S. Marshals Service, et. al., 99CV2712(JR), to sustain the holding, pursuant to the same exemptions in this case. Let the Plaintiff remind the court that the litigation in that case is still pending in the Court of Appeals, in Boyd v. U.S. Marshals, 04-5369.

In Ms. Averill P. Graham's Second Declaration, she states:

> "Three documents were withheld in their entirety pursuant to FOIA exemptions (b)(3), (b)(7)(C), (b)(7)(D), and (b)(7)(F). . . These documents were previously withheld in their entirety pursuant to these FOIA exemptions and the privacy waivers submitted by plaintiff did not result in any additional segregable material. These withholdings were the subject of previous litigation and were upheld. Boyd v. United States Marshals Serv., 2004 U.S. Dist. LEXIS 27406 (D.D.C. Sept. 22, 2004) (Robertson, J.)(motion for summary affirmance pending, See D.C. Cir. Appeal No. 04-5369)."

**See: Exhibit-B, page-4, para. 6.**

UNDER EXEMPTIONS (b)(7)(C) and (b)(7)(D)

**13).** There seems to be a contradiction in the Defendant's Vaughn index, as to how many documents were being withheld in their entirety. In Ms. Graham's Vaughn index, ATF Disclosure File # 05-352, there are 63-pages being withheld under (b)(3), document no 16; there are 2-pages being withheld under (b)(7)(C), (b)(7)(D), (b)(7)(F), document no. 28; and there are 4-pages being withheld under (b)(7)(C), (b)(7)(D) and

(b)(7)(F), document no. 38. **See: Exhibit-B, Vaughn index.**

> "While we do not intend to cramp the trial court's broad discretion in this area, we repeatedly noted that in camera review may be particularly appropriate when either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency." **Quinon v. Federal Bureau of Investigation, 86 F.3d 1222, 1228 (D.C. Cir. 1996).**

The Declaration of Ms. Averill P. Graham, does not give an accurate description of the page count do to its withholding in their entirety, because of the contradiction in the affidavit and the Vaughn index, these records should be reviewed in camera, were Ms. Graham, states there are three documents withheld in their entirety.

The court must take into consideration that there were no Privacy Waivers before the district court in, Boyd v. U.S. Marshals Service, 99CV2712(JR), when the court sustained the summary judgment for the Defendant BATF, as to exemption (b)(7)(C), this court must take into consideration that there are 10-Privacy Waivers before this court, and (b)(7)(C) should not apply as to those 10-individuals, who has signed waivers to their privacy.

Plus in, Boyd v. U.S. Marshals Service, et. al., 99CV2712(JR), the District Court did not perform a balancing test, pursuant to exemption 7(C), as adopted in this circuit in, Stern v. FBI, 737 F.2d 84, 91-92 (D.C. Cir. 1984). The District Court did not identify any private interest, that out weighed the public interest that was raised, and the (b)(7)(C), issue was raised in Appellant's Opposition to Appellee's Motion for Summary Affirmance, pending in Appellate Court, case

no. 04-5369, pp. 22-26. The District Court should review these records in camera, to make a determination as to whether (b)(7)(C), should be upheld in this case.

THE EXEMPTION (b)(7)(D) WITHHOLDING SHOULD NOT APPLY

**14).** The Plaintiff contends that Defendant's exemption (b)(7)(D), should not apply. The Defendant's have only made conclusory statutory standards of the applicable statute, neither stating in its declaration, a expressed assurance of confidentiality or an implied assurance of confidentiality. Ms. Averill P. Graham, stated in her declaration, on confidential source, stating that:

> "The identities of confidential sources and information suppied by a confidential source are properly withheld pursuant to exemption (b)(7)(D). Exemption (b)(7)(D) protects all confidential information furnished to law enforcement authorities in the course of a criminal investigation, regardless of whether the information identifies the confidential source. Protected sources of information include State and local law enforcement agencies, as well as private institutions and citizens who furnish information on a confidential basis."

**See: Docket Entry [18], Decl., Ms. Graham, page-8, para. 16.**

In the case, Billington v. United States Dept. of Justice, 233 F.3d 581 (D.C. Cir. 2000), the court remanded the case, when, "Bald assertion that express assurances were given amounts to little more than recitation of the statutory standard, which have held is insufficient." **at p. 584 Id.**

"The Government does not deny that, when a document containing confidential source information is requested, it generally will be possible to establish factors such as the nature of the crime that was investigated and the source's relation to it. Armed with information, the requester will have a more realistic opportunity to develope an argument that the circumstances do not support an inference of confidentiality. To the extent that the Government's proof may compromise legitimate interests, of course, the Government still can attempt to meet its burden with in camera affidavits." cited in, **Department of Justice v. Landano**, **508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993).**

In the previous case, Boyd v. United States Marshals Service, et. al., 99-2712, Ms. Dorothy Chambers, Disclosure Specialist, for BATF, submitted (2) two separate declarations on confidential sources, (1) on December 9, 1999; and (2) on June 9, 2000. These declarations of Ms. Chambers, contradicted each other, as for as the assurances of the confidential source, one claimed that the source had an implied assurance of confidentiality, and other claimed that the individual source had an express grant of confidentiality. Here's part of those declarations

On December 9, 1999, declaration of Ms. Chambers, she states the informant had a implied assurance of confidentiality, stating:

"This Court has previously found an implied assurance confidentiality under exemption (b)(7)(D) when the crimes involved were serious and potentially violent nature, such as drug trafficking and illegal possession of firearms. In this case, Plaintiff's file stems from an investigation of drug trafficking and illegal possession of firearms. Given the source's close relation to the investigation, an assurance of confidentiality was clearly implied. The precise nature of that relationship cannot be further described without compromising the identity of the source due to the unique circumstances of this case.

**See: Exhibit-O, page-7, para. 12.**

On June 9, 2000, declaration of Ms. Chambers, she states the informant had an expressed assurance of confidentiality, stating:

> "The deletions made pursuant to (b)(7)(D) were to protect information provided by an individual who had received a express grant of confidentiality. This is evident by the fact that a confidential informant number had been assigned to the source in accordance with Bureau procedures. A source is not assigned such a number unless ATF gives it an expressassurance that the Bureau will use best efforts to keep its identity confidential. In this case, the confidential informant number itself was among the information withheld from Plaintiff since it could be used of ATF to identity the source. Given that information Plaintiff is seeking relates to an investigation regarding a drug trafficking ring, preserving the confidentiality of the source is particularly important."

**See: Exhibit-P, page-5, para. 9.**

These conflicting declarations, of Ms. Chambers, of December 9, 1999, and June 9, 2000, are before the Appellate Court, in the pending case, 04-5369.

"The . . . cannot rely on conclusory assertions of compliance with Landano. Rather, the agency must provide assurances that sources in fact received promises of confidentiality before withholding information under section 552 (B)(7)(D)." cited in, **<u>Rugiero v. U.S. Dept. of Justice</u>, 257 F.3d 534, 552 (6th Cir. 2001).**

> ". . .in camera inspection may be appropriate in two circumstances: when agency affidavits are insufficiently detailed to permit meaningful review of the exemption claims, and when evidence of agency bad faith is before the Court." **See: <u>Carter v. Department of Commerce</u>, 830 F.2d 388, 392-93 (D.C. Cir. 1987).**

The Defendant BATF has not met its burden on this issue. The Court should order the production of the records, or order the Defendant to provide a Vaughn index, concerning the assurance of confidentiality the informant had with the agency.

THE DEFENDANT BATF SHOULD BE ORDERED TO PROVIDE THE BEST COPIES OF THE RELEASE DOCUMENTS IN ITS ATF CASE FILE NO. 05-336, documents 13-66

**15).** The Plaintiff contends that the documents released in the batch of September 15, 2005, could not have been the best documents in the possession of the government. These documents that have been provided to Plaintiff have blackened streaks partially concealing the third party names or releaseable information, distorting the document, these documents come from file # 02-1078.

These documents are numbered in this new release under 05-336, nos. **13, 14, 15, 17, 18-27, 29, 30, 31, 33, 34, 35, 36, 168, 41, 49, 340, 52, 54, 61, 62, 63, 64, 65, 66.**

**16).** Plus Defendant BATF, should be ordered to release from its files all documents that correspond to the subject matter of the pages released to Plaintiff, as an example, the Defendant BATF, has released document no. 05-336-31, but this is only the second page of the report. The Plaintiff should be entitled to all the pages associated with the third party release of documents, not just a document that bears the name of the third party, but all the pages that deals with the subject matter of the third party and the Plaintiff.

THE DEFENDANT BATF HAS NOT EXPLAINED IN ITS VAUGHN INDEX WHY DOCUMENT NOS. 28 and 38 COULD NOT BE SEGREGABLE

**17).** The Plaintiff contends that the Defendant BATF's Vaughn index does not adequately provide information on its segregability of withheld portions of information in document nos. 28 and 38, withheld in their entirety.

> "It is the agency's burden to prove that the withheld portions are not segregable from the non-exempt material. 5 U.S.C. § 552(a)4)(B)." cited in, **Davin v. U.S. Dept. of Justice, 60 F.3d 1043, 1052 (D.C. Cir. 1995).**

"Under this principle of segregability, an agency cannot justify withholding an entire document simply because it contains some material exempt from disclosure. Krikorian v. Department of State, 984 F.2d 461, 467 (D.C. Cir. 1993)(quotation omitted). Rather, an agency must supply a relatively detailed justification and explain why materials withheld are not segregable." cited in, **Rugiero v. U.S. Dept. of Justice, 257 F.3d 534, 553 (6th Cir. 2001).**

The only explaination the Defendant gave concerning segregable materials, was just a boiler plate statement, "I have further been informed that my staff carefully reviewed all of the documents in question to ensure that all non-exempt information was segregated from exempt information." **See: Docket Entry No. [22], page-5, para. 8.**

The Defendant BATF needs to provide more than an unsupported conclusion to justify withholding the whole document, especially since the third parties have waived their rights to any parts of the documents that bear their names and any identifying numbers.

APPOINTMENT OF COUNSEL TO UNDERTAKE DISCOVERY

This court should appoint counsel to conduct discovery in this case, "Where the adequacy of the search is genuine in dispute, the plaintiff is entitled to take discovery on the adequacy of the search." **Weisberg v. United States Dept. of Justice**, 627 F.2d 365, 371 (1980); aff'd 663 F.2d 120 (D.C. Cir. 1980). also see: **Van Strum v. U.S. EPA.**, 680 F.Supp. 349 (D. Or. 1987).

> "In determining whether an agency has met [its] burden of proof [on summary judgment], the trial judge may rely on affidavits . . . .. The agency's affidavits naturally, must be 'relatively detailed' and nonconclusory and must be submitted in good faith. But if these requirements are met, the district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits". **Exxon Corp. v. Federal Trade Com'n**, 466 F.Supp. 1088, 1093 (D.D.C. 1978).

In Plaintiff case these factors are not met, and the affidavits are not relatively detailed, there are many problems in these case, with the agency inadequacies in their search and their disclosure of documents, in their files.

The defendant can not dispute the fact, they did not search the ATF Case File # DF-58822, and that they failed to disclose tape cover-sation on third parties, on May 13, 1997, and September 27, 1997, the tapes conversations where in the possession of the agency, and were specifically requested, and has failed to provide all corresponding records on Plaintiff and the third parties.

Discovery is necessary, and appointed counsel would be of benefit to the Court, as well as the Plaintiff.

THIS COURT SHOULD APPOINT SPECIAL COUNSEL AT THE CLOSE OF THE CASE

This Court should appoint Special Counsel at the close of this case, "circumstances surrounding the withholding raises questions whether agency personnal acted arbitrarily or capriciously with respect to the withholding. . . ." **Section 552(a)(4)(F).**

The Plaintiff has "substantially prevailed" in this case, the Plaintiff had to file his complaint in order to force BATF to provide a substantial amount of the documents, a special counsel is needed to initiate proceedings to determine whether disciplinary action is warranted against the officers or employeees who are primarily responsible for the withholding. **See: Benavides v. BOP., 993 F.2d 257, 258 (D.C. Cir. 1993), at footnote 3.**

Special Counsel is necessary, when the spirit of FOIA is willfully being violated by the defendant.

PRO-SE LITIGATES

"Pro-se litigants are permitted "special latitude in responding to a summary judgment motion." Shepard v. Fraisher, WL713839, at *2 **(S.D.N.Y. 1999); see: Gonzales v. Long, 889 F.Supp. 639, 642 (E.D.N.Y. 1995).**

**WHEREFORE,** Plaintiff Willie E. Boyd, prays that this Honorable Court deny the Defendant BATF's Motion for Summary Judgment, and grant the request of the Plaintiff, so that justice can be done.

[Dated: 17, November, 2005].

Respectfully Submitted,

Willie E. Boyd, pro-se

CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Response to Defendant's Motion for Summary Judgment, was placed in the Greenville-FCI, mailbox, postage prepaid, on November 17, 2005 to:

Ms. Jane M. Lyons
Assistant United States Attorney
Judiciary Center Building
555 Fouth Street, N.W., Room 10-415
Washington, D.C. 20530

By,

Willie E. Boyd, pro-se

This package contains the corresponding exhibits, Exhibits A through P, with an attached appendix of the listing of the records.