## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD,           )
                               )
         Plaintiff,       )
                               )
         v.               )     Civil Action No. 05-1096 (RMU)
                               )
BUREAU OF ALCOHOL, TOBACCO,  )
FIREARMS, AND EXPLOSIVES,   )
                               )
         Defendant.     )
———————————————————)

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to defendant's motion for summary judgment fails to establish any genuine issue of material fact or legal reason why that motion should not be granted.   Each of his developed arguments is addressed below.  Defendant's motion should be granted.

Plaintiff initially complains about withholdings ATF made on the ATF Manual on Confidential Sources.  Pl.'s Opp. at 9-11.[1]  Plaintiff fails to acknowledge that the document is intended for use by its employees and agents in the course of carrying out ATF's law enforcement duties.  Exemption 7(E)'s second clause expressly protects "guidelines for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Accordingly, this clause of Exemption 7(E) protects any "law enforcement guideline" that pertains to the prosecution or investigative stage of a law enforcement matter whenever its disclosure "could reasonably be expected to risk

---

[1]  Plaintiff's objection to the document being marked on each page with "FOIA"is not well taken. Pl.'s Opp. at 9.  A release under the FOIA is a release to the world.  See National Archives and Records Admin. v. Favish, 541 U.S. 157, 170-71 (2004).  Absent such markings, ATF's internal documents could be easily falsified and, as demonstrated in Plaintiff's Exhibit E, the addition of such markings does not impair the release of the responsive information.

circumvention of the law."  See, e.g., PHE, Inc. v. United States Dep't of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) ("release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"); Jimenez v. FBI, 938 F. Supp. 21, 30 (D.D.C. 1996) (applying Exemption 7(E) to gang-validation criteria used by Bureau of Prisons to determine whether individual is gang member).  Hence, the portions of the Manual on Confidential Sources directing and instructing ATF employees on ATF's techniques are properly withheld.

Plaintiff next objects to ATF's exclusion of a file identified as File DF 58822 from the universe of documents reviewed and processed in response to the FOIA request which is the subject of this action.  Because File DF 58822 was compiled by the Office of Chief Counsel during the litigation of Civil Action No. 99-2712 (JR), it contains only duplicate copies of documents from the other ATF files.  2d Chisholm Dec. ¶ 14.  Consequently, reviewing that file in addition to plaintiff's complete criminal file would not result in any additional information being released to plaintiff, and instead would duplicate the effort already undertaken.  The FOIA should not be applied to require fruitless acts, especially where, as here, ATF has extensively and repeatedly processed these same documents for release to plaintiff.  Cf. Allen v. Attorney General of the State of Maine, 80 F.3d 569, 573 (1st Cir.1996) ("The Law after all, should not require litigants to engage in empty gestures or to perform obviously futile acts.").  The adequacy of ATF's search is evolving into a matter of issue preclusion.[2]

---

[2]  Generally, the doctrine of *res judicata* bars parties from re-litigating issues that have been addressed in earlier litigation.  See Allen v. McCurry, 449 U.S. 90, 94 (1980); Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.5 (1979).  The doctrine upholds the finality of decisions and well serves the interests in comity between courts in various jurisdictions.  Lytle v. Household Mfg., Inc., 494 U.S. 545, 553 (1990); Qwest Corp. v. Federal Comm. Comm'n, 252

Plaintiff also objects to ATF's provision of less than the full contents of two audio-taped telephone conversations, one of which took place on May 13, 1997 and the other on September 27, 1997.  Pl.'s Opp. at 14-15.  As to the former, ATF previously a full transcript of the call during the discovery in his criminal case, and plaintiff now complains that he is entitled to a certified copy of the transcript.[3]  The FOIA does not require agencies to create documents, let alone to certify them.  As to the audio elements, ATF released another copy of the audio-tape to plaintiff on January 26, 2006.  See 2d Chisholm Dec. ¶ 15.

The second taped conversation has not been released to plaintiff because one of the participants to the call was acting as a confidential informant for the government.  The identity and everything the confidential informant said during the conversation is covered by Exemption 7(D).  See id. ¶ 16.  Recognizing the magnitude of the compelling law enforcement need to protect sources and prevent critical information from "drying up," courts traditionally afford a broad construction to Exemption 7(D).  Shaw v. FBI, 749 F.2d 58, 61 (D.C. Cir. 1984).  The danger of retaliation against confidential sources, physical and otherwise, is a factor to be

---

F.3d 462, 466 (D.C. Cir. 2001).  Accordingly, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  Montana v. United States, 440 U.S. 147, 153 (1979).  In this case, the issue of the adequacy of ATF's search for the records associated with its investigation of plaintiff was ultimately determined in ATF's favor in Civil Action No. 99-2712 (JR).  Unless reversed on that issue on the pending appeal, No. 05-5142, in the D.C. Circuit, plaintiff will not be able to challenge the adequacy of the search for records here because the re-processing of the same records for information associated with the ten Privacy Act waivers could only result in a subset of the documents being released.

[3]  The exhibits to plaintiff's amended complaint in Civil Action No. 99-2712 (JR) demonstrate that plaintiff's criminal defense counsel was provided a copy of the May 13, 1997 tape on November 10, 1997.  See Am. Compl. in Civil Action No. 99-2712, at Exhibit B, a copy of which is attached hereto as Exhibit 2.

considered.  See Ortiz v. HHS, 70 F.3d 729, 732 (2d Cir. 1995).  Exemption 7(D) protects all information which would tend to reveal the confidential source's identity, including the time and place of events or meetings and information provided by the confidential source which could allow his or her identity to be deduced.  Ibarra-Cortez v. Drug Enforcement Admin., 36 Fed. Appx. 598, 598 (9th Cir. 2002); Accuracy in Media v. FBI, No. 97-2107, slip op. at 5 (D.D.C. Mar. 31, 1999) (attached as Exhibit 3).  The contents and timing of a telephone conversation pose a genuine risk of exposing the identity of this confidential informant.  Id.  Accordingly, the Court should approve the withholding of the tape because revealing any additional information beyond the date of the conversation would vitiate the protection afforded by Exemption 7(D).

On the other hand, ATF's techniques and methods of obtaining a recording of this particular conversation is protected by Exemption 7(E).  Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions.  Smith v. Bureau of Alcohol, Tobacco & Firearms, 977 F.Supp. 496, 501 (D.D.C. 1997), citing Fisher v. United States Dep't of Justice, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992).  While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness.  See, e.g., Coleman v. FBI, 13 F.Supp.2d 75, 83 (D.D.C. 1998) (applying 7(E) to behavioral science analysis and details of polygraph examination); Butler v. Treasury, 1997 WL 138720 at *4 (D.D.C. 1997) (applying 7(E) to types of monitoring and type of equipment used in surveillance); Perrone v. FBI, 908 F.Supp. 24, 28 (D.D.C. 1995) (applying 7(E) to type of polygraph test, type of machine used, polygraph questions and sequence).

Plaintiff notes that defendant has not provided a <u>Vaughn</u> index for File 05-336.  Pl.'s Opp. at 16.  ATF is providing one herewith.  <u>See</u> 2d Chisholm Dec. ¶ 17 & embedded <u>Vaughn</u> index for File 05-336.  The information provided contains sufficient information about the documents and the exemptions claimed to permit review by this Court.

With respect to documents which have been re-processed for release to plaintiff based on the Privacy Act waivers he supplied, plaintiff complains about the quality and completeness of the copies he received.  Pl.'s Opp. at 22-23.  As an initial matter, it should be obvious that only pages on which information relating to the third parties for whom plaintiff supplied Privacy Act waivers contain information responsive to his FOIA request in this case.  Thus, it is clear that plaintiff is not entitled to have his entire file re-released.  In any event, based on his opposition to defendant's motion for summary judgment, ATF recently supplied plaintiff with better quality copies of the documents it previously released with the names of people who submitted Privacy Act waivers uncovered.  <u>See</u> 2d Chisholm Dec. ¶ 10.  Plaintiff's request that the remainder of his entire criminal case file (<u>i.e.</u>, those pages on which the names of none of those ten people appear) be re-processed for release in the identical manner as before should be denied because plaintiff has already received those pages through his earlier FOIA request.  As such, plaintiff's opposition boils down to his speculation that the ATF made mistakes when it re-processed his files and that more information related to the ten individuals for whom Privacy Act waivers have been supplied may exist.  Notably, plaintiff fails to point to a single instance where he has any reason to believe that such a mistake was made.  His mere speculation that additional information in the files relates to one or more of those ten people is an insufficient basis on which to deny summary judgment.  That he admits that ATF has released information as a result of his

- 5 -

provision of ten Privacy Act waivers is evidence of its good faith.  Cf. Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (agency affidavits are ordinarily accorded a presumption of good faith in FOIA cases which cannot be rebutted by purely speculative claims).

Plaintiff generally challenges ATF's withholdings under Exemptions 3, 7(C), 7(D), and 7(F).  See Pl.'s Opp. at 17-22.  Similarly, plaintiff's theory that two particular documents have further non-exempt material which may be released is based on nothing more than his own speculation which is insufficient to create a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (at summary judgment, once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial).  The record reflects both that ATF carefully reviewed each document and segregated all non-exempt information for release and that the grounds for the exemptions relied upon are sound.[4]  Many of the documents attached to plaintiff's opposition brief, which are samples of that processing, confirm that care was taken and the Court should accord the agency's declarations a presumption of good faith because plaintiff fails to demonstrate any reason not to treat them that way.

Although plaintiff largely fails to identify any issue with regard to the ATF's search for information to his FOIA request, he requests appointment of counsel to undertake discovery on the adequacy of the search.  That request, which is not the subject of a separate motion, should be

---

[4] Indeed, because the effect of the Privacy Act waivers supplied by plaintiff would lead only to the removal of exemption claims and the exemptions were all previously approved by the Court in Civil Action No. 99-2712 (JR), most of the issues in this regard will become subject to issue preclusion when the decision in Civil Action No. 99-2712 (JR) becomes final.  See supra, footnote 2.

denied for several reasons.  First, plaintiff's request is grounded in the notion the misguided

notion that ATF has admitted that did not search DF-58822.  See Pl.'s Opp. at 24.  Indeed, ATF

has no difficulty locating file DF-58822, it reasonably declined to process it as being entirely

duplicative of the contents of the casefiles because, as explained above, file DF-58822 was

created by the Office of the Chief Counsel.  Consequently, the "admission" upon which plaintiff

requests counsel is non-existent.  Second, although appointment of counsel lies in the sound

discretion of the Court, plaintiff has not shown that he satisfies the factors generally used to

guide that discretion, other than financial need which the Court examined when it granted his

petition to file this action *in forma pauperis*.  See Local Civil Rule 83.11(b)(3); see also Willis v.

Federal Bureau of Investigation, 274 F.3d 531 (D.C. Cir. 2001) (analyzing and comparing the

factors for appointment of counsel in a FOIA case with those for appointment of counsel in cases

brought under Title VII as set out in Poindexter v. FBI, 737 F.2d 1173 (D.C. Cir. 1984)).

Moreover, the absence of any need for discovery in this case is apparent from the fact that ATF

did not need to perform a new search for plaintiff's criminal case files when it received the FOIA

request which is the subject of this case because it has assembled them in the course of Civil

Action No. 99-2712 (JR), where counsel was appointed after ATF discovered additional

documents.

       Finally, plaintiff's request for the Court to appoint special counsel at the conclusion of the

case pursuant to 5 U.S.C. § 552(a)(4)(F) to determine whether individual employees arbitrarily or

capriciously withheld information is premature and unfounded.  The record in this case reflects

ATF's detailed response to plaintiff's FOIA request.  All reasonably segregable information has

been released to plaintiff, in some cases more than once.  Consequently, there has been no

improper withholding and there is no basis on which to inquire further into ATF's responses to plaintiff's FOIA request.

## <u>Conclusion</u>

Because ATF has shown that it conducted a reasonable search for information about responsive to his requests and that it properly applied the FOIA applicable exemptions, and that ATF has released all reasonably segregable information, the Court should grant its motion.

Dated: February 13, 2006.

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 13th day of February, 2006, I placed a copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246


/s/_____
Jane M. Lyons
Assistant United States Attorney