UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Willie Boyd, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Bureau of Alcohol, Tobacco, )<br>Firearms and Explosives )<br>)<br>Defendants )<br>) | Case No. 1:05CV01096 RU |

SECOND DECLARATION OF PETER J. CHISHOLM,
ACTING CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS AND EXPLOSIVES

I, Peter J. Chisholm, do hereby depose and say:

1. I am the Acting Chief, Disclosure Division, Bureau of Alcohol, Tobacco Firearms and Explosives (ATF), Department of Justice. In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all ATF

-2-

documents referred to ATF and other agencies, and recording all administrative appeals filed with ATF. Prior to being assigned as the Acting Chief on an emergency basis on November 21, 2005, my position was Senior Disclosure Specialist.

2. I am executing this declaration in connection with ATF's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment dated November 21, 2005 (hereinafter "Plaintiff's Response.") Specifically, this declaration will address Plaintiff's contentions with respect to ATF Disclosure File Nos. 00-311, 00-1470, 00-1670, 02-1078, 04-1132, 04-1155, 05-336, and 05-352 as they relate to his request for Confidential Informant policies and procedures, and the re-release of documents from his ATF criminal investigative file based on ten Privacy Act Waivers submitted by Plaintiff after the initial release.

### Confidential Informant Policies and Procedures

3. Plaintiff made a FOIA request on December 6, 2004 for "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants," hereinafter referred as ATF Disclosure No. 05-352. By letter dated January 7, 2005, ATF provided to Plaintiff segregable portions of the ATF Confidential Informant

Agreement and supporting instruction documents, e.g., a sample memorandum requesting the registration of an informant. Six pages were released, with redactions made pursuant to FOIA exemption (b)(7)(C).

4. Plaintiff subsequently appealed ATF's decision. By letter dated August 1, 2005, the Department of Justice's Office of Information and Privacy (OIP) released to Plaintiff sixteen pages from the ATF Order dealing with confidential informants with redactions made pursuant to FOIA exemptions (b)(2) and (b)(7)(E). OIP otherwise upheld ATF's decision regarding its January 7, 2005 release to Plaintiff. In addition, ATF made a subsequent release, without redaction, of the Attorney General's Guidelines Regarding the Use of Confidential Informants (May 30, 2002) on August 9, 2005.

5. Plaintiff makes several objections regarding these releases. See Plaintiff's Response at 10-12. First, Plaintiff objects to redactions made to the Confidential Informant Agreement. The only redactions were names used in the agreement as a sample informant and sample special agents. The model agreement uses actual names rather than obviously fictitious names such as "John Q. Public." As such, even though the names are intended to have the same effect as "John Q. Public," they were properly redacted

under Exemption (b)(7)(C) because they are actual names of persons which appear in law enforcement records.

6. Plaintiff also objects to the fact that the release had the word "FOIA" written across the face of each page. See Plaintiff's Response at 10-11. It is longstanding ATF policy to mark these types of releases so that they cannot be used to create bogus ATF Confidential Informant Agreements. Moreover, the marks do not in any way affect the legibility of the document

7. Plaintiff further maintains that ATF's search for confidential informant policies and procedures is inadequate because he was not provided with all of the pages from ATF Orders 3210.7B and 3250.1A. See Plaintiff's Response at 10-12. Upon further examination, it is apparent that ATF Order 3210.7B has been rendered obsolete by ATF Order 3250.1A. As such, ATF again reviewed ATF Order 3250.1A and made a new release to Plaintiff on January 26, 2006, of the segregable portions of the thirty-eight page Order. A Vaughn Index regarding that release is attached hereto.

### Re-release of Investigative File Based on Subsequently Received Privacy Act Waivers

8. By letter dated December 1, 2004, Plaintiff requested additional information, which had been redacted

from releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) from ATF's criminal investigative file on him. In connection with this request, Plaintiff submitted ten waivers in which the named individuals waived any privacy interests in ATF's criminal investigative file on Plaintiff.

9. By letter dated March 22, 2005, ATF forwarded Plaintiff 12 documents from Disclosure File 00-311, under a newly allocated file number of Disclosure File 05-336, with redactions made pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E). Although that letter informed Plaintiff that ATF had not yet completed its re-review of Disclosure Files 00-1670 and 02-1078 and that his right of appeal would not be prejudiced by waiting for ATF to make a release of Disclosure Files 00-1670 and 02-1078 without prejudice, Plaintiff appealed to OIP on March 30, 2005 challenging both the exemptions asserted in ATF's March 22, 2005 release as well as the non-release of documents from the other ATF Disclosure Files.

10. By letter dated July 12, 2005, OIP informed Mr. Boyd that his appeal was being closed based on the filing of the instant action. In the meantime, ATF continued to process Disclosure Files 00-1670 and 02-1078 and subsequently released an additional fifty-one (51) pages to

plaintiff by letter dated September 15, 2005, with redactions made pursuant to (b)(5). All of these documents were previously released to plaintiff with the names and identifying information of third parties withheld pursuant to exemption (b)(7)(C). In connection with this current request, plaintiff submitted Privacy Act waivers from these people. As such, these documents were re-released to plaintiff: this time with the previously redacted names and identifying information of the people who executed waivers included. Plaintiff has suggested that the documents that were re-released to him were not the best possible copies available. A better quality copy of the documents have been made, and were released to Plaintiff on January 26, 2006.

11. As noted on page 16 of Plaintiff's Response, ATF did not provide a <u>Vaughn</u> Index with respect to the September 15, 2005 release. Although that was not done because this was an initial release, a <u>Vaughn</u> Index regarding that release is attached hereto.

12. Plaintiff suggests that, because he requested records relating to himself and submitted 10 Privacy Act records, his entire investigative file should be released to him without redaction. <u>See</u> Plaintiff's Response at 13-14. However, as indicated in previous ATF Declarations and

Vaughn Indexes, redactions were made pursuant to Exemptions (b)(7)(C), (b)(7)(D), (b)(7)(E) and (b)(7)(F), all of which were discussed at length in previous ATF Declarations in this and the previous action.

13. In the interests of brevity, I will just briefly reiterate why these exemptions continue to apply. Exemption (b)(7)(C) was used to protect the names of law enforcement officers and agents, and any third parties who did not submit Privacy Act waivers, along with their identifying information. Exemption (b)(7)(D) continues to be applicable to one audio-taped conversation for which the Privacy Act waivers submitted by plaintiff are applicable. Exemption (b)(7)(E) of the FOIA was asserted to protect from disclosure information regarding various methods of protecting threatened witnesses. Exemption (b)(7)(F) was used to protect the names of third parties who did not submit Privacy Act waivers to protect their physical safety.

14. Plaintiff also maintains that ATF's search was inadequate because it did not include documents from "ATF Case File DF-58822." See Plaintiff's Response at 14. That file was generated by ATF's Office of Chief Counsel in connection with Plaintiff's initial FOIA request and first litigation. I have been informed that this file does not

contain any additional responsive documents that have not been previously processed in connection with either Plaintiff's first litigation or this action.

15. Plaintiff further takes issue with two audio-taped conversations, one from May 13, 1997 and one from September 27, 1997. See Plaintiff's Response at 14-15. Although ATF has already released to Plaintiff the full transcript of the May 13, 1997 tape conversation, ATF released an audiotape copy to Plaintiff on January 26, 2006. There were digital redactions made of some voices from whom Plaintiff did not submit Privacy Act waivers pursuant to Exemption (b)(7)(C). As such, ATF has now provided Plaintiff with a copy of the audio-tape and a copy of a transcript of that tape.

16. Regarding the September 27, 1997 tape conversation, the Privacy Act waivers submitted by Plaintiff not do affect ATF' prior decision to withhold the entire conversation under Exemptions (b)(7)(D) and (b)(7)(E). This audio-tape was made with the consent of one of the parties to the conversation who was a confidential informant with an express promise of confidentiality. Plaintiff was not a participant in the conversation. Exemption (b)(7)(E) was asserted to protect from disclosure information regarding evidence collection techniques.

17. Regarding Plaintiff's contention that he did not receive a complete Vaughn Index for ATF Disclosure File No. 05-336, see Plaintiff's Response at 16, an additional Vaughn Index is attached hereto.

**ATF's Use of Exemptions (b)(7)(C) and (b)(7)(D)**

18. Plaintiff contends that there is a contradiction between ATF's previous Vaughn Index and the Declaration of Averill P. Graham because one states that a total of 69 pages were withheld in their entirety and the other states that three documents were so withheld. See Plaintiff's Response at 17-19. In fact, no contradiction exists. There were three documents withheld in their entirety: document 16 (consisting of 63 pages); document 28 (consisting of two pages); and document 38 (consisting of four pages). In total, the three documents consist of sixty-nine pages. The Vaughn Index and the Declaration merely said the same thing, in slightly different ways.

19. Plaintiff also contends that Exemption (b)(7)(D) should not apply in this case because one ATF Declaration, executed more than six years, states that ATF was relying on an implied assurance of confidentiality in withholding information regarding a confidential informant, and another Declaration, executed more than 5 ½ years ago, states that ATF was relying on an express assurance of confidentiality

in withholding information regarding a confidential informant. See Plaintiff's Response at 20-22.

20. ATF properly withheld information pursuant to Exemption (b)(7)(D) regardless of whether there was an implied or express promise of confidentiality. I have been informed that by the ATF Special Agent assigned to ATF's investigation of the Plaintiff that ATF had an implied assurance of confidentiality with a witness whom another Federal law enforcement agency had registered as a confidential informant. As noted, in any event, ATF believes that the witness is entitled to the protection afforded by Exemption (b)(7)(D).

### Adequacy of the Search

21. I have caused yet another comprehensive search of Plaintiff's investigative file and other documents responsive to Plaintiff's request and have been advised that ATF has conducted a search of all locations likely to contain responsive documents using methods reasonably expected to uncover all relevant documents.

### Segregability

22. Plaintiff maintains that ATF's previous Vaughn Indexes do not adequately address the segregability of ATF's withholding in full of document 28 (a confidential

witness statement) and document 38 (handwritten notes regarding a confidential source). <u>See</u> Plaintiff's Response at 20-23. The Disclosure Division has again reviewed each page of the previous releases made to Plaintiff to ensure that no additional information, other than that discussed above, could be released. There is no additional non-exempt information that could be released to the Plaintiff.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
***ATF DISCLOSURE FILE # 05-336***

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 13 | Plaintiff's Arrest Report | (b)(2) <br> (b)(7)(C) | Names and identifying State law enforcement officers; internal law enforcement codes |
| 14 | ATF Memo to FINCEN | (b)(5) <br> (b)(7)(C) | Names of Federal law enforcement officers and third parties, internal discussion about 3rd party investigative information (1 sentence) |
| 15 | Plaintiff's Arrest Report | (b)(2) <br> (b)(7)(C) | Names and identifying info. State law enforcement officers; internal law enforcement codes |
| 16 | Grand Jury Transcript (63 pages) | Federal Rule of Criminal Procedure 6e | All |
| 17 | ATF Phone Message | (b)(7)(C) | Identifying information of third party |
| 18-27 | Transcript of Conversation | (b)(7)(C) <br> (b)(7)(D) <br> (b)(7)(F) | Names and identifying information of Federal and State law enforcement officers and third parties. |
| 28 | Confidential Witness Statement (2 pages) | (b)(7)(C) <br> (b)(7)(D) <br> (b)(7)(F) | All |
| 29-30 | State Search Warrant Affidavit | (b)(7)(C) | Names and identifying information of State law enforcement officers and third parties |
| 31 | ATF Report of Investigation | (b)(7)(C) <br> (b)(7)(D) <br> (b)(7)(E) | Names and identifying information of Federal law enforcement officers and confidential informants, and investigative techniques |
| 32 | ATF Disclosure Sheet | NA | NA |
| 33 | ATF Investigative Notes | (b)(7)(C) | Names and identifying information of State law enforcement officers and third parties |
| 34 | Apartment Application | (b)(7)(C) | Names and identifying information of State law enforcement officers and third parties |

#05-336                                                                                    Page 2

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 35-36 | Law Enforcement Database Printouts | (b)(2) (b)(7)(C) | Internal police administrative codes, names of Federal and State law enforcement personnel |
| 37 | ATF Investigative Notes | (b)(7)(C) | Names and identifying information of third parties |
| 38 | Handwritten Notes Relating to Confidential Source (4 pages) | (b)(7)(C) (b)(7)(D) (b)(7)(F) | All |
| 39-42 | ATF Investigative Notes | (b)(7)(C) | Names and identifying information of third parties Federal law enforcement officers |
| 43-46 | Law Enforcement Database Printouts | (b)(2) (b)(7)(C) | Internal police administrative codes, names of State law enforcement personnel |
| 47 | Photograph of Female | NA | NA |
| 48-49 | St. Louis City Records | (b)(2) (b)(5) | Internal administrative codes, intra-agency notes |
| 50-51 | Currency Transaction Records | (b)(2) (b)(7)(C) | Internal administrative codes, names and identifying information of third parties |
| 52 | Employment History | (b)(2) (b)(7)(C) | Internal administrative codes, names and identifying information of third parties |
| 53 | ATF Disclosure Sheet | NA | NA |
| 54-62 | Law Enforcement Database Printouts | (b)(2) (b)(7)(C) | Internal police administrative codes, names of Federal and State law enforcement personnel and third parties |
| 63-64 | ATF Report of Investigation | (b)(7)(C) | Names and identifying information of Federal law enforcement officers |
| 65 | St. Louis City Records | (b)(2) | Internal administrative codes |
| 66 | Plaintiff's Arrest Report | (b)(2) (b)(7)(C) | Names and identifying info. of State law enforcement officers |

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
ATF DISCLOSURE FILE # 06____**

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 8 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Administrative information and techniques involving the protection of informants/cooperating witnesses and agent conduct |
| 9 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Internal LE Informant Code |
| 10 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Internal LE Informant Codes |
| 15 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Administrative information and techniques involving the protection of informants/cooperating witnesses and agent conduct |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of January 2006.

_____
Peter J. Chisholm
Acting Chief, Disclosure Division