## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

WILLIE BOYD                          )
# 18498-044                          )
P.O. Box 5000, 3-A                   )
Greenville, Il. 62246                )
                                     )
        Plaintiff, pro-se,           )
                                     )
v.                                   )
                                     )
UNITED STATES MARSHALS SERVICE)
600 Army Navy Drive                  )
Arlington, Virginia 22202-4210)      Case No: _99-2712_
        and                          )
BUREAU OF ALCOHOL, TABACCO           )
and FIREARMS, Department of          )
the TREASURY,                        )
Washington, D.C. 20226               )
        and                          )
Federal BUREAU OF PRISONS            )        FREEDOM OF INFORMATION ACT SUIT
320 First Street, N.W.               )
Washington, D.C. 20534               )
        and                          )        FILED
                                     )
ATTORNEYS, UNITED STATES             )        NOV 0 2 1999
DEPARTMENT OF JUSTICE                )
Washington, D.C. 20530,              )        NANCY MAYER WHITTINGTON, CLERK
                                     )        U.S. DISTRICT COURT
        Defendants.                  )

---

## AMENDED COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF PRE-
## TAINING TO THE RECORDS OF
## WILLIE BOYD

**COMES NOW,** Plaintiff, Willie Boyd, pro-se and as for his **AMENDED COMPLAINT** against the above named defendants hereby claims and alleges the following;

   1.   Plaintiff, WILLIE BOYD, is a United States Citizen of

Illinois and a proper party of this action.

   2.   Defendants, United States Marshals Service, Bureau Of

Alcohol, Tabacco & Firearms, Federal Bureau of Prisons and the

Executive Office for United States Attorneys are "agencies"

governed by the Freedom of Information Act.

(1)

3.  This Court has Jurisdiction and Venue to entertain this under 5 U.S.C. § 552 the Freedom of Information Act.

## COUNT-1

1.  By letter dated December 12, 1998, Plaintiff, requested information from the United States Marshals Service ( Hereinafter "Marshals" ) in any way connected to his name.

2.  By letter dated January 11, 1999, the Marshals advised Plaintiff that they had started a search for documents and that Plaintiff would be notified when the search was completed.

3.  By letter dated February 18, 1999, the Marshals advised Plaintiff, that his request is being denied pursuant to exemption (b)(7)(A), denying Plaintiff's request because,  " could reasonably be expected to interfere with enforcement proceedings."

the decision by the Marshals to the Office of Information and Privacy, challenging the blanket denial by using (b)(7)(A).

5.  By letter dated March 2, 1999 the Office of Information and Privacy, advised Plaintiff, that there would be a delay because of a substantial backlog.

6.  Plaintiff has not heard from the Office of Information and Privacy, since March 2, 1999, until September 20, 1999, after Plaintiff, had filed a Freedom of Information Act Suit against the Marshals, on September 7, 1999, for gross violations of the statutory time limits of the FOIA.

7. By letter Sptember 27, 1999, the Marshals sent Plaintiff, a package expressing that the release of documents was not a full access to the records for which I was seeking.  Plaintiff,

(2)

advised his United Counselor Ms. Z. Bell, to send the package back to the Marshals because Plaintiff, felt the Marshals were acting in bad faith being that the exemption no longer applied and wanted to only send limit materials after concedeing that they had no right to withhold the records. After Plaintiff, filed suit for the documents the Marshals want to impede the process by giving up only limited access

8.  Plaintiff, restates for the record, he has no cash or real property for which forfeiture proceedings would be inter-fered with, so there is no justification to withhold the requested documents for those reasons.

9. Being that the Marshals has conceded that exemption (b)(7)(A), does no longer apply and the Marshals are in violation of statutory time limits of the FOIA. all the records should be Vaughn itemized and the indexing, and the Court should make sure the Marshals are acting in good faith toward the Plaintiff.

10.  Plaintiff, has a complelling and urgent need to obtain the records.

11.  Defendant is in violation of FOIA, by not releasing the files requested, the is no legal justification for the delay.

### COUNT-2

1.  By letter dated December 12, 1998, to Defendant Bureau of Alcohol & Firearms ( Hereinafter "ATF" ) Plaintiff requested all information in connection to his name.

2.  By letter dated February 4, 1999, advised Plaintiff that his case was being denied under (b)(7)(A), " as release of this information could interfere with law enforment proceedings,

(3)

also that Plaintiff case was still under apeal and that forfei-
ture proceedings are still ongoing.

3. By letter dated February 16, 1999, Plaintiff appealed
the blanket denial of ATF, flat denial of all records pretain-
ing to Plaintiff by using (b)(7)(A).

4. By letter dated February 24, 1999, the Office of Infor-
mation and Privacy, advised Plaintiff that his appeal was receiv-
ed and to expect a reply within 20 working days from the date
it was received.

5. By letter dated April 16, 1999, the Office of Informa-
tion and Privacy, advised Plaintiff that his request would be
denied using (b)(7)(A) and citied several legal reasons.

6. Plaintiff has no cash or real property for which forfei-
ification to withhold the requested documents for those reasons.

7. Plaintiff has a compelling and urgent need to obtain
the records.

8. Defendant is in violation of FOIA., by not releasing
files requested, there is no legal justification for the delay.

### COUNT-3

1. By letter dated December 12, 1998, Plaintiff, requested
information from the Federal Bureau of Prisons ( Hereinafter
"BOP" in any way connected to his name.

2. By letter dated January 29, 1999, the BOP, advised
Plaintiff, that 16-pages of material are being released VIA
the institutional file. They BOP, advised Plaintiff, that
certain records are being withheld under the exemptions (b)(3),

(4)

(b)(6), (b)(7)(A) and (b)(7)(C) which was 63-pages of material.

3. By letter Feb. 10, 1999, Plaintiff appealed the decision by the BOP, to the Office of Information and Privacy, challenging the withholding of the 63-pages of material. Plus Plaintiff expressed in the letter he had not received the 16-pages.

4. By letter Feb. 16, 1999, Plaintiff, appealed again the decision by the BOP, to the Office of Information and Privacy, the withholding of the 63-pages, after receiving the released 16-pages.

5. By letter Feb. 26, 1999 the Office of Information and Privacy, advised Plaintiff, that there would be a delay because of the substantial backlog and was given an appeal number.

6. By letter March 1, 1999, the Office of Information and Privacy, advised Plaintiff that there would be a delay, because of the substantial backlog and was given a different number.

7. By letter April 14, 1999, the Office of Information and Privacy, advised Plaintiff that there was some confusion about the appeal numbers and he appeal was being processed.

8. By letter July 13, 1999, the Office of Information and Privacy, advised Plaintiff, that he was receiving 20-pages, from the 63-pages being withheld and another 11-pages were being sent to the Executive Office for U.S. Attorneys, because they were generated from their offices. The Office of Information and Privacy, using exemptions (b)(3)(5) and (b)(7(C) and by stature Title iii of the Omnibus Crime Control and Safe Street Act 18 U.S.C. § 2217, also in this this package was a memo:

> "On May 15, 1997, a subpoena was issued by United states District Courts for Eastern Missouri. This subpoena was for copy(s) of telephone conversations which were taped in the course of telephone monitoring

at FCI Greenville.  Enclosed in this file are all
copies of documentation regarding this subpoena.
Also enclosed are all evidence handling materials
pertinent to relinquished copies of said calls.
Master Dictaphone tapes will not be held as evi-
dence by this office, as directed by the Assistant
U.S. Attorney Gary Gaertner, Jr."

9.  By letter July 18, 1999 the denial for the withheld

documents was appealed by Plaintiff, stating that in this memo

it appears that Assistant U.S. Attorney Gary Gaertner, JR. was

Obstructing Justice, when he directed the BOP, not to hold the

Master Dictaphone tapes as evidence, when he only displayed

1-tape in discovery at the Court proceedings of Plaintiff at

a Evidentiary Hearing as evidence.  If in fact there was more

than 1-tape released to Assistant U.S. Attorney Gary Gaertner,

under subpoena this information should be given to Plaintiff.

1997, subpoena, dealing with AUSA. Gary Gaertner's, direction

to the BOP, should be given to Plaintiff. See: Exhibit-A ( A

letter from the Office of Information and Privacy, with Memo,

this Memo is on page-8, of the documents, marked at bottom

of page.

10.  By letter dated August 4, 1999, the Executive Office

for U.S. Attorneys, some records were released to Plaintiff,

in the letter the EOUSA, said they had reviewed 11-pages, 4

are being released in full, 5 released in part, and 2 denied.

11.  By  letter dated August 12, 1999, Plaintiff, appealed

this flat denial, to the EOUSA.

12.  The OIP, as of July 13, 1999, has not responded to

to Plaintiffs appeals.

(6)

13. Plaintiff, has a compelling and urgent need to obtain the records.

14. Defendant is in violation of FOIA, by not releasing files requested, there is no legal justification for the delay. If it serves the public good to release any and all material involved in the misconduct of a public office, its the duty for this agencie to do so.

### COUNT-4

1. By letter dated Feb. 14, 1999, Plaintiff, requested information from the Executive Office for United States Attorneys ( Hereinafter "EOUSA" ) in any way connected to his name.

2. By letter March 2, 1999, the EOUSA, advised Plaintiff that they needed a proof of identity and they wanted Plaintiff

3. By letter March 9, 1999, Plaintiff, sent EOUSA, a certificate of identity and the location where the records where being kept.

4. By letter April 5, 1999, the EOUSA, advised Plaintiff that is request was being denied using (b)(7)(A) and (j)(2) and Plaintiff was notified this was a full denial.

5. By letter April 12, 1999, Plaintiff, appealed the denial to the Office of Information and Privacy, challenging (b)(7)(A) and (j)(2) and the full denial.

6. By letter May 4, 1999, the EOUSA, advised Plaintiff, they had received his appeal and had assigned him a number.

7. By letter July 12, 1999, Plaintiff, again moved for more detailed documents from the EOUSA, requesting the records

(7)

of government informant Byrant Troupe.

8.  By letter July 22, 1999, Plaintiff, again moved for more detailed documents from the EOUSA, requesting the Jencks and/or Brady material, thats in his case files pretaining to case U.S. v. Boyd, 4:97CR301(SNL).

9.  By letter August 3, 1999, the EOUSA, advised Plaintiff to make a more detailed request because time constrains and that fees up to $ 25.00 dollars would be charged for records.

10.  By letter August 4, 1999, the EOUSA, advised Plaintiff that he had requested records pertaining to a third party, and those records cannot be released absent express authorization and consent of third party or proof subject was deceased.

11.  By letter August 10, 1999, Plaintiff, appealed to the Office of Information and Privacy, the withholding of the records pertaining to Byrant Troupe, because of his clear waivers to any privacy rights.  See: ( Exhibit-B, **Government Informant Byrant Troupe's, admitted involvement in selling drugs for over 6-years while acting as an informant for law enforcement. )**

12.  By letter August 12, 1999, Plaintiff, sent EOUSA, a copy of the letter of August 10, 1999, that Plaintiff had sent to OIP, pertaining to Byrant Troupe, giving them and opportunity to respond. See; ( **EXHIBIT-C** )

13.  By letter August 12, 1999, Plaintiff, sent EOUSA, a detailed request for his Jencks and/or Brady material. See: **( Exhibit-D, By the Government Attorney agreeing to exchange Jencks discovery material with trial Counselor, before trial if infact the Counselor would do likewise, and the records**

**show that the trial fullfilled his part of the obligation**
**the records should have been released to Plaintiff. )**

14.  By letter September 1, 1999, Plaintiff, notified the OIP, that he had sent EOUSA, detailed request for records on Byrant Troupe and the request for Jencks and/or Brady material.

15.  As of August 4, 1999, Plaintiff, has not heard from EOUSA, concerning the requested records.

16.  Since May 4, 1999, the Office of Information and Privacy has not responded to Plaintiffs request the the records.

17.  Plaintiff has a compelling and urgent need to obtain the records.

18.  Defendant is in gross violation of FOIA., by not releasing files requested, there is no legal justification

## GENERAL CLAIMS

Plaintiff has fully exhausted all adminstrative remedies as to each of the above Counts 1-4.

**WHEREFORE,** Plaintiff prays for the ollowing relief:

1.  Declaratory relief in that defendants, each of them be declared in violation of the FOIA;

2.  Injunctive relief in that Defendants, each of them, be ordered to provide Plaintiff access to the requested records;

3.  That these proceedings be expedited according to FOIA law;

4.  That santions be imposed against those found to knowingly and willingly deprived Plaintiff of his access due;

5.  That each agency be ordered to provide a full Vaughn itemization and indexing with justification by sworn affidavit

for records yet to be withheld;

    6.  Any further relief this Court deems just and proper.

    7.  Grant Plaintiff attorney fees/research/clerical fees he incurred.

Respectfully Submitted this
October 6th 1999,

By _____

Willie Boyd
# 18498-044
P.O. Box 5000, 3-A
Greenville, Il.
        62246

STATE OF ILLINOIS)
                 )
COUNTY OF BOND   )                    SS:    A F F I D A V I T


    I, Willie Boyd, after having been duly sworn and under oath hereby states that the above complaint is true and correct both in substance and in fact.

    Further affiant sayst naught.

Executed this _6TH_ day of OCTOBER, 1999, by _Willie Boyd_

( 28 U.S.C. § 1746

                                 Willie Boyd
                                 # 18498-044
                                 P.O. Box 5000, 3-A
                                 Greenville, Il.
                                      62246

# EXHIBIT-A

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


                                        JUL 1 3 1999

Mr. Willie J. Boyd
Register No. 18498-044
Federal Correctional Institution
Post Office Box 5000                Re:  Appeal No. 99-1559
Greenville, IL  62246                    RLH:CSH:FPM

Dear Mr. Boyd:

     You appealed from the action of the North Central Regional
Office of the Bureau of Prisons on your request for access to
records pertaining to yourself.

     As a result of discussions between BOP personnel and a
member of my staff, a supplemental release of twenty pages is
enclosed.  In light of this fact and after careful consideration
of your appeal, I have otherwise decided to affirm the action in
this case.  The records responsive to your request are exempt
from the access provision of the Privacy Act of 1974 pursuant to
5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97 (1998).  Accord-

-reedom of Information Act.  Certain information has been
withheld from you pursuant to 5 U.S.C. § 552(b)(3), (5), and
(7)(C).  These provisions pertain to material exempted from
release by statute (in this instance, Title III of the Omnibus
Crime Control and Safe Streets Act, 18 U.S.C. § 2517, which
limits the use and disclosure of information obtained from any
interception of wire communications), to certain inter- and
intra-agency communications protected by the deliberative process
privilege and the attorney work-product privilege, and to records
or information compiled for law enforcement purposes, the release
of which could reasonably be expected to constitute an unwar-
anted invasion of the personal privacy of third parties.  This
material is not appropriate for discretionary release.

     Furthermore, the eleven pages withheld from you by the BOP
originated with the United States Attorney's Office.  In accord-
ance with departmental regulations, 28 C.F.R. § 16.4(c)(1998),
these records have been referred to the Executive Office for
United States Attorneys for review and direct response to you.
Therefore, please direct any further inquiries concerning these
documents to:

                    Mr. Douglas Frazier
                    Acting Assistant Director
                    Executive Office for U.S. Attorneys
                    Freedom of Information/Privacy Act Unit
                    600 E Street NW., Room 7100
                    Washington, D.C. 20530-0001

-2-

Your request for itemization of the material withheld, with a justification in each instance, is denied.  In my opinion, such a listing is not required and would be unreasonably burdensome for this Department to compile at the administrative stage of processing FOIA requests and appeals.

Judicial review of my action on this appeal is available to you in the United States District Court for the judicial district in which you reside, or in the District of Columbia, or in the District of Kansas, which is where the records you seek are located.

Sincerely,

Richard L. Huff
Co-Director

Enclosure

3

P.S. 1380.05
August 1, 1995
Attachment I, Page 1

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

### Receipt for Property Received/Returned/Released/Seized

On (date) _August 28, 1997_____    Item(s) listed below were:

```
_____   Received From
_____   Returned To
  XX     Released To
_____   Seized
```

**b7C**

(Name) ████████ Special Agent / A.T.F.

(Street Address) MCI Building  100 S. Fourth Street, Suite 750

(City) ST. Louis, MO. 63102

### Description of Item(s):

████████ L2/T.H.III

Received by ████████  Received From: _M._____
**b7C**                                      (Signature)

7089-1                                                        3

P.S. 1380.05
August 1, 1995
Attachment G, Page 1

### CHAIN OF CUSTODY LOG
#### (Enclose with/attach to evidence)

CASE ID NUMBER: _7089_    SUSPECT (If known) _Boyd, #18498-044_

DESCRIPTION OF ITEM: _Cassette Audio Tape_

DATE/TIME ITEM FOUND: ████████████████████████  **63/Title III**

LOCATION: _SIS office_

SIGNATURE OF PERSON RECOVERING EVIDENCE: _Z Tw. McKn_

PRINTED NAME: _Timothy W. McKnight_

EVIDENCE PLACED IN EVIDENCE LOCKER BY: _M. M__

DATE/TIME PLACED IN EVIDENCE LOCKER: _8/21/97   1545 Hrs._

DISPOSITION:

[X] Hold as evidence    / / Return to owner    / / Lab Analysis
[ ] Return to finder    / / Destroy immediately    / / FBI
[ ] Other

---

#### CHAIN OF CUSTODY

| Evidence Released To | Date/Time | Destination | Released By |
|---|---|---|---|
| M. M___ | 8/21/97 1540 | SIS Locker | T. W. McK |
| ████████ **b7C** | 8/28/97 1515 | St. Louis, Mo. | M. M__ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**SIS EVIDENCE COVERY LOG**

LOCATION: Gre S/S

DATE: 8/21/97

CASE I.D.:

PREPARER/ASSISTANTS: 7089

STAFF: McKnight

| ITEM # | ECN | DESCRIPTION | WHERE FOUND | RECOVERE | PHOTO | MARKING DIRECT = D INDIRECT = I | PACKAGING METHOD | MISC. COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 1 | 7089-1 | Audio Cassette | 63/Tille III | Mckni | N | D | N | |
| 2 | 7089-2 | 4 Photos | 1/30/98 | Gellis | N | D | N | |

P.S. 1380.05
August 1, 1995
Attachment F, Page 1

# CARL L. EPSTEIN
### ATTORNEY AT LAW
FIRST INDIANA PLAZA, SUITE 1150
135 NORTH PENNSYLVANIA STREET
INDIANAPOLIS, INDIANA 46204
TELEPHONE (317) 684-5660
FAX (317) 231-1106

Also Admitted
in District of Columbia
and Pennsylvania

February 6, 1998

Mr. Vince Arisman
Trust Fund Supervisor
Federal Correctional Institution
P.O. Box 4000
100 U.S. Route 40
Greenville, Illinois 62246

     RE:   United States of America vs. Willie E. Boyd
            United States District Court
            Eastern District of Missouri
            Cause No: 4-97CR-301-SNL

Dear Mr. Arisman:

Judge Mary Ann Medler, in her Court, on February 13, 1998 at 1:00 P.M. for a Motions Hearing. The Court is located at 114 Market Street, St. Louis, Missouri, on the 7th floor, Room 736.

    Please note the items on the subpoena that you are ordered to bring with you to the hearing.

                  Sincerely,

                  Carl L. Epstein

                  Carl Epstein

CLE/at
Enclosure

# United States District Court

Eastern ──────────── DISTRICT OF ──────────── Missouri

United States of America

V.

Willie E. Boyd

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER: 4-97CR-301-S

TO: Mr. Vince Arisman
Trust Fund Supervisor
Federal Correctional Institution
P.O. Box 4000, 100 U.S. Route 40
Greenville, Illinois 62246

[X]  YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below t testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court Eastern District of Missouri 1114 Market Street St. Louis, Missouri | Room Thirteenth Floor |
| | DATE AND TIME February 13, 1998 at 1:00 P.M. |

[X]  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

1. All phone approval lists (approved and not approved) pertaining to Defendant, Willie E. Boyd, while detained in Unit 3-A at the Federal Correctional Institute at Greenville, Illinois.

2. All notes, documents, records, and memoranda, and materials of every description whatsoever regarding all telephone calls made by said inmate while detained in Unit 3-A. All tape recordings of each of said calls made by said inmate while so detained in the Unit 3-A.

3. All notes, documents, records and memoranda, and materials of every description whatsoever indicating the presence of signs and warning the inmates then occupying Unit 3-A that directed that telephone calls were subject to monitoring and recording.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (BY) DEPUTY CLERK | 10-6-97 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER    Carl L. Epstein
First Indiana Plaza, Suite 1150
135 N. Pennsylvania Street    (317) 684-5660
Indianapolis, Indiana 46204

On May 15, 1997, a subpoena was issued by the United States
District Court for Eastern Missouri. This subpoena was for
copy(s) of telephone conversations which were taped in the course
of telephone monitoring at FCI Greenville.  Enclosed in this file
are all copies of documentation regarding this subpoena.  Also
enclosed are all evidence handling materials pertinent to
relinquished copies of said calls.  Master Dictaphone tapes will
not be held as evidence by this office, as directed by the
Assistant U.S. Attorney Gary Gaertner Jr.

3

## TELEPHONE NUMBER REQUEST - INMATE

U S Department of Justice

Federal Bureau of Prisons

I am requesting that the following names and telephone numbers, be placed on my telephone list
state that to the best of my knowledge, the persons on this list are agreeable to receiving my call
and that telephone calls to those persons will be made for purposes allowable under Bureau policy
and institution guidelines. I understand that submitting more than 30 numbers requires the appro...
of the Associate Warden

| Register No 18498-044 | | Inmate Name (Print) Willie E. Boyd | | Unit H-3A |
|---|---|---|---|---|
| Inmate Signature Willie E. Boyd | | Date 3-3-97 | | |
| You will be notified by a member of your unit staff if a telephone number is not placed on your telephone list | | | | |

| A - Add D - Delete | Area Code Telephone Number | Name / Relationship | Street Address City / State / Zip Code / Country | Staff ... Date ... |
|---|---|---|---|---|
| 1 | 835-6668 | SHAKRON Irvnps | St Louis MO 63138 | 3/4/9 |
| 2 A | 314 535-5215 | Albert Grier Cousin | 1433 DeSoto St Louis MO 63107 | N/A |
| 3 A | 314-531-8771 | Kennath Boyd Brother | 3900 Shillivan St Louis MO 63107 | " |
| 4 A | 314-382-1303 | Eric Cole Nephew | 4665 Naturni Bridge St Louis MO 63115 | 3-4-97 |
| 5 A | 314-652-0249 | Jacqueline Boyd Daughter | 1433 E. DeSoto St Louis MO 63107 | N/A |
| 6 A | 314-361-3079 | Glenda Brown Friend | 5574 Vernon St Louis Mo 63112 | 3-4-97 |
| 7 A | 314 535-7754 | Salomon Fisher Friend | 4400 Kossuth St Louis MO 63107 | / |
| 8 A | 314-535-7637 | Mary DeArmon Mother | 4401 W.Pine St Louis MO 63108 | N/A |
| 9 | | | | |
| 10 | | | | |

| Use additional sheet(s) for more than 10 requests at this time | Please complete for use by Trust Fund Staff | Non English Speaking |
|---|---|---|

Reviewed by Unit Staff Member (Printed Name and Signature) J. Chamber

Record (Signature) Copy - Central File          Copy - Trust Fund Supervisor          Date 3-4-97          Copy - Inmate

BP-... April 1...

TELEPHONE NUMBER REQUEST - INMATE
DEC.95
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISON

I am requesting that the following names and telephone numbers be placed on
my telephone list. I state that to the best of my knowledge the persons on
this list are agreeable to receiving my calls and that telephone calls to
those persons will be made for purposes allowable under Bureau policy and
institution guidelines. I understand that submitting more than 30 numbers
requires the approval of the Associate Warden.

| Register No. 18498-044 | Inmate Name (Print) Willie Boyd | | Unit H3-A |
|---|---|---|---|
| Inmate Signature. *Willie Boyd* | | Date 3-12-97 | |

You will be notified by a member of your unit staff if a telephone number is not placed on your telephone list.

| A=Add D=Delete | Area Code Telephone Number | Name / Relationship | Street Address City / State / Zip Code / Country | STAFF USE: Date Notice Letter Sent |
|---|---|---|---|---|
| 1. A | 618-271-9741 | Friend Tony Johnson | 4910 Horn East St Louis IL. | 3-12-9 |
| 2. A | 314-869-1513 | Kathy Cody Friend | 8700 Redbud St Louis Co. 63138 | |
| 3. A | 314-869-5761 | RoseMary Green Friend | 8637 Milan St Louis MO 63130 | |
| 4. A | 314-521-1741 | Gerald Boyd Friend | 1910 Fegins St Louis MO 63136 | |
| 5. | | | | |
| 6. A | 314-385-7452 | Paul Williams Friend | #652 Nat. Bridge St Louis MO 63115 | |
| 7. A | 314-385-0385 | Melissa Brown Friend | 1382 Cole St Louis MO 63106 | |
| 8. A | 314-534-3530 | David Hall Friend | 5631 Palm St Louis MO 63112 | |
| 9. | | | | |
| 10. | | | | |

Use additional sheet(s) for more than 10 requests at this time. | Please complete for use by Trust Fund Staff: ☐ Non-English Speaking

Reviewed by Unit Staff Member (Printed Name & Signature)
Hector R. Fernandez, Counselor H3-B                          Date

To Be Completed by Trust Fund Upon Input Into System (Initial)      Date 3-12-97

Record (Signature) Copy - Central file,  Copy - Trust Fund Supervisor,  Copy - Inmate

***FILL COMPLETELY BEFORE SUBMITTING***

***INCOMPLETE FORMS WILL NOT BE PROCESSED BY ITS***

TELEPHONE NUMBER REQUE(    - INMATE
DEC 95
U.S. DEPARTMENT OF JUSTICE                            FEDERAL BUREAU OF PRISONS

I am requesting that the following names and telephone numbers be placed on
my telephone list. I state that to the best of my knowledge the persons on
this list are agreeable to receiving my calls and that telephone calls to
those persons will be made for purposes allowable under Bureau policy and
institution guidelines. I understand that submitting more than 30 numbers
requires the approval of the Associate Warden.

| Register No. 18498-044 | Inmate Name (Print) Willie Boyd | Unit H3-8 |
|---|---|---|

| Inmate Signature Willie Boyd | | Date 3-24-97 |
|---|---|---|

You will be notified by a member of your unit staff if a telephone number is not placed on your telephone list.

| A=Add D=Delete | Area Code Telephone Number | Name / Relationship | Street Address City / State / Zip Code / Country | STAFF USE: Date Notice Letter Sent |
|---|---|---|---|---|
| 1. A | 314-644-4305 | Samantha Parker Friend | 3810 Utah St Louis MO 63106 | 3/24/97 |
| 2. A | 314-863-0650 | Rachel Macklin Sister | 7710 Milm St Louis MO 63130 | N/A |
| 3. A | 314 361-3939 | Tom Henderson Friend | 4652 Page St. Louis, MO. 63112 | 3·24·97 |
| 4. A | (314)869-6902 | Shonda Brown Friend | 1310 Bell St. Louis MO | |
| 5. A | | Friend | St. Louis 6310 | 5/28/97 |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

Use additional sheet(s) for more than 10 requests at this time.

| Please complete for use by Trust Fund Staff: | ◻ Non-English Speaking |
|---|---|

Reviewed by Unit Staff Member (Printed Name & Signature)
Hector R. Fernandez, Counselor H3-8                        | Date

To Be Completed by Trust Fund Upon Input Into System (Initial)        | Date 3/24/97

Record (Signature) Copy - Central file, Copy - Trust Fund Supervisor, Copy - Inmate

PAGE ___ OF ___ PAGES
Replaces BP-S05(52) of APR 94

***FILL COMPLETELY BEFORE SUBMITTING***

***INCOMPLETE FORMS WILL NOT BE PROCESSED BY ITS***

# TELEPHONE NUMBER REQUEST - INMATE

U.S. Department of Justice

Federal Bureau of Prisons

I am requesting that the following names and telephone numbers, be placed on my telephone list. I state that to the best of my knowledge, the persons on this list are agreeable to receiving my call and that telephone calls to those persons will be made for purposes allowable under Bureau policy and institution guidelines. I understand that submitting more than 30 numbers requires the approval of the Associate Warden.

| Register No | Inmate Name (Print) | | Unit H-3 |
|---|---|---|---|
| 18498-044 | Boyd | | |

| Inmate Signature | | Date |
|---|---|---|
| Willie Boyd | | 3-18-97 |

You will be notified by a member of your unit staff if a telephone number is not placed on your telephone list.

| A = Add<br>D = Delete | Area Code<br>Telephone Number | Name / Relationship | Street Address<br>City / State / Zip Code / Country | STAFF USE:<br>Date Notice<br>Letter Sent |
|---|---|---|---|---|
| 2. A | 314-389-7452 | Jennifer Williams Friend | 4031 Fair St Louis MO 63115 | 3/24 |
| 3. A | 314-772-3890 | Terry Jong Friend | 4210 Shaw St Louis MO 63110 | |
| 4. A | 314-535-3011 | Long Ann Roberts 4406 Bell | 101 Friedd Ave St Louis MO 63112 | |
| 5. A | 314-771-1820 | Couty McGray Friend | 2102 Jenny Dr St Louis MO 63158 | |
| 6. A | (314) 421-3246 | Paul Brown Friend | 1206 Palm St. Louis MO 63106 | 4/17/97 |
| 7. A | (314) 383-1812 | Sam Stead Friend | 3611 King Dr St. Louis MO 63136 | 4/17/97 |
| 8. A | (314) 421-4357 | Paul Brown Friend | 1320 Grand St. Louis | OK |
| 9. D | (314) 421-3246 | " | " | OK |
| 10. A | (314) 772-7029 | Dakou Bugm | 1310 9th Street St. Louis MO 63102 | 6/11/97 |

| Use additional sheet(s) for more than 10 requests at this time. | Please complete for use by Trust Fund Staff. | Non-English Speaking |
|---|---|---|

| Reviewed by Unit Staff Member (Printed Name and Signature)<br>K. CHAMBERS, Counselor | | Date<br>3-24-97 |
|---|---|---|

Record (Signature) Copy - Central File        Copy - Trust Fund Supervisor        Copy - Inmate

P.S. 1380.05
August 1, 1995
Attachment I, Page 1

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

Receipt for Property Received/Returned/Released/Seized

On (date) ___1/30/98___ Item(s) listed below were:

_____ Received From
_____ Returned To
___X___ Released To
_____ Seized

(Name) ___GARY GAERTNER___

(Street Address) ___1114 Market St.___

(City) ___St. Louis, Mo. 63101___

Description of Item(s):

___11 (four?) photos ECN. 1081-2___

Received by: ___[signature]___          Received From: ___M. [signature]___
              (Signature)                              (Signature)

P.S. 1380.05
August 1, 1995
Attachment G, Page 1

## CHAIN OF CUSTODY LOG
### (Enclose with/attach to evidence)

CASE ID NUMBER: _7089_     SUSPECT (If known) _Boyd, # 18498-044_

DESCRIPTION OF ITEM: _4 Photo's_

DATE/TIME ITEM FOUND: _1/20/98_          _0948_

LOCATION: _____H3A_____

SIGNATURE OF PERSON RECOVERING EVIDENCE: _M.____

PRINTED NAME: _Gelios_

EVIDENCE PLACED IN EVIDENCE LOCKER BY: _N/A_

DATE/TIME PLACED IN EVIDENCE LOCKER: _1/20/98_   _1000_
DISPOSITION:

/ / **Hold as evidence**    / / **Return to owner**     / / **Lab Analysis**
/ / **Return to finder**    / / **Destroy immediately**  / / **FBI**
/X/ **Other**


_Photo's Handed To A.U.S.A. Gary Greetner_

### CHAIN OF CUSTODY

| Evidence Released To | Date/Time | Destination | Released By |
|---|---|---|---|
| M. _____ | 1/30/98 0950 | A.U.S.A | X _____ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

DATE: 08/06/97                        FCI GREENVILLE                        PAGE: 1

VISITING HISTORY FOR INMATE NAME: BOYD, WILLIE
              REGISTER NUMBER: 16498-044
                    DATES: 03/01/97 - 08/04/97

| VISIT DATE | NAME | RELATION | PTS |
|------------|------|----------|-----|
| 03/14/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 03/16/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 3 |
| 03/20/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 03/23/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 3 |
| 03/27/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 03/30/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 03/30/97 | MCCRAY, COURTNEY | FRIEND | 4 |
| 04/03/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 04/06/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 04/10/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 04/13/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 04/17/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 04/19/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 04/20/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 04/20/97 | BOYD, JACQUELINE | CHILD,DAUGHTER ADULT | 0 |
| 04/20/97 | MCCRAY, COURTNEY | FRIEND | 0 |
| 05/02/97 | TROUPE, SHARRON | | |
| 05/04/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 05/08/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 05/09/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 05/11/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 05/11/97 | WYNN DEARMON, MARY | MOTHER | 0 |
| 05/15/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 05/18/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 05/22/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 05/25/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 05/29/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 06/01/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 6 |
| 06/01/97 | MCCRAY, COURTNEY | FRIEND | 0 |
| 06/05/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 06/06/97 | MATEEN, MUHAMMAD | CHILD,SON ADULT | 0 |
| 06/06/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 06/08/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 06/13/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 06/15/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 06/15/97 | MATEEN, MUHAMMAD | CHILD,SON ADULT | 0 |
| 06/19/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 06/22/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |

3

DATE: 08/06/97                     FCI GREENVILLE                     PAGE: 1

VISITING HISTORY FOR INMATE NAME: BOYD, WILLIE
                REGISTER NUMBER: 18498-044
                     DATES: 05/01/97 - 08/04/97

| VISIT DATE | NAME | RELATION | PTS |
| --- | --- | --- | --- |
| 06/26/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 4 |
| 07/03/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 2 |
| 07/06/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 07/10/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 07/11/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 07/13/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 07/17/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 07/18/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 07/20/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 5 |
| 07/24/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 07/25/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 1 |
| 07/27/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 3 |
| 07/31/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 2 |
| 08/01/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |
| 08/03/97 | TROUPE, SHARRON | SIGNIFICANT OTHER | 0 |

```
GRECL  531.01 *              INMATE HISTORY              *     01-19-1998
PAGE 001 OF 001 *             QUARTERS                  *     08:11:09
```

REG NO..: 18498-044 NAME....: BOYD, WILLIE EDWARD
CATEGORY: QTR        FUNCTION: DIS         FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|------------|-------------|-----------------|----------------|
| GRE | H3 1109S | UNIT H-3/SIDE A/SINGLE | 07-16-1997 0958 | 08-18-1997 0825 |
| GRE | H3 1109U | UNIT H-3/SIDE A/UPPER | 03-04-1997 1512 | 07-16-1997 0958 |
| GRE | H3-A | UNIT H3, A-SIDE | 03-03-1997 1155 | 03-04-1997 1512 |
| ASH | D | D CELLHOUSE | 08-27-1993 1415 | 04-29-1994 0330 |
| ATL | R/D | R/D OUT COUNT | 08-27-1993 0039 | 08-27-1993 0456 |
| ATL | AWB 204 | AWB CELL 204 | 07-26-1993 2017 | 08-27-1993 0039 |
| ATL | R/D | R/D OUT COUNT | 07-26-1993 1329 | 07-26-1993 2017 |
| ERE | HLD3 | HOLDOVER UNIT 3 | 07-24-1993 0923 | 07-26-1993 0600 |
| ERE | HLD1 | HOLDOVER 1 | 07-14-1993 1430 | 07-24-1993 0923 |
| LVN | A-439 | ACH - CELL 439 | 11-30-1987 1000 | 02-20-1988 0745 |
| LVN | D-206 | CELLHOUSE D - CELL 206 | 09-30-1983 1100 | 11-30-1987 1000 |
| LVN | ADM DET | ADMINISTRATIVE DETENTION | 09-23-1983 1528 | 09-30-1983 1100 |
| LVN | D-206 | CELLHOUSE D - CELL 206 | 12-07-1982 1711 | 09-23-1983 1528 |

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

**U.S. Department of Justice**

# Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    _Bryant Troupe_____

Current Address _____

Date of Birth _____

Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [3] _____    **Date** _____

## Optional:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), 1 authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

# EXHIBIT-D

Ms. Bonnie L. Gay
Senior Counsel
Executive of Information/.
Privacy Act
600 E. Street N.W. Room 7100
Washington, DC. 20530

August 12, 1999

RE: **Request in detial
for Jencks material
99-616-S**

Dear Ms. Gay:

I received a letter from Ms. Suzanne Little, denying

my request for information concerning Bryant Troupe, but there

was no mention of my request for Jencks and/or Brady materials

in the files of U.S. v. Boyd, 4:97CR301SNL.

I feel the Government Waived its right to withhold those docu-

ments for the following reasons:

1. On August 19, 1997 AUSA Gary Gaertner, made these state-

ments in a letter to Federal Public Defender, Ms. Ilene Goodman,

at line 4, " **JENCKS MATERIAL**-The Government will agree to make

all Jencks material available no later than the Friday preceding

trial, conditioned upon the defendant's agreement to make available

states of defendants witnesses at the same time." See: **Exhibit-A**

Also at line 6, " **GRAND JURY TRANSCRIPTS**-The Government would

agree to produce all Grand Jury Transcripts to the extent they

constitute JENCKS material and make them available for inspection."

See: **Exhibit-A**

2. On November 10, 1997, AUSA Gary Gaertner, stated in a

letter to Co-Counsel Frank Fabri, which he hand delivered:

" I plan on turning over my Jencks material to you at 4:00p.m.

(1)

on Friday, November 28, 1997, contingent on you turning over your
Jencks material at that time.  I will have all my Jencks material
at the front desk of our office at 4:00 p.m. on the 28th. See:
**Exhibit-B, on page 2**

On the first day of trial in this case April 13, 1998, Defen-
dants Attorney Carl Epstein, requested a **" continuance or an ext-
ented adjornment,"** and AUSA Gary Gaertner, objected to the conti-
nuance based on, **" I've received synopsis of interviews that were
done I don't believe that theres any further witnesses that Mr.
Epstein, will come forth with at this time with regard co the ir-
cident in guestion and Mr. Epstein, from what -- Jencks material
indicates that we -- there will be other witnesses concerning the
November 6th, 1995 event over at the Cole's Motel.** See: **Exhibit-C
on page 2 of Trial Transcripts**

You can plainly see from the trial transcripts that Mr. Carl
Epstein, fullfilled his part of the agreement when he turned over
his Jencks material.

Mr. Gary Gaertner, made the statement in Open Court, that he
had received, " synopsis of interviews, as well as Jencks material,
from Defendants Attorney Carl Epstein.

They waived their right to withhold Jencks material, when they
agreed to turning over the Jencks material, if the Defendant turn-
ed his Jencks material over, the Governments position is clear and
the agreement was met.

When AUSA Gary Gaertner, used the Grand Jury Transcripts to
try to impeach Sharron Troupe's testimony, at trial, See: **Exhibit-
D, of trial transcript,** that Grand Jury Jencks material should

(2)

have been considered public domain,

For the reasons stated above the JENCKS and/or Brady material should be released to me.

Sincerely,

_____

Willie E. Boyd
# 18498-044
P.O. Box 5000, 3-A
Greenville, Il.
                    62246

cc: files

Enclosed is a copy of
first request letter.

**U.S. Departm** ' **of Justice**

*United States Attorney*
*Eastern District of Missouri*

---

*US Court and Custom House*                          *314-539-2200*
*1114 Market Street*
*St. Louis, Missouri 63101*                          *FAX/314-539-2309*

August 19, 1997



RECEIVED
AUG 20 1997
FEDERAL PUBLIC DEFENDER

**HAND-DELIVERED**
Ms. Ilene Goodman
Attorney at Law
1010 Market Street
St. Louis, Missouri  63101

    Re:  United States v. WILLIE E. BOYD; AKA "MICHAEL FRANCIS

Dear Ilene:

        As you are aware, your client was indicted by the Federal
Grand Jury on August 7, 1997.  In order to assist you in the
determination of any relevant pre-trial motions to be filed in this
case, please be aware of the following information:

        1.  DISCOVERY - The Government would agree to provide you
with all relevant material within the purview of Rule 16, Federal
Rules of Criminal Procedure.

        2.  ELECTRONIC SURVEILLANCE - The Government did not
utilize any electronic surveillance in the investigation underlying
the charges set forth in the indictment.

        3.  CONFIDENTIAL INFORMANTS - The Government did utilize
a confidential information in the investigation underlying the
charge set forth in the indictment in that the CI informed the law
enforcement officials that the defendant was a Victory Way Lane.

        4.  JENCKS MATERIAL - The Government will agree to make
all JENCKS material available no later than the Friday preceding
trial, conditioned upon the defendant's agreement to make available
statements of defendant's witnesses at the same time.

                                **EXHIBIT-A**

5. <u>BILL OF PARTICULARS</u> - The Government would agree to provide additional factual information which underlies the offenses charged in the indictment to the extent such information is appropriate for a Bill of Particulars.

6. <u>GRAND JURY TRANSCRIPTS</u> - The Government would agree to produce all Grand Jury transcripts to the extent they constitute JENCKS material and make them available for inspection.

7. <u>OTHER CRIMES EVIDENCE</u> - The Government would agree to advise the defendant of its intention to use evidence of other crimes during its case-in-chief. At the present time, the Government does intend to use such evidence concerning Mr. Boyd's conviction for possession of a machine gun, and possession of cocaine and heroine with the intent to distribute as found in Mr. Boyd's federal conviction in Docket Number S1-81-197CR(4).

8. <u>STATEMENTS OF DEFENDANT</u> - The defendant made no written, but made oral statements as indicated in the enclosed report.

9. <u>IDENTIFICATION OF DEFENDANT</u> - The Government is unaware of post-arrest identifications of the defendant.

10. <u>PHYSICAL EVIDENCE</u> - The Government does possess and intends to use items of physical evidence which were seized at the time of the arrest of the defendant. These items are available for

11. <u>FAVORABLE EVIDENCE</u> - The Government would agree to furnish any and all favorable evidence if and when its existence becomes known to the Government. At the present time, the Government is aware that Mr. Boyd's son Muhammed Mateena and his girlfriend Sharon Troupe indicated that the narcotics and weapon found in Ms. Sharon Troupe home on 2-1-97 at 2091 Victory Way Lane are not Mr. Boyd's, but are Mr. Brian Troupe's narcotics and weapon which he left at his sister's residence.e.

If you need any further specific information regarding the above matters, or if there are any other matters wh ` l prevent the filing and litigation of any unnecessary pretrial motions, please do not hesitate to call me. Also, please find enclosed a copy of the ATF Blueback case report, report of property seized by the Marshals, the firearm trace and copies of several items seized by the Marshals.

In order to avoid the filing of motions pursuant to Rules 12.1(a), 16 and 26 of the Federal Rules of Criminal Procedure, I would request:

A. a written notice of the defendant's intention to offer a defense of alibi, stating the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the

defendant intends to rely to establish such alibi;

B. copies of or the right to inspect any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial;

C. copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at trial or which were prepared by witnesses whom the defendant intends to call at trial when the results or reports relate to their testimony;

D. a written summary of testimony the defendant intends to use under Rule 702, 702, and 705 as evidence at trial, including the opinions of such witnesses, the bases therefor, and witness qualifications;

E. all statements of any defense witness that is in their possession and that relates to the subject matter to which the witness will testify. I would request that I receive the information regarding alibi in section A no later than the suppression hearing. I would also request that you provide me with the information regarding section E no later than noon on the

cause.

I would appreciate a written response prior to any suppression hearing to determine whether I will have to file formal requests for a court order to enforce such discovery compliance.

Very truly yours,

EDWARD L. DOWD, JR.
United States Attorney

By: GARY M. GAERTNER, JR.
Assistant United States Attorney

Enclosures

cc:  Honorable L. Davis
     United States Magistrate Judge

3

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Missouri*

---

*Gary M. Gaertner, Jr.*
*Assistant United States Attorney*

*U.S. Court and Custom House*
*1114 Market Street, Room 401*
*St. Louis, Missouri  63101*

*Direct Line (314)-539-6856*
*Office (314) 539-2200*
*Fax (314)-539-2309*

November 10, 1997

**HAND-DELIVERED**

Mr. Frank Fabri
Attorney At Law
4235 Lindell
St. Louis, Missouri 63108

RE: U.S. v. Boyd; 4:97CR301 SNL

Dear Frank:

Please find enclosed:

1. Copy of the tape of a May 13, 1997 conversation between Willie Boyd and Sharon Troupe/Muhammed Mateen;

2. Grand Jury transcripts of Sharon Troupe/Muhammad Mateen on May 14, 1997 and Sharon Troupe on June 11, 1997;

3. Ameritech Cellular Phone records for Billy Jackson;

4. Certified Department of Revenue Records for Billy Jackson, Michael Francis Young, and Willie E. Boyd;

5. Certified Social Security Records for Willie Boyd, Billy M. Jackson, and Judith Lee Gayler;

6. Warrant for Boyd's arrest;

7. Officer Schulze's fingerprint report;

8. Department of Revenue Records regarding Willie Boyd; and

9. The drug information on Mr. Boyd.

I will also send you a copy of the ATF tracing report regarding Mr. Boyd's Glock pistol. I will also supply you with a certified copy of the Mr. Billy Jackson's death certificate. At

EXHIBIT-B

this time I am unaware of any further Rule 16 evidence that I am going to present at trial. In the event that I do come across further evidence, I will immediately inform you of this information.

From our conversation on Sunday, November 9, 1997, you do not have any Rule 16 evidence for me. In the event that you do plan on presenting any physical evidence in your case in chief, I will want a copy of it and I want to inspect any such evidence physically the week prior to trial. I also have the physical evidence in this case in the event that you want to examine it.

I plan on turning over my Jencks material to you at 4 p.m. on Friday, November 28, 1997, contingent on you turning over your Jencks material at that time. I will have all my Jencks material at the front desk of our office at 4 p.m. on the 28th.

I am also going to present the expert testimony of Frank Stubits, Jr. who will testify in summary regarding the interstate commerce connection of the Glock firearm which Mr. Boyd possessed, the operability of the firearm, and the fingerprinting of firearms. Mr. Stubits resume is included herein. I will further present the testimony of P.O. Thomas A. Schulze who is presently assigned to the Latent Print Processing department for the St. Louis City Police Department. He was previously assigned with the Evidence Technician Unit with the St. Louis City Police Department. He will

were no fingerprints lifted that were of any value. In the event that you want a further description of Officer Schulze's background, please contact me and I will provide you such information. I am also going to present the testimony of an Agent from the DEA who will testify that the cocaine and other items seized from Mr. Boyd are indicative of the distribution of cocaine. I will provide you with the resume of that agent when I have determined who will be available to testify.

I will start preparation for trial on Thursday, November 13, 1997. In the event that your client is willing to pled guilty, I must be informed by this date so that Mr. Boyd can be eligible for his third point of acceptance of responsibility.

If you have any questions, please do not hesitate to contact me.

Respectfully,

EDWARD L. DOWD, JR.
United States Attorney

AUSA GARY M. GAERTNER, JR.

1    considered and ruled on by the Court, I find that it

2    is appropriate to allow them to exercise their Fifth

3    Amendment privileges and that they sustained their

4    burden in this refusal.

5        All right.  Having made this decision, then I

6    will excuse those two witnesses.

7        Now I'll hear further --

8            MR. EPSTEIN:  Yes, Your Honor.

9            THE COURT:  -- concerns that you wanted to

10   make.

11           MR. EPSTEIN:  In light of the developments

12   concerning respective defense witnesses Larry

14   witnesses for the defense with respect to the

15   alleged incident of November 6, 1995 at Cole's

16   Motel, the defense would seek a continuance or an

17   extended adjournment of the trial proceeding to try

18   to reconstruct something with respect to that count.

19       Mr. Boyd indicates there may be at least one or

20   two other witnesses out there who have not been made

21   available to me previously.  I would like the

22   opportunity on his behalf of the exercise of due

23   diligence to have some time to go out and try to

24   make inquiry with those witnesses.

25           MR. GAERTNER:  Your Honor, I would object

**EXHIBIT-C**

```
 1    to any continuance at this time.  I believe Mr.

 2    Epstein has talked to both Mr. Hassell and has been

 3    in communication with Miss Davis.  I've received

 4    synopsis of interviews that were done and I don't

 5    believe that there's any further witnesses that Mr.

 6    Epstein will come forth with at this time with

 7    regard to the incident in question and Mr. Epstein

 8    from what -- from Jencks material indicates that

 9    we -- there will be other witnesses concerning the

10    November 6th, 1995 event over at the Cole's Motel.

11              THE COURT:  All right.  I am going to deny

12    the request.  This matter has been pending for some

13    time.  There has been a rather extensive evidentiary

14    hearing before the United States magistrate.  All of

15    the materials to which the defendant is entitled

16    have been provided to him.

17        We became aware last Monday, a week ago today,

18    that we would have an evidentiary hearing on the

19    motion involving the possibility of impropriety in

20    the grand jury proceedings and impropriety in the

21    exercise of the rights of the office of the United

22    States Attorney as suggested in the motions by Mr.

23    Boyd, and being aware of that possibility last

24    Monday and then in particular having it formed up

25    Friday, three days ago, that attorneys would be
```

1    appointed, for Mr. Hassell and Mr. Davis and that it

2    was obvious that the attorneys appointed could

3    suggest to them for their own protection that they

4    exercised Fifth Amendment rights.  In fact, the

5    defendant and counsel was well aware of that and had

6    sufficient time over the weekend or during last week

7    and, for that matter, long before now to have

8    searched for other possible witnesses to assist the

9    defendant in his case in this matter.

10        I think he's had adequate time to prepare his

11   defense and he's been quite aware of the

12   possibilities that Mr. Hassell, Miss Davis, might

13   not be available to him because of their invoking

14   their personal Fifth Amendment rights, and since

15   there has been obvious time to do that and since it

16   is in the best interest of justice that this case

17   which is reasonably old be brought to trial and

18   since in my judgment it would not jeopardize the

19   defendant's rights to continue with the trial of

20   this case, nor will it unduly prejudice him to do

21   so, that it is appropriate that we continue, so the

22   request for continuance of the proceeding to have

23   further investigation of this matter to properly

24   prepare a defense in this matter will be denied.

25             MR. EPSTEIN:  Thank you, Your Honor.

Cross - Troupe                                    3-45

1    A.   Yes.

2    Q.   They threatened you.

3         Now you came down here and testified in front of

4    the grand jury, didn't you?

5    A.   Yes.

6    Q.   And that was on May 14; isn't that correct?

7    A.   Yes.

8    Q.   And didn't I ask you, "Were they professional?"

9    A.   Yes.

10   Q.   And do you remember what your answer was?

11   A.   Yes.

13   A.   Yes.

14   Q.   And I said, I asked you, "And they didn't

15   threaten you?"

16        Do you remember what your answer was?   "No, no,

17   they were very nice."

18        Is that correct?   I can show you your testimony.

19   Would you want to see that?

20   A.   No, I remember.

21   Q.   So what you're saying here today is that you're

22   accusing the marshals of planting evidence in the

23   bag, forcing you to sign that consent to search.

24        When you first came and testified, you stated

25   that they were very professional and that they were

1    very nice.,

2        Do you think it's professional for law

3    enforcement officials to put items in a bag that

4    weren't in there?

5    A.   It's possible.

6    Q.   And threaten you to force to you sign the

7    consent to search; is that --

8            MR. EPSTEIN:  I'll interpose an objection.

9            THE COURT:  It will be sustained.

10       Calls for a conclusion.

11   Q.   Were they professional?

12   A.   Yeah. at some time, but by being acting

13   professional and things saying is two different

14   things.  I mean it's not like they were beating me,

15   but the questions they was asking as if threatening

16   as if I don't give them the answer they want to

17   hear, then, you know, they gonna charge me.

18   Q.   That doesn't sound very professional, does it?

19   A.   What do you mean?

20   Q.   Now --

21           MR. EPSTEIN:  I'll interpose an objection.

22   Argumentative, calls for a conclusion, Your Honor.

23           THE COURT:  Well, there's no prejudice

24   done.  She is asking what he meant by the question

25   and we haven't gone any further, so let's go to

1   another series of questions.

2   Q.  When you testified on May 14th, do you recall I

3   asked you about the various marshals?

4   A.  Yes.

5   Q.  And do you recall that the only one that you

6   remember, "There were four of them?  Yeah.  The only

7   name I remember was Adler."

8        Correct?  Let me show -- I'll show you your

9   testimony.

10  A.  No, I remember.

11  Q.  So you only remember the name Adler, correct,

13  correct?

14  A.  I remember their names but I didn't --

15  Q.  But --

16  A.  -- Adler was the main one that was talking, he

17  was the one in charge as he said.  He stated, "I'm

18  the one in charge," so he would be doing all the

19  talking.

20  Q.  I asked, "Do you remember there were four?"

21  A.  Yes.

22  Q.  And your answer was, "There was four of them,

23  yeah.  The only name I remember was Adler."

24       Is that what you stated at the grand jury?

25  A.  I might have said that, but --

```
 GRECL 535.03 *           INMATE PROFILE        *    11-25-1997
PAGE 001 OF 001                                      14:46:54
          18498-044              REG
REGNO: 18498-044              FUNCTION: PRT DOB/AGE.: 07-11-1949 / 48
NAME.: BOYD, WILLIE EDWARD                R/S/ETH.: B/M/O
RSP..: 5-Q-GRE IN-TRANSIT FACILITY        MILEAGE.:
PHONE: N/A            FIS: N/A
ARS ASSIGNMENT..: ADMITTED TO AN IN-TRANSIT FACL FBI NO..: 735997F
ARS DATE/TIME...: 08-18-1997/0925         INS NO..: N/A
  PROJ REL METHOD: PRESUM PAR             SSN.....: 490526605
  PROJ REL DATE..: 06-01-1998             DETAINER: YES    CMC..: NO
         - - - - - - - - RELEASE DESTINATION - - - - - - - -
         AGENCY...............:
         DST ASSIGNMENT.......: USM-MISSOURI, EASTERN DISTRICT
         ADDRESS..............:

OFFN/CHG RMKS: POSS W/INT TO DISTR COCAINE:18 YRS & 6 YRS SP
OFFN/CHG RMKS: PAROLE VIOLATOR
  FACL CATEGORY  - - - - - CURRENT ASSIGNMENT - - - - - - EFF DATE  TIME
  GRE  ADM-REL   FED WRIT   RELEASE ON FEDERAL WRIT       08-18-1997 0925
  5-Q  ADM-REL   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-18-1997 0925
  5-Q  CASE MGT  COMPUTR OK USE OF INMATE ACCESS PC O.K.  03-13-1997 0828
  5-Q  CASE MGT  PROG RPT   NEXT PROGRESS REPORT DUE DATE 03-01-1998 0826
  5-Q  CASE MGT  RPP NEEDS  RELEASE PREP PGM NEEDS        03-13-1997 0826
  5-Q  CASE MGT  V94 CD8913 V94 CURR DRG TRAF BEFORE 91394 03-13-1997 0826
  5-Q  CUSTODY   IN         IN CUSTODY                    02-27-1997 0802
  5-Q  DRUG PGMS DRG E COMP DRUG EDUCATION COMPLETED      02-04-1994 1457
  5-Q  DRUG PGMS DRG I REQD DRUG INTERVIEW REQUIRED       03-13-1997 0825


  5-Q  EDUC INFO ESL HAS    ENGLISH PROFICIENT            09-20-1993 1348
  5-Q  EDUC INFO GED HAS    COMPLETED GED OR HS DIPLOMA   10-05-1993 1511
  5-Q  FIN RESP  NO OBLG    FINANC RESP-NO OBLIGATION     09-09-1993 0901
  5-Q  LEVEL     MEDIUM     SECURITY CLASSIFICATION MEDIUM 02-27-1997 0815
  5-Q  MED DY ST REG DUTY   NO MEDICAL RESTR--REGULAR DUTY 03-05-1997 1227
  5-Q  MED DY ST YES F/S    CLEARED FOR FOOD SERVICE      03-05-1997 1228
  5-Q  RELIGION  MUSLIM     MUSLIM                        09-09-1993 0002
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
GRECL  531.01 *           INMATE HISTORY              *    11-25-1997
PAGE 001        *            ADM-REL                  *    14:47:09


   REG NO..: 18498-044 NAME....: BOYD, WILLIE EDWARD
   CATEGORY: ARS      FUNCTION: PRT      FORMAT:


FCL   ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP  DATE/TIME
GRE   FED WRIT  RELEASE ON FEDERAL WRIT         08-18-1997 0825 CURRENT
5-Q   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  08-18-1997 0925 CURRENT
GRE   A-DES     DESIGNATED, AT ASSIGNED FACIL   03-03-1997 1155 08-18-1997 0825
4-M   RELEASE   RELEASED FROM IN-TRANSIT FACL   03-03-1997 1255 03-03-1997 1255
4-M   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  02-27-1997 0917 03-03-1997 1255
SCR   ADMIN REL ADMINISTRATIVE RELEASE          02-27-1997 0817 02-27-1997 0817
SCR   A-ADMIN   ADMINISTRATIVE ADMISSION        02-27-1997 0802 02-27-1997 0817
CST   PAROLE    PAROLE FROM PAR COM OR CT       07-28-1994 0818 02-27-1997 0802
CST   A-DES     DESIGNATED, AT ASSIGNED FACIL   04-29-1994 1833 07-28-1994 0818
O-C   RELEASE   RELEASED FROM IN-TRANSIT FACL   04-29-1994 1933 04-29-1994 1933
O-C   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  04-29-1994 0330 04-29-1994 1933
ASH   FURL TRANS FURLOUGH W/UNESCORTED TRANSFER 04-29-1994 0330 04-29-1994 0330
ASH   A-DES     DESIGNATED, AT ASSIGNED FACIL   08-27-1993 1415 04-29-1994 0330
SO1   RELEASE   RELEASED FROM IN-TRANSIT FACL   08-27-1993 1415 08-27-1993 1415
SO1   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  08-27-1993 0456 08-27-1993 1415
ATL   HLD REMOVE HOLDOVER REMOVED               08-27-1993 0456 08-27-1993 0456
ATL   A-HLD     HOLDOVER, TEMPORARILY HOUSED    07-26-1993 1329 08-27-1993 0456
AO1   RELEASE   RELEASED FROM IN-TRANSIT FACL   07-26-1993 1329 07-26-1993 1329
AO1   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  07-26-1993 0700 07-26-1993 1329
ERE   HLD REMOVE HOLDOVER REMOVED               07-26-1993 0600 07-26-1993 0600
ERE   A-HLD     HOLDOVER, TEMPORARILY HOUSED    07-14-1993 1430 07-26-1993 0600

3-X   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  07-08-1993 1047 07-14-1993 1330
MCR   ADMIN REL ADMINISTRATIVE RELEASE          07-08-1993 0947 07-08-1993 0947
MCR   A-ADMIN   ADMINISTRATIVE ADMISSION        07-08-1993 0943 07-08-1993 0947
CST   PL PAR    PUBLIC LAW REL-PAROLEE          12-11-1992 0620 07-08-1993 0943
CST   A-PL PAR  PUBLIC LAW-PAROLEE              09-21-1992 0850 12-11-1992 0620
2-L   RELEASE   RELEASED FROM IN-TRANSIT FACL   09-21-1992 0950 09-21-1992 0950
2-L   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  09-11-1992 1100 09-21-1992 0950
CST   ADMIN REL ADMINISTRATIVE RELEASE          09-11-1992 1000 09-11-1992 1000
CST   A-ADMIN   ADMINISTRATIVE ADMISSION        09-11-1992 0959 09-11-1992 1000
CST   PL PAR    PUBLIC LAW REL-PAROLEE          12-19-1991 0710 09-11-1992 0959
CST   A-PL PAR  PUBLIC LAW-PAROLEE              11-01-1991 0801 12-19-1991 0710
1-H   RELEASE   RELEASED FROM IN-TRANSIT FACL   11-01-1991 0901 11-01-1991 0901
1-H   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  11-01-1991 0900 11-01-1991 0901
CKC   TRANSFER  TRANSFER                        11-01-1991 0800 11-01-1991 0800
CKC   A-PL PAR  PUBLIC LAW-PAROLEE              10-21-1991 1225 11-01-1991 0800
CKC   PAROLE    PAROLE FROM PAR COM OR CT       10-18-1991 1500 10-21-1991 1225
CKC   A-DES     DESIGNATED, AT ASSIGNED FACIL   09-20-1991 0800 10-18-1991 1500
3-X   RELEASE   RELEASED FROM IN-TRANSIT FACL   09-20-1991 0900 09-20-1991 0900
3-X   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL  09-13-1991 0830 09-20-1991 0900


G0002     MORE PAGES TO FOLLOW . . .
```

```
  GRECL  531.01 *         INMATE HISTORY          *    11-25-1997
PAGE 002 OF 002 *            ADM-REL              *    14:47:09

  REG NO..: 18498-044 NAME....: BOYD, WILLIE EDWARD
  CATEGORY: ARS      FUNCTION: PRT      FORMAT:

FCL   ASSIGNMENT DESCRIPTION            START DATE/TIME STOP  DATE/TIME
NCR   ADMIN REL  ADMINISTRATIVE RELEASE        09-13-1991 0730 09-13-1991 0730
NCR   A-ADMIN    ADMINISTRATIVE ADMISSION      09-13-1991 0725 09-13-1991 0730
CSE   PAROLE     PAROLE FROM PAR COM OR CT     06-21-1989 0400 09-13-1991 0725
CSE   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-04-1989 1506 06-21-1989 0400
I-T   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-04-1989 1806 04-04-1989 1806
I-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-04-1989 1100 04-04-1989 1806
CSE   TRANSFER   TRANSFER                      04-04-1989 0800 04-04-1989 0800
CSE   A-DES      DESIGNATED, AT ASSIGNED FACIL 02-20-1988 1243 04-04-1989 0800
I-T   RELEASE    RELEASED FROM IN-TRANSIT FACL 02-20-1988 1543 02-20-1988 1543
I-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-20-1988 0845 02-20-1988 1543
LVN   TRANSFER   TRANSFER                      02-20-1988 0745 02-20-1988 0745
LVN   A-DES      DESIGNATED, AT ASSIGNED FACIL 05-13-1982 1450 02-20-1988 0745

G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

```
GRECL  531.01 *          INMATE HISTORY           *    11-25-1997
PAGE 001 OF 001 *          QUARTERS               *    14:47:13


   REG NO..: 18498-044 NAME....: BOYD. WILLIE EDWARD
   CATEGORY: QTR       FUNCTION: PRT      FORMAT:


FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
GRE   H3 1109S   UNIT H-3/SIDE A/SINGLE   07-16-1997 0958 08-18-1997 0825
GRE   H3 1109U   UNIT H-3/SIDE A/UPPER    03-04-1997 1512 07-16-1997 0958
GRE   H3-A       UNIT H3, A-SIDE          03-03-1997 1155 03-04-1997 1512
ASH   D          D CELLHOUSE              08-27-1993 1415 04-29-1994 0330
ATL   R/D        R/D OUT COUNT            08-27-1993 0039 08-27-1993 0456
ATL   AW8 204    AW8 CELL 204             07-26-1993 2017 08-27-1993 0039
ATL   R/D        R/D OUT COUNT            07-26-1993 1329 07-26-1993 2017
ERE   NLD3       HOLDOVER UNIT 3          07-24-1993 0923 07-26-1993 0600
ERE   NLD1       HOLDOVER 1               07-14-1993 1430 07-24-1993 0923
LVN   A-439      ACH - CELL 43Q           11-30-1987 1000 02-20-1988 0745
LVN   D-206      CELLHOUSE D - CELL 206   09-30-1983 1100 11-30-1987 1000
LVN   ADM DET    ADMINISTRATIVE DETENTION 09-23-1983 1528 09-30-1983 1100
LVN   D-206      CELLHOUSE D - CELL 206   12-07-1982 1711 09-23-1983 1528


G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

```
GRECL  531.01 *          INMATE HISTORY          *    11-25-1997
PAGE 001 OF 001 *           QUARTERS             *    14:47:13


REG NO..: 18498-044 NAME....: BOYD, WILLIE EDWARD
CATEGORY: QTR        FUNCTION: PRT        FORMAT:

FCL   ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
GRE   H3 1109S   UNIT H-3/SIDE A/SINGLE     07-16-1997 0958 08-18-1997 0825
GRE   H3 1109U   UNIT H-3/SIDE A/UPPER      03-04-1997 1512 07-16-1997 0958
GRE   H3-A       UNIT H3, A-SIDE            03-03-1997 1155 03-04-1997 1512
ASH   D          D CELLHOUSE                08-27-1993 1415 04-29-1994 0330
ATL   R/D        R/D OUT COUNT              08-27-1993 0039 08-27-1993 0456
ATL   AMB 204    AMB CELL 204               07-26-1993 2017 08-27-1993 0039
ATL   R/D        R/D OUT COUNT              07-26-1993 1329 07-26-1993 2017
ERE   HLD3       HOLDOVER UNIT 3            07-24-1993 0923 07-26-1993 0600
ERE   HLD1       HOLDOVER 1                 07-14-1993 1430 07-24-1993 0923
LVN   A-439      ACH - CELL 439             11-30-1987 1000 02-20-1988 0745
LVN   D-206      CELLHOUSE D - CELL 206     09-30-1983 1100 11-30-1987 1000
LVN   ADM DET    ADMINISTRATIVE DETENTION   09-23-1983 1528 09-30-1983 1100
LVN   D-206      CELLHOUSE D - CELL 206     12-07-1982 1711 09-23-1983 1528



G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT-B

Office of Information and privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

August 10, 1999
RE: FOIA, Appeal
99-2217

Dear Sir/Madam:

Pursuant to Freedom of Information Act 5 U.S.C.
§ 552, and the accompanying implementing regulations, I hereby
appeal the letter Aug. 4, 1999. I received from Suzanne Little
of the Executive Office for United States Attorneys, denying my
request of July 27, 1999, for records and documents regarding
FBI/DEA informant Bryant Troupe.

the grounds that they pertain to a third party who has not
submitted a notarized authorization for release of information.
I confirm herewith that Mr. Troupe, is not dead and has not
submitted a notarized form. Ibelieve, however, that the reque-
sted records do not fall within the stated exemptions because
both Mr. Troupe and Law Enforcement Agencies has repeatedly
waived any privacy rights or exemptions in federal court.

In addition, much of what I have requested is based upon
public records.

Through my own investigation, I have discovered the follow-
ing clear waivers as to each specific request contained in my
July 12, 1999 letter:

(1)

1. **Criminal History**-the undering requested materials are public records.

Each arrest of Troupe, has a corresponding public record police report, court docket sheet or like document.  In addition, both Troupe and Federal Law Enforcement Agencies have waived any privacy rights by furnishing defense counsel in the case of U.S. v. Miller and Kerr 4:96-cr365.  As sopport for the position that a waiver has occurred, I attach **Exhibit-A.**

2. **Testimony in Open Court**-again, the underlying records requested are public records.  The request seeks only a list of where and when ( case names and numbers ) Troupe has, testified in open court.  Here I identify where Troupe has atlease cescified once in United States v. Miller and Kerr, Feb. 1997. I seek a complete and up-to-date list of the cases where he has testified.

3. **Informant paymant record**-pursuant to DEA § 6612.24 (E) (1), the drug Enforcement Administration must keep accurate and detaled records regarding payments to informants.  Once again, both Troupe and Law Enforcement have repeatedly waived any privacy concerns involving Troupe.  In Exhibit-A, the government admits to a list of payments.

I believe this information is also part of the general oversight of Federal Law Enforcement, that Bryant Troupe admitted to government agents that he sold drugs for profit while in the employment of federal agents.  That he has used and sold drugs in the past.  That Bryant Troupe, has paid no income taxes on

(2)

his drug profits.  see: **Exhibit-A**

With this knowledge of Bryant Troupe's criminal activity, this is a serious and troubling course of action by Federal Law Enforcement that should be closely scrutinized by the public.

4. **Assistance to Troupe**-by Federal and Stae Law Enforcement agencies, which has intervened to help Troupe, atlease once and perhaps more, with criminal and/or tax problems.  Certainly as to the first incident, all privacy rights were waived by Troupe and those Law Enforcement Agencies years ago.

Troupe, have given government officials information concerning his criminal activity, being a middleman or broker for Byron Miller, " He received money for these services from Miller or othersinvolved in the sales.  This activity was not part of his supervised law enforcement cooperation." see: **Exhibit-A**

In addition, Troupe, revealed to government officials and has testified in open court, that he paid no income taxes for many years of payment of money earned through illegal drug dealing or the proceeds from his informant work.  It apears that both these instances are admissions of serious felony crimes committed by Troupe, but ignored by the authorities.  The clear conclusion is that law enforcement agencies have both waived any privacy rights.

It is anticipated that the records involved in this request will shed light on the controversial use of paid informants and contingent fee arrangements by the Drug Enforcement Agency/Federal Bureau of Investigation, which isclearly in the public

(3)

interest.  Except as indicated above, these records are not
presently in the public domain.

The release of these records is also an approriate exercise
of the agency's discretion under Freedom of Information Act 5
U.S.C. § 552.

Furthermore, I request disclosure of all reasonably segre-
able non-exemt protions of the records and an accompanying in-
dex and justification for any deletions with reference to spec-
ific FOIA exemptions.  See 5 U,S,C. § 552 (b)  Th is request
for partial disclosure is without prejudice to my right to
judicial review of any agency decision to withhold records or
delete information.

tinous to be withheld.  I request an index some or all the re-
quested information accopanied by justification with reference
to specific FOIA exemptions.  I look forward to receiving your
reply within 20 business days, as required by law.

Sincerely,

Mr. Willie E. BOYD
# 18498-044
P.O. Box 5000, 3-A
Greenville, Il. 62246

# EXHIBIT-C

Ms. Bonnie L. Gay
Senior Counsel
Executive of Information/
Privacy Act
600 E. Street N.W. Room 7100
Washington, D.C. 20530

August 12, 1999

RE: Resubmitting FOIA,
request for Informant
Bryant Troupe: 99-616-S

Dear Ms. Gay:

I had typed an Appeal letter to the United States
Department of Justice concerning the requested information on
Bryant Troupe. Enclosed is that Appeal letter to give you an
opportunity to respond to this detailed request. Which I feel

a public interest and are public records maintained in your files
court records, and new paper clippings.

I look forward to hear from your office within the the time
thats mandated by law.

Sincerely,

Mr. Willie E. Boyd
# 18498-044
P.O. Box 5000, 3-A
Greenville, Il.
62246

cc; files

Enclosed: copy letter
FOIA, Appeal 99-2217

Office of Information and privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

August 10, 1999
RE: FOIA, Appeal
99-2217

Dear Sir/Madam:

Pursuant to Freedom of Information Act 5 U.S.C.
§ 552, and the accompanying implementing regulations, I hereby
appeal the letter Aug. 4, 1999. I received from Suzanne Little
of the Executive Office for United States Attorneys, denying my
request of July 27, 1999, for records and documents regarding
FBI/DEA informant Bryant Troupe.

The requested records were withheld in their entirety on
the grounds that they pertain to a third party who has not
submitted a notarized authorization for release of information.
I confirm herewith that Mr. Troupe, is not dead and has not
submitted a notarized form. Ibelieve, however, that the reque-
sted records do not fall within the stated exemptions because
both Mr. Troupe and Law Enforcement Agencies has repeatedly
waived any privacy rights or exemptions in federal court.

In addition, much of what I have requested is based upon
public records.

Through my own investigation, I have discovered the follow-
ing clear waivers as to each specific request contained in my
July 12, 1999 letter:

(1)

1.  **Criminal History-**the undering requested materials are
public records.

Each arrest of Troupe, has a corresponding public record
police report, court docket sheet or like document.  In addi-
tion, both Troupe and Federal Law Enforcement Agencies have
waived any privacy rights by furnishing defense counsel in the
case of U.S. v. Miller and Kerr 4:96-cr365.  As sopport for the
position that a waiver has occurred, I attach **Exhibit-A.**

2.  **Testimony in Open Court-**again, the underlying records
requested are public records.  The request seeks only a list
of where and when ( case names and numbers ) Troupe has testi-

testified once in United States v. Miller and Kerr, Feb. 1997.
I seek a complete and up-to-date list of the cases where he has
testified.

3.  **Informant paymant record-**pursuant to DEA § 6612.24 (E)
(1), the drug Enforcement Administration must keep accurate and
detailed records regarding payments to informants.  Once again,
both Troupe and Law Enforcement have repeatedly waived any pri-
vacy concerns involving Troupe.  In Exhibit-A, the government
admits to a list of payments.

I believe this information is also part of the general over-
sight of Federal Law Enforcement, that Bryant Troupe admitted
to government agents that he sold drugs for profit while in the
employment of federal agents.  That he has used and sold drugs
in the past.  That Bryant Troupe, has paid no income taxes on

(2)

his drug profits.  see: **Exhibit-A**

With this knowledge of Bryant Troupe's criminal activity, this is a serious and troubling course of action by Federal Law Enforcement that should be closely scrutinized by the public.

4. **Assistance to Troupe-**by Federal and Stae Law Enforcement agencies, which has intervened to help Troupe, atlease once and perhaps more, with criminal and/or tax problems.  Certainly as to the first incident, all privacy rights were waived by Troupe and those Law Enforcement Agencies years ago.

Troupe, have given government officials information concerning his criminal activity, being a middleman or broker for Byron

othersinvolved in the sales.  This activity was not part of his supervised law enforcement cooperation." see: **Exhibit-A**

In addition, Troupe, revealed to government officials and has testified in open court, that he paid no income taxes for many years of payment of money earned through illegal drug dealing or the proceeds from his informant work.  It apears that both these instances are admissions of serious felony crimes committed by Troupe, but ignored by the authorities.  The clear conclusion is that law enforcement agencies have both waived any privacy rights.

It is anticipated that the records involved in this request will shed light on the controversial use of paid informants and contingent fee arrangements by the Drug Enforcement Agency/Federal Bureau of Investigation, which isclearly in the public

(3)

interest.  Except as indicated above, these records are not
presently in the public domain.

The release of these records is also an approriate exercise
of the agency's discretion under Freedom of Information Act 5
U.S.C. § 552.

Furthermore, I request disclosure of all reasonably segre-
able non-exemt protions of the records and an accompanying in-
dex and justification for any deletions with reference to spec-
ific FOIA exemptions.  See 5 U,S,C. § 552 (b)  Th is request
for partial disclosure is without prejudice to my right to
judicial review of any agency decision to withhold records or


In the event some or all of the requested information con-
tinous to be withheld.  I request an index some or all the re-
quested information accopanied by justification with reference
to specific FOIA exemptions.  I look forward to receiving your
reply within 20 business days, as required by law.


                              Sincerely,

                              Mr. Willie E. BOYD
                              # 18498-044
                              P.O. Box 5000, 3-A
                              Greenville, Il. 62246



U.S. Department of Justice

**United States Attorney**
**Eastern District of Missouri**

**Organized Crime Drug Enforcement**
**Task Force - South Central Region**

U.S. Court and Custom House
1114 Market Street, Room 421
St. Louis, Missouri 63101

314-539-6851

FAX/314-539-2312

February 21, 1997

Mr. Charles M. Shaw
Mr. John F. Garvey, Jr.
    Via FAX

Subject: <u>United States v. Miller and Kerr</u>
         4:96CR365CDP

The following information regarding the background of Government witness Bryant Troupe is being provided as <u>Jencks</u> and/or <u>Brady</u> material. You have previously been sent a copy of his RAP sheet. It is my position that none of the entries provides material appropriate for impeachment.

No formal written agreement exists between Troupe and the Government. The Government does not intend to ~~...~~

~~...~~ as he has been and remains truthful. ~~...~~ on this

Funds have been provided to, or expended on behalf of, Troupe in the following amounts for the listed reasons by the listed agencies:

From approximately 1983 to 1988, Troupe worked as an informant for the Velda City Police Department, where he was employed as a reserve officer for a short time in 1983. During that time, he provided information on criminal activities in the community on approximately 20 or more occasions. He did not testify in any of these cases. In some instances, he received no consideration. In others, he received $20 to $50 per case.

From approximately 1988 to 1995, Troupe worked as an informant for the North County MEG Unit/ Northwoods Police Department. During that time, he provided information about narcotics and firearms which led to over 40 search warrants as well as other cases and other

**Exhibit-A**

arrests.  His information was found to be consistently reliable.  He did not testify in any of the resulting prosecutions.  He received cash payments of from $20 to $50 per case.

In 1994, Troupe gave information to the Drug Enforcement Administration on one occasion.  This led to the seizure of cocaine and marijuana.  He did not testify.  He received a $200 cash payment.

Troupe began working with the Federal Bureau of Investigation in 1994.  At this time, he was still working with the MEG Unit with the FBI providing some financial and manpower support.  On one occasion, the FBI paid Troupe $200 for a case he made for the MEG Unit.

From March of 1996 to the present time, Troupe has received the following consideration for his cooperation in the Miller/Kerr case: $4,500 _____ secure housing as of 1/27/97.

Troupe has informed me that at various times since approximately 1989, he has participated in drug trafficking as a middleman or broker for Byron Miller.  He received money for these services from Miller or others involved in the sales.  This activity was not part of his supervised law enforcement cooperation.

Troupe has advised me that he has used and sold marijuana in the past.

Troupe also advised me that he did not report the above-described income as earnings, nor did he pay taxes on it.  He has not been absolved of such tax obligation and has been so advised by me.

Ms. Bonnie L. Gay
Senior Counsel
Executive of Information/
Privacy Act Unit
600 E. Street N.W. Room 7100
Washington, D.C. 20530

                                        July 22, 1999
                                        RE: 99-616-S

Dear Ms. Gay:

        This is in response to your last letter that: A re-
view of the material revealed documents which: [X] are public
records which may be obtained from the clerk of the court or
this office, upon specific request, subject to a copy fee.


thats in your files pertaining to my case 4:97CR301SNL.

        Plus I would like you to address my detailed request for
the information of the government informant Bryant Troupe,
any and all information of his work with law enforcement and
his direct involvement in the instant case.

        I grant you will respond with expedience!

                                Sincerely,

                                Mr. Willie E. Boyd
                                # 18498-044
                                P.O. Box 5000, 3-A
                                Greenville, Il. 62246



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

**AUG  4 1999**

Request Number: <u>99-2217</u>     Date of Receipt: <u>July 27, 1999</u>

Requester: <u>Willie E. Boyd</u>

Subject of Request: <u>Bryant Troupe</u>

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties).  Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is

significant public benefit would result from the disclosure of the requested records.  Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. Section 552a.  These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. Section 552.

    We have not performed a search for records and you must not assume that records concerning the third party exist.  We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, a death certificate, or public justification for release.  If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

Form No. 006 - 8/99

2

Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization.  A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. Section 1001.

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 30 days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court principal place of business, the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Suzanne Little
Assistant Director
FOIA/PA Unit

Enclosure