UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILLIE E. BOYD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1096 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 17, 18 |
| | : | | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

The plaintiff brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the defendant, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF" or "the agency"), to disclose various documents concerning the plaintiff's criminal investigative file and the agency's policies and procedures on confidential informants. This matter is before the court on the defendant's motion for summary judgment. Because the ATF conducted an adequate search for responsive records and because the ATF properly withheld information pursuant to FOIA Exemptions 3 and 7(C), the court grants the defendant's summary judgment motion in part. Because the ATF has not established the propriety of withholding information under Exemptions 2, 5, 7(D), 7(E), and 7(F), the court denies the defendant's motion in part without prejudice.

## II. BACKGROUND

### A. Request No. 05-336

In December 2004, the plaintiff submitted a request for information pursuant to the FOIA to the ATF for the following:

> [A]ll records and information in [ATF] files . . . on the requester and Mary DeArmon, Albert Greer, Sharron Troupe, Muhammad Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson and Tommy Franklin. The requester is submitting these 10-Privacy Waivers, with Certificates of Identity. The 10-Privacy Waivers exclusively states [sic]: "I waive any and all privacy rights to records and information in [ATF] files 00-311, 00-1670 and 02-1078 in the ATF Investigative File 745519-97-0012 on Willie E. Boyd.

Compl., Ex. B (December 1, 2004 FOIA request). The file numbers mentioned in the request pertained to the plaintiff's "entire criminal investigative file [which] had been previously processed for release to him under the FOIA in ATF Disclosure Numbers 00-311, 00-1670, and 02-1078." Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Graham Decl. ("Graham I Decl.") ¶ 4.[1] In addition, the plaintiff asked for "a full copy of Tape Conversation in the File No. 04-1132, which contained the conversations of Sharron Toupe, Muhammad Mateen and [the plaintiff]," which occurred on May 13, 1997.[2] Compl., Ex. B at 2. The ATF acknowledged receipt of the request, which had been assigned Request No. 05-336, by letter dated January 5, 2005. Compl. at 3.

---

[1] The defendant submitted two declarations of Averill P. Graham, the first ("Graham I Decl."), dated September 15, 2005, with its Memorandum in Support of Motion for Summary Judgment and the second ("Graham II Decl."), dated October 5, 2005, with its Supplemental Memorandum in Support of Motion for Summary Judgment.

[2] The plaintiff also sought a tape recording of a conversation between Sharron Troupe and another party. Pl.'s Resp. to Def.'s Mot. for Summ. J. at 9, 14 & Ex. M.

With its initial response, the ATF released 12 pages pertaining to Disclosure File 00-311, after having redacted certain information pursuant Exemptions 7(C), 7(D), and 7(E). Compl. at 4; Graham I Decl. ¶ 13. The agency notified the plaintiff that it had not completed processing of Disclosure Files 00-1670 and 02-1078. Compl. at 4 & Ex. G (March 22, 2005 letter from M.R. LaBrie, Disclosure Specialist). The plaintiff challenged this response by filing an appeal (Appeal No. 05-1484) to the Justice Department's Office of Information and Privacy ("OIP") on March 30, 2005.[3] *Id.* at 4; Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), Ex. H (Appeal). OIP notified the plaintiff by letter dated July 12, 2005 that the agency closed the appeal because, by that time, he already had filed the instant civil action. Graham I Decl. ¶ 14.

In the meantime, the ATF continued to process Disclosure Files 00-1670 and 02-1078. Graham I Decl. ¶ 14. On September 15, 2005, it released another 51 pages of records. Pl.'s Opp'n, Ex. J (September 15, 2005 letter from M.R. LaBrie, Disclosure Specialist, regarding FOIA Case Files 00-311, 00-1670, 02-1078 and 04-1132); Graham I Decl. ¶¶ 14, 18. These records had been released to the plaintiff previously "with the names and identifying information of third parties withheld pursuant to [Exemption 7(C)]." Graham I Decl. ¶ 18. Having received the privacy waivers the plaintiff submitted, the ATF could release these records "this time with the previously redacted names and identifying information of the people who executed waivers included."[4] *Id.* Other information was withheld under Exemption 5. *Id.*

Three documents were withheld in their entirety pursuant to Exemptions 3, 7(C), 7(D),

---

[3] The Office of Information and Privacy handles administrative FOIA appeals for the ATF. Graham II Decl. ¶ 5.

[4] The ATF did not locate information about two of the individuals who submitted privacy waivers. Pl.'s Opp'n, Ex. J.

and 7(F).[5]  Graham II Decl. ¶ 6.  Review of these pages upon receipt of the third parties' privacy waivers did not yield any more segregable material.  Id.  In addition, the ATF withheld one sentence of a March 17, 1998 memorandum pursuant to Exemption 5.  Id. ¶ 7; Def.'s Reply in Supp. of Mot. for Summ. J. ("Def.'s Reply"), Attach. ("Chisholm II Decl.")[6] ¶ 10 & January 26, 2006 *Vaughn* index (Document No. 14).[7]

### B.  Request No. 05-352

In December 2004, the plaintiff submitted another FOIA request to the ATF for the following:

> [I]nformation and records regarding the policies and procedures of [ATF], on confidential sources and/or confidential informants, are those that provide information to the [ATF], according to statutory policies dictated by the agency.

Compl. at 2.  The ATF responded on January 7, 2005 by releasing six pages of records which had been redacted pursuant to Exemption 7(C).  Id.  The plaintiff challenged this response by filing an administrative appeal to OIP.  Id.; Pl.'s Opp'n, Ex. F (January 18, 2005 letter to R. Huff, Co-Director, OIP).  OIP decided to release sixteen additional pages, after redacting portions pertaining to confidential informants pursuant to Exemptions 2, 6 and 7(E).  Pl.'s Opp'n, Ex. I

---

[5] These records were the subject of previous litigation.  *See Boyd v. U.S. Marshals Serv.*, No. 99cv2712 (D.D.C. Sept. 22, 2002), *appeal docketed*, No. 04-5369 (D.C. Cir. Oct. 26, 2004).

[6] The defendant submitted two declarations of Peter J. Chisholm, the first ("Chisholm I Decl."), dated December 13, 2005, with its Second Motion for Enlargement of Time, and the second ("Chisholm II Decl."), dated January 26, 2006, with its Reply in Support of Motion for Summary Judgment.

[7] The defendant has submitted three *Vaughn* indices, distinguished in this Memorandum Opinion by the date on which the corresponding declaration was executed.

(August 1, 2005 letter from R.L. Huff, Co-Director, OIP regarding Appeal No. 05-0949 with attachments); Graham I Decl. ¶ 6; Graham II Decl. ¶ 5.  In all other respects, OIP affirmed the ATF's decision.  Pl.'s Opp'n, Ex. I.  After the plaintiff had filed the instant complaint, the ATF made a supplemental release of the Attorney General's Guidelines Regarding the Use of Confidential Informants (May 30, 2002), without redaction, on August 9, 2005.  Graham I Decl. ¶ 7.

In this action, the plaintiff seeks the release of all responsive records in their entirety.  He demands declaratory and injunctive relief.[8]  Compl. at 6.

### III.  ANALYSIS

#### A.  Summary Judgment Standard

Generally, the FOIA requires a federal government agency to make its records available to the public, unless those records or portions of those records are protected from disclosure by a FOIA exemption.  5 U.S.C. §552(a).  In this action, the plaintiff challenges the responses he received from the ATF, and the ATF maintains that it has discharged its obligations fully under the FOIA, and that it is entitled to judgment as a matter of law.

The court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact in dispute, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating the absence of

---

[8] The plaintiff's requests for appointment of counsel to conduct discovery, and for appointment of special counsel, *see* Pl.'s Opp'n at 24, 25, are denied.

any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertions. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[9] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Securities and Exchange Comm'n*,

---

[9] In support of its motion, the ATF submits the declarations of Averell P. Graham and Peter J. Chisholm, both of whom personally are familiar with the plaintiff's FOIA requests. *See* Graham II Decl. ¶ 1; Chisholm I Decl. ¶ 5. Ms. Graham is the Chief of ATF's Disclosure Division. Graham I Decl. ¶ 1. She is responsible for processing FOIA requests, initiating searches for responsive records, and supervising the determination of which records should be disclosed. *Id.*

Mr. Chisholm subsequently became the Acting Chief of ATF's Disclosure Division, and assumed the duties previously performed by Ms. Graham. Chisholm I Decl. ¶ 1.

926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency is obligated to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1996) (citing *Weisberg*, 745 F.2d at 1485). It may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 180 F.3d at 326). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The Treasury Enforcement Communication System II ("TECS") is the central database of Treasury Department law enforcement records. Graham I Decl. ¶ 3. The ATF has its own

database within TECS, where it maintains records of ATF's law enforcement investigations.[10] *See id.* When ATF opens a criminal investigation, it is entered into TECS. *Id.* Records pertaining to a criminal case are retrieved in TECS using personal identifiers (such as names and social security numbers) of the subjects of the investigation. *See id.* ¶¶ 3-4. Using the names and social security numbers of the individuals whose privacy waivers the plaintiff submitted, the ATF's Disclosure Division "conducted a subject query in TECS II," which yielded "no ATF-responsive records [] other than those already located in the plaintiff's criminal investigative file . . . [which] had been previously processed for release to [the plaintiff] under the FOIA in ATF Disclosure Nos. 00-311, 00-1670, and 02-1078." *Id.* ¶ 4.

The plaintiff asserts that the ATF failed to search for and produce records responsive to Request No. 05-336 regarding the third parties whose privacy waivers he submitted. Pl.'s Opp'n at 12-15. He claims that he is entitled to a full copy of a taped telephone conversation he had with third parties Sharron Troupe and Muhammad Mateen on May 13, 1997, and notes that ATF did not mention the tape recording of a conversation on September 27, 1997.[11] *Id.* at 12, 14. The plaintiff evidently bases these assertions on his past experience with FOIA requests to the ATF, in that searches for records responsive to FOIA Request Nos. 00-311, 00-1470, 00-1670, and 02-1078 yielded more and different records than those located in connection with Request No. 05-

---

[10]     According to its website (www.atf.gov), the ATF's law enforcement functions were transferred from the Department of Treasury to the Department of Justice in January 2003.

[11]     Further, the plaintiff complains that the ATF failed to produce Case File DF-58822, which had been prepared in connection a prior lawsuit, *Boyd v. U.S. Marshals Serv.*, Civil Action No. 99-2712. Pl.'s Opp'n at 14. The court rejects the argument that the ATF's failure to search for or produce File DF 58822 violates the FOIA. The ATF's Office of Chief Counsel generated that file "in connection with Plaintiff's initial FOIA request and first litigation." Chisholm II Decl. ¶ 14. It did "not contain any additional responsive documents that have not been previously processed in connection with either Plaintiff's first litigation or this action." *Id.*

336.  *See* Pl.'s Opp'n at 7-9.

"The question is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Steinberg*, 23 F.3d at 551 (quoting *Weisberg*, 745 F.2d at 1485).  It is the plaintiff's burden in challenging the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search.  *Maynard v. Cent. Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983).  The plaintiff asserts, without support, that other responsive records may exist.  Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search.  *See Weisberg*, 745 F.2d at 1485 (explaining that the focus of court's inquiry is on the reasonableness of the agency's search, not whether undisclosed records may exist).

The defendant demonstrates that its search for responsive records was adequate and reasonable under the circumstances.  The records shows that the ATF searched for information pertaining to the third parties whose privacy waivers the plaintiff submitted, using their names and social security numbers, and found responsive records only in the plaintiff's criminal investigation files.  Neither the results of prior searches in connection with prior FOIA requests, nor the resolution of prior civil actions in this court, are relevant here.[12]

---

[12]  The plaintiff objects to the appearance of certain records because they were "defaced with FOIA wrote across the face of every page" of the January 7, 2005 release of information pertaining to confidential informant agreements.  Pl.'s Opp'n at 10 & Ex. E.  This objection is meritless.  It is the ATF's "policy to mark these types of releases so that they cannot be used to create bogus ATF Confidential Informant Agreements.  Moreover, the marks do not in any way affect the legibility of the document."  Chisholm II Decl. ¶ 6.  Further, it appears that the ATF has accommodated the plaintiff's request for better quality copies of certain documents released in connection with Request No. 05-336.  *See* Pl.'s Opp'n at 22; Chisholm II Decl. ¶ 10.

### C. Exemptions

#### 1. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to two categories of material: (1) internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *see Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d. 1051, 1073-74 (D.C. Cir. 1981). The latter, known as "high 2" exempt information, protects information that, if disclosed, "may risk circumvention of agency regulation." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1208 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990).

With regard to Request No. 05-352, the ATF invokes Exemption 2 to protect internal law enforcement codes, *see* September 15, 2005 *Vaughn* index, the disclosure of which "might allow outsiders to circumvent agency functions." Graham I Decl. ¶ 8. The defendant states vaguely that these codes "are primarily used to store and retrieve law enforcement information." *Id.* The ATF does not offer a meaningful explanation of how their disclosure may risk circumvention of law enforcement efforts. These same defects are apparent with regard to Request No. 05-336 and the January 7, 2006 release of documents, where, according to the January 26, 2006 *Vaughn* index, codes are withheld from several documents. The defendant fails to justify its decision to withhold these internal law enforcement codes under Exemption 2.

## 2. Exemption 3

Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2); *see In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir.), *cert. denied sub nom. Dow Jones & Co., Inc. v. Clinton*, 525 U.S. 820 (1998). Rule 6(e) does qualifies as a "statute" under Exemption 3 because Congress affirmatively enacted it. *Fund for Constitutional Gov't v. Nat'l Archives and Records Serv.*, 656 F.2d 856, 867-68 (D.C. Cir. 1981). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of FOIA, the United States Court of Appeals for the District of Columbia Circuit limits the exception to material which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of P.R.*, 823 F.2d at 582 (*quoting Securites and Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980)).

The ATF withholds in their entirety 63 pages of grand jury transcripts. *See* October 15, 2005 *Vaughn* index (Doc. 16). Although the defendant's declarations do not discuss the exemption, the court concludes that release of these grand jury transcripts necessarily discloses

secret aspects of the grand jury proceedings. Because it is well-settled that matters occurring before a grand jury are exempt from disclosure under Exemption 3, *Senate of the Commonwealth of P.R.,* 823 F.2d at 582, the court concludes that the grand jury transcripts are exempt from disclosure.

### 3. Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Thus, it applies to documents that are normally privileged from discovery. *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

The deliberative process privilege is thought to "prevent injury to the quality of agency decisions." *Sears, Roebuck & Co.*, 421 U.S. at 151. Such protection encourages frank discussion of policy matters, prevents premature disclosure of proposed policies, and avoids public confusion that may result from disclosure of rationales that were not ultimately grounds for agency action. *See, e.g., Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). To fall within the scope of Exemption 5, the agency bears the burden of showing that the information in question meets two requirements: that the communication at issue occurs before a decision was made, and that it be a direct part of a deliberative process in that it makes recommendations or expresses opinions on legal or policy matters. *See Sears, Roebuck & Co.*, 421 U.S. at 151; *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

The ATF satisfies its burden with respect to information withheld from a March 17, 1988 memorandum from the ATF to the Financial Crimes Enforcement Network (FinCEN) which discussed "a possible course of investigation that apparently was not ultimately pursued."

Graham II Decl. ¶ 7; January 26, 2006 *Vaughn* index (Doc. 14).  There is no explanation in the record, however, with respect to "intra-agency notes" withheld from documents described as "St. Louis City Records."  *See* January 26, 2006 *Vaughn* index (Doc. 48-49).  Neither the defendant's declaration nor the *Vaughn* index establishes that the St. Louis City Records are a direct part of a pre-decisional deliberative process.

### 4.  Exemption 7

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that the production of such records would cause an enumerated harm.  5 U.S.C. § 552 (b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  A record is considered to have been compiled for law enforcement purposes if it was "created or acquired in the course of an investigation and the nexus between the investigation and one of the agency's law enforcement duties is based on information sufficient to support at least a colorable claim of its rationality."  *Quiñon v. Fed. Bureau of Investigation*, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (quoting *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982)).  It is evident from the nature of the plaintiff's FOIA requests and from the defendant's descriptions of the relevant documents that the relevant records were compiled for law enforcement purposes.  Thus, the ATF meets its threshold showing for applying Exemption 7.

#### a.  Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(7)(C). In determining whether this exemption applies to particular material, the

court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. *Brown v. Fed. Bureau of Investigation*, 658 F.2d 71, 75 (2d. Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). "[T]he identity and interest of the party requesting the document are irrelevant to this balancing." *Mays v. Drug Enforcement Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2001).

The ATF properly withholds the names of and identifying information about federal and state law enforcement personnel. *See* September 15, 2005, October 5, 2005 and January 26, 2006 *Vaughn* indices. Redaction of the names of law enforcement officers routinely is upheld. *See Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) (finding legitimate interest in protecting the identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Anderson v. U.S. Marshals Serv.*, 943 F. Supp. 37, 40 (D.D.C. 1996); *Pray v. Dep't of Justice*, 902 F. Supp. 1, 3 (D.D.C. 1995), *aff'd in relevant part*, 1996 WL 734142 (D.C. Cir. Nov. 20, 1996) (finding possibility of animosity toward FBI agents outweighed any possible benefit from disclosure). As the ATF explains, "[p]ublic identification of Federal, State and local law enforcement personnel . . . could conceivably subject them to harm and harassment in their official duties and private lives." Graham I Decl. ¶ 15.

Similarly, the ATF properly withholds the names of third parties mentioned in these law enforcement records. *See* September 5, 2005, September 15, 2005, October 5, 2005 and January 26, 2006 *Vaughn* indices. Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773-775; *SafeCard Serv., Inc*, 926 F.2d at 1205-06.

Contrary to the plaintiff's assertions, Pl.'s Opp'n at 12-15, submission of the ten privacy waivers does not lead inexorably to the conclusion that the ATF must release all the relevant records in their entirety. For example, with respect to his request for a tape of a September 27, 1997 telephone conversation, he received a redacted audiotape so that voices of persons whose privacy waivers were not submitted were not released. Chisholm II Decl. ¶ 15.

The disclosure of the names of private individuals mentioned in law enforcement files would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis,* 968 F.2d at 1282 (quoting *SafeCard Serv., Inc.*, 926 F.2d at 1205-06). A requester "must establish more than a bare suspicion" that government officials acted negligently or improperly. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). "Rather, [he] must produce evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred." *Id.*; *Oguaju v. United States of America*, 378 F.3d 1115, 1117 (D.C. Cir. 2004), *cert. denied*, 544 U.S. 983 (2005). The plaintiff offers no evidence, compelling or otherwise, to

overcome the recognized privacy interests protected by Exemption 7(C).[13]  The court concludes that the defendant properly withheld the names of and identifying information about law enforcement personnel.

### b. Exemption 7(D)

Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation. . ., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).  There is no assumption that a source is confidential for purposes of Exemption 7(D) whenever a source provides information to a law enforcement agency in the course of a criminal investigation.  *See U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993).  Rather, a source's confidentiality is determined on a case-by-case basis.  *Id*. at 179-80.  "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred."  *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (citing *Landano*, 508 U.S. at 170-74).

The ATF's supporting declarations shed little light on whether the confidential source or sources expressly had been granted confidentiality, or whether the circumstances of their

---

[13] This rationale applies equally to the ATF's decision to withhold the names of informants and special agents contained in the agency's model Confidential Informant Agreement.  *See* Chisholm II Decl. ¶ 5.  The model agreement uses actual names of informants and special agents "rather than obviously fictitious names such as 'John Q. Public,'" *id.*, and thus this information properly is withheld under Exemption 7(C).

assistance were such that an assurance of confidentiality reasonably could be inferred. *See* Graham I Decl. ¶ 16; Graham II Decl. ¶ 6; Chisholm II Decl. ¶¶ 13, 16, 20. What little explanation there is does not meet the ATF's burden. It appears in one instance that "ATF had an implied assurance of confidentiality with a witness whom another Federal law enforcement agency had registered as a confidential informant." Chisholm II Decl. ¶ 20. This statement does not establish that "the particular *source*[s] spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. at 172 (emphasis in original). Nor does it describe the nature of the crime investigated and informant's relation to it. *See id.* at 179-80; *Quiñon*, 86 F.3d at 1231.

In another instance, the ATF withholds portions of taped conversations because one of the participants "was a confidential informant with an express promise of confidentiality." *Id.* ¶ 16. The ATF's "bald assertion that express assurances were given amounts to little more than a recitation of the statutory standard, [] is insufficient." *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 584 (D.C. Cir. 2000). Accordingly, the court concludes that the defendant fails to justify nondisclosure of these documents under Exemption 7(D).

### c. Exemption 7(E)

Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). It provides categorical protection to information related to law enforcement

techniques. *Fisher v. U.S. Dep't of Justice*, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992). In justifying the application of Exemption 7(E), the agency may describe the general nature of the technique while withholding the full details. *See Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 83 (D.D.C. 1998). In some cases it is not possible to describe secret law enforcement techniques without disclosing the very information withheld. *See, e.g., Nat'l Security Archive v. Fed. Bureau of Investigation*, 759 F. Supp. 872, 885 (D.D.C. 1991). The agency is not excused, however, from providing the court with information sufficient for it to decide whether the information is properly withheld under Exemption 7(E). *See id.*

The ATF offers practically no description of the material withheld. *See* Graham I Decl. ¶¶ 10, 17; September 15, 2005, October 5, 2005 and January 26, 2006 *Vaughn* indices. Rather, its declarations tend to recite the language of the FOIA exemption and refer to the *Vaughn* indices, without explaining why the release of the information would compromise law enforcement by, for example, revealing investigatory techniques that are not widely known to the general public. Descriptions such as "techniques involving consensual monitoring" *see* October 5, 2005 *Vaughn* index (Doc. 9-12), and "investigative techniques," *see* January 26, 2006 *Vaughn* index (Doc. 31), alone are inadequate.[14] Defendant fails to justify the nondisclosure of these documents withheld under Exemption 7(E).

### d.  Exemption 7(F)

Exemption 7(F) protects from disclosure information contained in law enforcement

---

[14] The January 26, 2006 *Vaughn* index lists four documents (Doc. 8, 9, 10 and 15) which evidently pertain to the OIP's release of information responsive to Request No. 05-352 (Appeal No. 05-0949). Neither the index nor the declaration provide a disclosure file number for these items. The ATF withholds information from these records under Exemption 7(E) also, and fails to offer an adequate explanation for this decision.

records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). None of the ATF's supporting declarations specifically address the agency's rationale for withholding all or portions of responsive records under Exemption 7(F). It is possible that the ATF invokes Exemption 7(F) in conjunction with one or more other exemptions with respect to the same material. The court cannot make such a determination, however, on the basis of the current record.

### IV.  CONCLUSION

The court concludes that the ATF conducted an adequate search, and that it properly withheld information pursuant to Exemptions 3 and 7(C). The court also concludes that the ATF has not established the absence of genuine issues of material fact in dispute as to the proper withholding of information under Exemptions 2, 5, 7(D), 7(E), and 7(F). Accordingly, the court grants defendant's motion for summary judgment in part, and denies the motion in part without prejudice. The court further orders the defendant to submit a revised *Vaughn* index and a renewed motion within 45 days of the court's decision. An order consistent with this Memorandum Opinion is issued separately and contemporaneously on this 29th day of September, 2006.

RICARDO M. URBINA
United States District Judge