## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1096 (RMU) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives, by and through undersigned counsel, respectfully renews its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") case. The grounds for this renewed motion are set forth in the accompanying Defendant's Memorandum in Support of Renewed Motion for Summary Judgment. This motion is supported by the Third Declaration of Peter J. Chisholm, Acting Chief of the Disclosure Division for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("3d Chisholm Dec."). A statement of material facts not in genuine dispute and a draft order are attached.

Plaintiff should once again take notice that any factual assertions contained in the declaration and other attachments in support of the defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the defendants' materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: December 20, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                    |     |                                    |
|------------------------------------|-----|------------------------------------|
| WILLIE E. BOYD,                    | )   |                                    |
|                                    | )   |                                    |
|     Plaintiff, | )   |                                    |
|                                    | )   |                                    |
|     v.         | )   | Civil Action No. 05-1096 (RMU)     |
|                                    | )   |                                    |
| BUREAU OF ALCOHOL, TOBACCO,        | )   |                                    |
| FIREARMS, AND EXPLOSIVES,          | )   |                                    |
|                                    | )   |                                    |
|     Defendant. | )   |                                    |
|                                    | )   |                                    |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
RENEWED MOTION FOR SUMMARY JUDGMENT**

On September 29, 2006, the Court granted in part and denied in part without prejudice defendant's initial motion for summary judgment. See Sept. 29, 2006 Order [Docket Entry No. 34]. The Court held that defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") had conducted an adequate search for records in response to plaintiff's requests for information under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and properly withheld limited information from him under Exemptions 3 and 7(C) of the FOIA. Id.; see also Sept. 29, 2006 Mem. Op. at 7-9, 11-12, 13-16 [Docket Entry No. 33]; 5 U.S.C. § 552(b)(3); 5 U.S.C. § 552(b)(7)(C). However, the Court also determined that ATF's evidence up to that point was insufficient to invoke Exemptions 2, 5, 7(D), 7(E), and 7(F) to protect certain other information from disclosure in response to plaintiff's request. See id. at 10, 16-19. Accordingly, the Court directed ATF to file a renewed motion for summary judgment. Sept. 29, 2006 Order.

Accordingly, defendant ATF now supplements the record before the Court with the Third Declaration of Peter J. Chisholm, Acting Chief of ATF's Disclosure Division, which further

justifies the agency's  invocation of Exemptions 2, 5, 7(D), 7(E), and 7(F).  Mr. Chisholm's

Third Declaration is attached as Exhibit 1.

**Argument**

The remaining issues in this case involve the application of five of the available FOIA

exemptions, some of which pertain exclusively to law enforcement records maintained by ATF.

As set forth in defendant's initial motion for summary judgment, plaintiff made two requests for

information.  The first was for "the policies and procedures of BATF (sic) on confidential

sources and/or confidential informants," and the second was for "information regarding: Mary

DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd,

Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin" for whom plaintiff

supplied waivers of privacy rights allowing the release of information to him.  See Def.'s Mem.

in Support of Mot. for Summ. J. [Docket Entry No. 18] at 1-3.[1]

Although the FOIA provides generally a statutory right of access to certain government

information, it allows government agencies to withhold certain types of information because,

among other reasons, Congress recognized the danger to law enforcement investigations,

personnel, and others posed by public disclosure.  Accordingly, FOIA directs government

agencies to disclose agency records to citizens who request them, unless the requested records

fall within one of FOIA's nine enumerated exemptions.  Summary judgment is appropriate when,

as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue

of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

---

[1]  Defendant's initial motion was supported by the initial and Second Declarations of Averill P. Graham and the Second Declaration of Peter J. Chisholm.  Copies of these declarations are attached as Exhibits 2, 3, and 4 for the convenience of the Court.

P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v.

EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude

entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir.

1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency

to justify all nondisclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm.

For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden of proof, agencies

may rely on declarations of government officials which courts normally accord a presumption of

expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in

good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v.

National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v.

Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978). Once the Court determines that the

declarations are sufficient, it need not inquire further.

   In this case, ATF justifies its assertion of the remaining exemptions at issue through both

a general description of their application, supplemented by the Third Chisholm Declaration, as

well as by providing a Vaughn index which was submitted with the Declarations of Averill P.

Graham and Second Declaration of Peter J. Chisholm in support of ATF's first motion for

summary judgment. See Exhibits 2 - 4. The purpose of a Vaughn index is "to permit adequate

adversary testing of the agency's claimed right to an exemption." NTEU v. Customs, 802 F.2d

525, 527 (D.C. Cir. 1986), citing Mead Data Central v. United States Dept. of the Air Force, 566,

F.2d 242, 251 (D.C. Cir. 1977), and Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973), cert.

denied, 415 U.S. 977 (1974). Taken together, the evidence contains "an adequate description of

the records" and "a plain statement of the exemptions relied upon to withhold each record."

NTEU, 802 F.2d at 527 n.9.  Based on this supplemented record,  summary judgment in favor of

defendant ATF is appropriate because the pleadings, together with the declarations, demonstrate

that there is no genuine issue of material fact and that the moving party is entitled to judgment as

a matter of law.  Fed. R. Civ. P. 56(c).

> A.     **ATF Properly Invoked Exemption 2**

Exemption 2 under FOIA exempts from mandatory disclosure records that are "related

solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Not long

after FOIA was passed, the Supreme Court declared that Exemption 2 was intended to relieve

agencies of the burden of assembling and providing access to any "matter in which the public

could not reasonably be expected to have an interest" and matters of public interest "where

disclosure may risk circumvention of agency regulation."  Department of Air Force v. Rose, 425

U.S. 352, 369-70 (1976).  Subsequently, courts have approved two general categories of

withholdings under Exemption 2: (1) internal matters of a relatively trivial nature (sometimes

referred to as "low-2"); and (2) more substantial internal matters for which disclosure would risk

circumvention of a legal requirement (sometimes called "high-2").  Schiller v. NLRB, 964 F.2d

1205, 1207 (D.C. Cir. 1992); see Crooker v. ATF, 670 F.2d 1051 (D.C. Cir. 1981) (en banc)

(setting forth a two part test for high-2 material).

In this case, ATF withheld internal computer codes and file numbers and other internal

markings used to store and retrieve law enforcement information.  Graham Dec. ¶ 8 & Vaughn

index for File No. 05-352.  These internal markings were on the ATF Confidential Informant

Order.  Id.  The Court's September 26, 2006 Memorandum Opinion indicated that ATF had not

thoroughly explained "how . . . disclosure [of internal computer codes and markings] may risk circumvention of law enforcement efforts."  Sept. 26, 2006 Mem. Op. at 10.

The material being withheld relates to the operation of the Treasury Enforcement Communications System ("TECS").  3d Chisholm Dec. ¶ 5.  The information reveals the computer terminal from which the inquiry was made and shows the route to the mainframe computer, as well as codes that step the user through the screens and other programs.  Id.  In other words, the information being withheld amounts to the guts or inner workings of a computer system containing records of the central database of Treasury law enforcement.  In the hands of people with a sophisticated knowledge of computer systems, such information could enable or assist with attempts to hack into the system.  Id.  Unauthorized access of the database system could allow individuals to find out if ATF is investigating them and allow them to alter their activities to avoid detection or to disrupt ATF's investigations by tampering with or erasing records.  Because a FOIA disclosure to one person is equivalent to making a release of the material to the world, ATF must invoke Exemption 2 to protect this material regardless of the level of plaintiff's computer skills.   See National Archives & Records Admin. v. Favish, 541 U.S. 157, 170-71 (2004).

Moreover, this Court has previously held that disclosure of this information is unwarranted because it is purely internal and disclosure would significantly risk circumvention of the law.  Prows v. United States Dep't of Justice, No. 90-2561, 1996 WL 228463, at *2 (D.D.C. Apr. 25, 1996) (protecting internal DEA markings and phrases, including G-DEP and NADDIS codes, that could, if released, facilitate improper access to sensitive information); Hall v. United States Dep't of Justice, No. 87-474, 1989 WL 24542, at *2 (D.D.C. Mar. 8, 1989) (protecting

- 5 -

various items that "could facilitate unauthorized access to [agency] computer systems"); Institute for Policy Studies, 676 F. Supp. at 5 (exempting record revealing sensitive portions of agency's computer system which could be used to locate system's vulnerabilities); see Windels, Marx, Davies & Ives v. Department of Commerce, 576 F. Supp. 405, 412 (D.D.C. 1983) (protecting computer program under Exemptions 2 and 7(E) because it merely instructs computer how to detect possible violations of law and does not regulate or modify public behavior). Accordingly, ATF properly applied Exemption 2 to protect its internal sensitive information for which no public interest in release exists.

> **B.    ATF Correctly Utilized Exemption 5 to Withhold Handwritten Notes on Documents 48 & 49**

The Court has already held that ATF properly invoked Exemption 5 with regard to information contained in a March 17, 1988 Memorandum. See Sept. 26, 2006 Mem. Op. at 12. However, the Court found that ATF failed to provide enough information to justify the Exemption 5 withholdings in two documents labeled as "St. Louis City Records" which have been identified in this litigation as Documents 48 and 49. Id. at 13.

Exemption 5 protects internal agency communications "which would not be available by law to a party. . . in litigation with the agency." 5 U.S.C. § 552(b)(5). In other words, this exemption protects documents normally privileged in the civil discovery context. FTC v. Grolier Inc., 462 U.S. 19, 26 (1983); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975). This section of the FOIA incorporates the attorney-client privilege, the attorney work-product doctrine, and the executive "deliberative process privilege that protects candid internal discussions of legal or policy matters." Maricopa Audubon Soc'y v. United States Forest Serv.,

- 6 -

108 F.3d 1082, 1084 n.1 (9th Cir. 1997). Courts have either explicitly or implicitly recognized

that the work-product doctrine is applicable to criminal prosecutions by upholding under

Exemption 5 the nondisclosure of documents prepared in criminal investigations and

prosecutions. See Antonelli v. Sullivan, 732 F.2d 560, 561 (7th Cir. 1983); Ferri v. U.S. Dept. of

Justice, 573 F.Supp. 852, n. 33 (W.D. Pa. 1983); Harvey v. U.S. Dep't of Justice, 747 F.Supp.

29, 37 (D.D.C. 1990); Durham v. U.S. Dep't of Justice, 829 F.Supp. 428, 433 (D.D.C. 1993);

Jimenez v. FBI, 938 F.Supp. 21, 28 (D.D.C. 1996). Further, Fed. R. Crim. Proc. 16(a)(2)

excludes from disclosure the discovery or inspection of reports, memoranda, or other internal

government documents made by the attorney for the government or any other government agent

investigating or prosecuting the case. "[U]nder Rule 16(a)(2), [a defendant] may not examine

Government work product in connection with his case." United States v. Armstrong, 517 U.S.

456, 116 S.Ct. 1480, 1485 (1996).

    Thus, Exemption 5 covers the handwritten notes on Documents 48 and 49 because they

fall within the deliberative process privilege and the work product doctrine. They are two real

property records from the St. Louis City Assessor's Office. See 3d Chisholm Dec. ¶ 8. These

records are part of the ATF's investigation into plaintiff's activities. Id. The only information

being withheld is a handwritten note by an ATF Special Agent about whether additional

information is needed to assess whether a criminal prosecution can go forward. See id. The

notes were made prior to the handing down of an indictment and reflect purely internal

communication about the development of the investigation. Id. As such, these notes reflect

internal legal matters and investigational material connected to a future criminal prosecution.

Accordingly, because reflect the same kind of purely internal, pre-decisional communications

that the Court approved in the March 17, 1988 Memorandum, and the Court should likewise

approve the limited withholding of handwritten notes by an ATF Special Agent under Exemption

5.  See SafeCard Servs. v. SEC, 926 F.2d 1197, 1202 (D.C. Cir. 1991) (Exemption 5 applies to

law enforcement investigations when the investigation is "based upon a specific wrongdoing and

represent[s] an attempt to garner evidence and build a case against a suspected wrongdoer.");

Durham v. United States Dep't of Justice, 829 F. Supp. 428, 432-33 (D.D.C. 1993) (protecting

material prepared by government personnel under prosecuting attorney's direction). Such

information about the need for additional investigation reflects the Special Agent's deliberation

on the strength of the evidence gathered up to that point, and would not ordinarily be available in

discovery.  If it were, government agents would hesitate before committing their candid opinions

to writing.

> ### C.    ATF Properly Applied Exemption 7(D)

The Court already found that ATF satisfies the threshold for invoking Exemption 7's

protection of law enforcement records.  See Sept. 26, 2006 Mem. Op. at 13.  Exemption 7(D) of

the FOIA exempts from mandatory disclosure records or information compiled for law

enforcement purposes if the disclosure:

> could reasonably be expected to disclose the identity of a confidential source,
> including a State, local, or foreign agency or authority or any private institution
> which furnished information on a confidential basis, and, in the case of a record or
> information compiled by a criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a lawful national security
> intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552 (b)(7)(D).  Exemption 7(D)'s "paramount objective" "is to keep open the

Government's channels of confidential information."  Birch v. United States Postal Serv., 803

- 8 -

F.2d 1206, 1212 (D.C. Cir. 1986). Here, the Court's September 26, 2006 decision sought

clarification about whether one or more sources either had actually been granted confidentiality

or if ATF was instead relying on an inference of confidentiality from the circumstances of its

investigation or plaintiff's activities. See Sept. 26, 2006 Mem. Op. at 16-17.

When invoking Exemption 7(D), the agency must demonstrate that the information was

compiled for a law enforcement purpose, that an informant provided the information under either

an express or an implied promise of confidentiality and, under the first clause of 7(D), that

disclosure could reasonably be expected to disclose the source's identity. United States Dep't of

Justice v. Landano, 508 U.S. 165, 171-72 (1993). If an individual has not been given an express

promise of confidentiality, the agency may demonstrate that a source has been given an implied

promise of confidentiality based upon the circumstances of the case. Landano, 508 U.S. at

179-80. The government may establish implied assurances of confidentiality by describing

"generic circumstances in which an implied assurance of confidentiality fairly can be inferred."

Id. at 179.

The term "confidential source" is very broad. See, e.g., Gula v. Meese, 699 F. Supp. 956,

960 (D.D.C. 1988) (crime victims); Putnam v. United States Dep't of Justice, 873 F. Supp. 705,

716 (D.D.C. 1995) (medical personnel). Moreover, the term "confidential" signifies that the

information was provided in confidence or in trust, with the assurance that it would not be

disclosed to others. Dow Jones & Co. v. Department of Justice, 917 F.2d 571, 575-76 (D.C. Cir.

1990). As such, "the question is not whether the requested document is of the type that the

agency usually treats as confidential, but whether the particular source spoke with an

understanding that the communication would remain confidential." Landano, 508 U.S. at 172 .

- 9 -

Here, an ATF Special Agent worked with an individual who had been registered as a confidential informant by another federal law enforcement agency conducting a related investigation.  See 3d Chisholm Dec. ¶ 10.  When the strength of the nexus of the same informant to a related investigation is combined with the nature of the criminal activities under investigation, including firearms and controlled substance violations, and plaintiff's past record of convictions for violent crimes, including drug trafficking and illegal possession of firearms, id., an implied assurance of confidentiality is warranted.  See United States v. Boyd, 180 F.3d 967 (8th Cir. 1999) (summarizing plaintiff's criminal case and affirming his 1998 conviction and 276-month sentence of imprisonment for possession with intent to distribute cocaine, possession of a firearm by a convicted felon, using false Social Security Numbers, and filing of false currency transaction reports); see, e.g. , Parker v. Department of Justice, 934 F.2d 375, 378 (D.C. Cir. 1991); Dow Jones & Co. v. Department of Justice, 917 F.2d 571, 576 (D.C. Cir. 1990).  Thus, the record makes clear the nature of the crimes was illegal drug trafficking and weapons possession.  That ATF's Special Agent obtained information from the confidential source(s) in the course of investigating plaintiff's activities demonstrates that the person(s) provided information relevant to the investigation.  See 3d Chisholm Dec. ¶ 10; see also Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (implied assurance of confidentiality found where crimes investigated were serious and violent and sources were "sufficiently close to" targets of investigation); Hale v. Dept. of Justice, 99 F.3d 1025, 1031 (10th Cir. 1996).

Mr. Chisholm's Third Declaration also clarifies that ATF did not withhold names of the participants but names mentioned by them.  See 3d Chisholm Dec. ¶ 11; Sept. 26, 2006 Mem. Op. at 17.  The protection of Exemption 7(D) extends not only to the identity of the confidential

- 10 -

source(s) but also to all information they provide. Pollard v. FBI, 705 F.2d 1151, 1155 (9th Cir.

1983); see also Stone v. Defense Investigative Serv., 816 F. Supp. 782, 788 (D.D.C. 1993)

(protecting "information so singular that to release it would likely identify the individual"); Doe

v. U.S. Dept. of Justice, 790 F. Supp. 17, 21 (D.D.C. 1992) (when source is well known to

individual investigated, agency must protect "even the most oblique indications of identity").

　　　　In fact, the applicability of Exemption 7(D) to ATF's informants in this particular

investigation was previously resolved by this Court in a case involving the same parties. See

Sept. 22, 2004 Memorandum at 2, C.A. 99-2712 (JR) (copy attached as Exhibit 2 to Def.'s

Motion for Summary Judgment); March 15, 2002 Mem. & Order at 8, C.A. 99-2712 (JR)

(discussing ATF's use of confidential informants in investigation of plaintiff's activities and

approving ATF's withholdings under Exemption 7(D)) (copy attached as Exhibit 3 to Def.'s

Motion for Summary Judgment). The judgment in favor of ATF is not yet final because the

parties await a decision from the D.C. Circuit in plaintiff's appeal.[2]  If the decision on that issue

becomes final and the D.C. Circuit affirms the District Court's decision, plaintiff will be

precluded from further argument by the operation of issue preclusion.

### D.　　ATF Invoked Exemption 7(E) to Protect Law Enforcement Techniques

　　　　One of plaintiff's FOIA requests explicitly sought information regarding ATF's methods

for dealing with confidential informants. First Declaration of Averill P. Graham, ¶ 2 (noting that

ATF assigned this request ATF Disclosure No. 05-352). In response, ATF produced an ATF

Order regarding Informant Use and Operations ("ATF Order"). The ATF Order was provided to

---

　　　　[2]  Plaintiff's appeal of Civil Action 99-2712 (JR) is assigned No. 04-5369. The D.C.
Circuit conducted oral argument on November 17, 2006, and the parties await a decision.

all Criminal Enforcement Personnel and contains policy and instructions concerning the use of informants and conduct of undercover investigations.  See 3d Chisholm Dec. ¶ 13.  These details go to the heart of ATF's law enforcement investigation techniques and, if released, would clearly make it easier for criminals to circumvent the law and evade detection by making it possible for them to identify undercover operations more easily.  See id.  Knowledge of the limitations and requirements could also make it more difficult for ATF to work with cooperating confidential informants who could use such information to create leverage in negotiations with prosecutors.  See id.  ATF applied Exemption 7(E) to withhold the portion of the ATF Order dealing with informant development.  Id.

Exemption 7(E) protects all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions.  Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F. Supp. 496, 501 (D.D.C. 1997), citing Fisher v. United States Dep't of Justice, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992).

**E.    ATF Correctly Invoked Exemption 7(F)**

ATF applied Exemption 7(F) in conjunction with Exemptions 7(C) and (D) to ensure protection of the identifying information and safety of individuals associated with its investigation of plaintiff's violent activities.  See 3d Chisholm Dec. ¶ 14.  Exemption 7(F) allows

- 12 -

agencies to withhold identifying information of individuals when disclosure "could reasonably be

expected to endanger [that person's] life or physical safety." 5 U.S.C. § 552(b)(7)(F). Plaintiff's

conviction in this case involved controlled substances and weapons, and plaintiff worked with

others. See Boyd, 180 F.3d at 972-75. The serious and potentially violent nature of such crimes

coupled with plaintiff's lengthy sentence supports DEA's treatment of strict confidentiality for all

informants. Cf . Perrone v. FBI, 908 F. Supp. 24 (D.D.C. 1995) (upholding application of

Exemption 7(F) in case involving a plaintiff who had been convicted of drug trafficking

offenses). Accordingly, ATF's withholding names and personal information of ATF employees,

other law enforcement personnel, and third parties in connection with the investigation of violent

crimes is appropriate and consistent with Exemption 7(F).

### F.    The Privacy Act Affords Plaintiff No Access Because the Records are Exempt

Having shown that the records have been properly processed under the FOIA, the only

other basis on which plaintiff sought them was under the Privacy Act, 5 U.S.C. § 552a. Because

the records plaintiff requested are exempt from the Privacy Act's disclosure provisions, no

information is being released under that law. The contents of ATF's law enforcement

investigative file of plaintiff's activities are exempt from the Privacy Act's disclosure provisions

because ATF maintains those records in its capacity as a law enforcement agency. Subsection

(j)(2) of the Privacy Act allows an agency by regulation to exempt from mandatory disclosure:

> records maintained by an agency or component thereof which performs as its
> principal function any activity pertaining to the enforcement of criminal laws,
> including police efforts to prevent, control, or reduce crime or to apprehend
> criminals, and the activities of prosecutors, courts, correctional, probation, pardon,
> or parole authorities, and which consists of . . . (B) information compiled for the
> purpose of a criminal investigation, including reports of informants and
> investigators, and associated with an identifiable individual; or (C) reports

identifiable to an individual compiled at any stage of the process of enforcement
of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2); see Graham Dec. ¶ 4.  Consistent with that provision, ATF has issued such

a regulation exempting from disclosure the record plaintiff seeks.  28 C.F.R. § 16.106. Because

all of the records sought by the plaintiff relate to the criminal investigation and prosecution of the

plaintiff and are maintained in the ATF's systems of records, the records are exempt from the

access provisions of the Privacy Act by regulation.  See id.; 28 C.F.R. § 16.106.

### G.    All Reasonably Segregable Material Has Been Released to Plaintiff.

The FOIA requires that if a record contains information that is exempt from disclosure,

any "reasonably segregable" information must be disclosed after deletion of the exempt

information unless the non-exempt portions are "inextricably intertwined with exempt portions."

5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242,

260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a

District Court considering a FOIA action has "an affirmative duty to consider the segregability

issue sua sponte."  Trans-Pacific Policing Agreement v. United States Customs Serv., 177 F.3d

1022, 1028 (D.C. Cir. 1999).  In the course of processing all documents relating to Mr. Boyd's

requests, ATF evaluated each and every document for segregabilitiy.  Graham Dec. ¶ 20.

In order to demonstrate that all reasonably segregable material has been released, the

agency must provide a "detailed justification" rather than "conclusory statements."  Mead Data,

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"

that the exempt material would effectively be disclosed.  Id.  All that is required is that the

government show "with 'reasonable specificity'" why a document cannot be further segregated.

- 14 -

Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).

Moreover, the agency is not required to "commit significant time and resources to the separation

of disjointed words, phrases, or even sentences which taken separately or together have minimal

or no information content." Mead Data, 566 F.2d at 261, n.55.

A review of the declaration and Vaughn indices submitted reveals that the ATF carefully

reviewed the information and confirms that all reasonably segregable non-exempt material has

been released. Armstrong, 97 F.3d at 578-79; Mead Data, 566 F.2d at 26.

## Conclusion

Because ATF has now shown that it properly applied Exemptions 2, 5, 7(D), 7(E) and

7(F) to the material it withheld from plaintiff, and that it has released all reasonably segregable

non-exempt information, the Court should grant ATF's renewed motion for summary judgment

and enter final judgment in favor of defendant.

Dated:  December 20, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 20th day of December, 2006, I placed a copy of the foregoing **DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

_____
Jane M. Lyons
Assistant United States Attorney