UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, AND EXPLOSIVES, )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 05-1096 (RMU) |

**DEFENDANT'S REVISED STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7(h), defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") respectfully submit this statement of material facts not in genuine dispute in support of its motions for summary judgment.

1. By letter dated December 6, 2004, plaintiff requested from ATF "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants." Declaration of Averill P. Graham ("Graham Dec."), ¶ 2. ATF assigned this request ATF Disclosure No. 05-352. Id.

2. By letter dated December 1, 2004, plaintiff request for records and information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin. Id. & ¶ 12 (plaintiff supplied waivers for each of the ten individuals). ATF assigned this request the identification number of No. 05-336. Id.¶ 2.

3. With respect to No. 05-352, ATF responded in early January, 2005 and provided to Mr. Boyd segregable portions of the ATF Confidential Informant Agreement and supporting

instruction documents, e.g., a sample memorandum requesting the registration of an informant. In all, ATF released six pages with redactions were made pursuant to FOIA exemption (b)(7(C). Id. ¶ 3.

4.     After Mr. Boyd appealed ATF's initial response, the Office of Information and Privacy directed the release of an additional sixteen pages with redactions made under Exemptions 2 and 7(E) but otherwise upheld ATF's action. Id. ¶ 6.

5.     In August, 2005, ATF released in full the Attorney General's Guidelines Regarding the Use of Confidential Informants dated May 30, 2002. Id. ¶ 7.

6.     With regard to Mr. Boyd's other FOIA request, No. 05-336, ATF responded by requesting some additional information from Mr. Boyd. Id. ¶ 10. Subsequently, by letter dated March 22, 2005, ATF forwarded to Mr. Boyd twelve (12) documents from Disclosure File 00-311, which was associated with one of Mr. Boyd's earlier FOIA requests. Id. ¶¶ 4, 13. ATF applied Exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E).

7.     Mr. Boyd appealed ATF's response to the Office of Information and Privacy ("OIP), but OIP dismissed that matter due to the pendency of this litigation. Id. ¶ 14.

8.     On September 15, 2005, ATF released an additional 51 pages with minor redactions under Exemption 5 and other withholdings under Exemption 7(C). Id. ¶ 18.

9.     ATF made a reasonable search for responsive records by confirming through searches of the Treasury Enforcement Communications System II using the names and social security numbers of the ten individuals for whom plaintiff provided waivers (Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin) that the only location of responsive

records was in plaintiff's criminal investigative file. Id. ¶¶ 3-4. That file had been assembled and processed under the FOIA previously in response to plaintiff's request for information about himself. Id.

10. ATF properly withheld computer codes and file numbers and other internal markings used to store and retrieve law enforcement information under Exemption 2. Id. ¶ 8; Second Declaration of Averill P. Graham ("2d Graham Dec."), ¶ 8 & Vaughn Index; 2d Chisholm Dec. ¶ 11 & Vaughn Index; Third Declaration of Peter J. Chisholm ("3d Chisholm Dec."), ¶¶ 5-6.

11. ATF properly applied Exemption 7(C) by withholding information regarding third parties, including law enforcement officers and other personnel, for whom plaintiff did not provide privacy waivers or proof of death. Graham Dec. ¶ 15; 2d Graham Dec. ¶ 8 & Vaughn Index; 2d Chisholm Dec. ¶ 11 & Vaughn Index.

12. ATF correctly withheld information relating to and provided by confidential informants mentioned in plaintiff's criminal case file under Exemption 7(D). Id. ¶ 16; 2d Graham Dec. ¶ 8 & Vaughn Index; 2d Chisholm Dec. ¶ 11 & Vaughn Index; 3d Chisholm Dec. ¶¶ 9-11; see also Sept. 22, 2004 Memorandum, C.A. 99-2712 (JR); March 15, 2002 Mem. & Order, C.A. 99-2712 (JR) (discussing ATF's use of confidential informants in investigation of plaintiff's activities and approving ATF's withholdings under Exemption 7(D)).

13. ATF properly applied Exemption 7(E) by withholding information relating to law enforcement techniques and procedures for law enforcement investigations or prosecutions. Graham Dec. ¶ 17; 2d Graham Dec. ¶¶ 4-5, 8 & Vaughn Index; 2d Chisholm Dec. ¶ 11 & Vaughn Index; 3d Chisholm Dec. ¶ 13.

14.     ATF correctly invoked Exemption 7(F) when it withheld names and identifying information for third parties and law enforcement personnel to protect their safety due to the violent nature of plaintiff's past and current criminal convictions.  See 3d Chisholm Dec. ¶ 14; 2d Graham Dec. ¶¶ 6, 8 & Vaughn Index; 2d Chisholm Dec. ¶ 11 & Vaughn Index.

15.     ATF supplied plaintiff with all of the non-exempt material which could reasonably be separated from the exempt information.  Graham Dec. ¶ 20; 2d Chisholm Dec. ¶ 22.

Dated: December 20, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161