UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Boyd,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives<br><br>　　　Defendants | Case No. 1:05CV01096 RU |

THIRD DECLARATION OF PETER J. CHISHOLM,
ACTING CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS AND EXPLOSIVES

I, Peter J. Chisholm, do hereby depose and say:

1. I am the Acting Chief, Disclosure Division, Bureau of Alcohol, Tobacco Firearms and Explosives (ATF), Department of Justice. In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all ATF

-2-

documents referred to ATF and other agencies, and recording all administrative appeals filed with ATF. Prior to being assigned as the Acting Chief on an emergency basis on November 21, 2005, my position was Senior Disclosure Specialist.

2. I am executing this declaration in connection with the Court's Memorandum Opinion dated September 29, 2002, Granting in Part and Denying in Part the Defendant's Motion for Summary Judgment (hereinafter "Memorandum Opinion.") Specifically, this declaration will provide additional support for ATF's withholdings of information under FOIA Exemptions 2, 5, 7(D), 7(E), and 7(F).

### Exemption 2

3. The Memorandum Opinion states that ATF did not offer a meaningful explanation of how the disclosure of computer codes from the Treasury Enforcement Communications System (TECS), a law enforcement database used by ATF to conduct criminal history checks, may risk circumvention of law enforcement efforts. See Memorandum Opinion at 10.

4. Exemption (b)(2) protects from disclosure material "related solely to the internal personnel rules and practices of an agency," including predominantly internal

matters the disclosure of which would risk circumvention of agency regulations or statutes.

5. Exemption (b)(2) is being invoked for limited and purely internal information contained in the Treasury Enforcement Communications System (TECS), a law enforcement database used by ATF to conduct criminal history checks. The data displayed on screen prints of TECS records is redacted for the following reasons. Information displayed identifies the terminal from which a query was accomplished by a terminal ID and a logical unit ID to show its mainframe connection. The remaining data relates to the software applications that identify how the displayed record was retrieved: specifically, the software program mapping code, the routing codes within the program that allows the query to move from screen to screen, and the codes that allow movement to other programs from the displayed screen. These sensitive codes are information that, in the hands of computer literate individuals with mainframe knowledge and TECS information already released by ATF pursuant to a FOIA request, could provide information on the structure of the mainframe system used and expose the system to circumvention. Further, disclosure could facilitate unauthorized access to TECS and

interfere with investigations and law enforcement activities at all levels.

6. The information withheld from plaintiff also includes internal administrative codes, e.g., laboratory and property tracking numbers or general file numbers. This information is for either administrative and/or law enforcement purposes only and is of no legitimate interest to the public since it reveals nothing about ATF's enforcement activities. Disclosure of this material could also risk circumvention of the law. In addition, this information includes computer codes from other Federal law enforcement computer databases (e.g. NCIC, NLETS) and law enforcement computer databases maintained by the State of Missouri which, in the hands of someone with computer knowledge and a predisposition, may be able to improperly access those databases.

## Exemption 5

7. The Memorandum Opinion concludes that ATF did not provide enough information for documents 48 & 49, which were labeled as "St. Louis City Records," to determine where the information in question was a direct part of a pre-decisional deliberative process. See Memorandum Opinion at 13.

8. Documents 48 and 49 are two St. Louis City Assessor's Office documents concerning certain pieces of real property located in St. Louis, Missouri. ATF personnel were investigating Plaintiff's connection to these properties as part of its investigation of Plaintiff's activities. The information withheld in documents 48 and 49 consists of a handwritten note on each page which indicates the opinion of an ATF special agent that more detailed information is needed, in the form of additional Government records, to determine the viability of a federal criminal violation and/or prosecution. These notes reflect the internal deliberation and communication of agency personnel with each other prior to the decision to indict or recommend indictment. This information is of the same nature as that ATF withheld on Document 14, which the Court accepted, in the sense that both applications of Exemption 5 relate to requests for investigative information.

### Exemptions (b)(7)(D)

9. The Memorandum Opinion states that ATF failed to demonstrate whether a confidential source or sources had been granted confidentiality, or whether the circumstances of their assistance warranted an reasonable inference of confidentiality. See Memorandum Opinion at 16-17.

10. As noted in my prior Declaration, I have been informed that by the ATF Special Agent assigned to ATF's related investigation of the Plaintiff that ATF had an implied assurance of confidentiality with a witness based on the fact that another Federal law enforcement agency had registered him or her as a confidential informant. In addition, an implied assurance was appropriate based on the violent nature of the criminal activities being investigated, firearms and controlled substance violations, as well as the defendant's previous multiple convictions for such offenses.

11. Regarding the deletion of deletion of certain individuals' names, including the name of the name of the informant, ATF did not withhold the names of the participants, as indicated in the Memorandum Order, but rather a certain name or names mentioned by the participants. As noted in the Memorandum Order, ATF has given an express promise of confidentiality to the person or persons mentioned the participants in the conversation in question.

### Exemptions (b)(7)(E)

12. The Memorandum Order held that ATF did not satisfy its burden to withhold portions of an ATF Order

regarding Informant Use and Operations because it did offer a sufficient description of the material in question.

13. This ATF Order was issued to all Criminal Enforcement Personnel and contains policy and instructions relating to informant use and undercover operations during the course of ATF criminal investigations. The ATF Order primarily outlines the development, use and control of ATF Informants, the use of ATF Special Agents in an undercover role, and guidelines on maintaining the security and control of undercover operations and sting operations. Due to the sensitive and dynamic nature of investigations utilizing informants and undercover operations, certain investigative techniques were withheld under b2 and b7E. These techniques, if released, could allow the subject of an ATF investigation intimate knowledge of the restrictions placed on an undercover Special Agents and/or informants, ultimately jeopardizing the safety of the individuals, and compromising the investigation. ATF also withheld portions of one document under b7E for similar reasons; in this instance, specifically detailing information regarding informant development.

**Exemptions (b)(7)(F)**

14. The Memorandum Order held that ATF did not satisfy its burden to withhold information pursuant to Exemption (b)(7)(F). When responding to FOIA requests, ATF generally withholds names and identities of law enforcement personnel and 3rd parties in criminal investigation under b7C. Information is deemed necessary to withhold under b7F if the intention is not just the protection of the privacy of the individual, but to protect the safety of the individual as well. The information withheld under b7F is warranted in this instance, as during the course of the investigation, ATF agents documented concern for individuals' safety, including threats to individuals participating in the investigation. This level of protection is also warranted for the individual or individuals who did not have an express assurance of confidentiality with ATF for which names and identifying information was withheld under b7D.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of December 2006.

_____
Peter J. Chisholm
Acting Chief, Disclosure Division