UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Boyd, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 1:05CV01096 RMU |
| v. ) | |
| ) | |
| Bureau of Alcohol, Tobacco, ) | |
| Firearms and Explosives ) | |
| ) | |
| Defendants ) | |
| ) | |

SECOND DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS, and EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco and Firearms (ATF), Department of Justice. In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be

-2-

disclosed, and processing all ATF documents referred to ATF and other agencies.

2. This Declaration further addresses the FOIA request made by Plaintiff on December 1, 2004 for records and information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin hereinafter referred to as ATF Disclosure No. 05-336. I previously executed a Declaration dealing with, in pertinent part, this request on September 15, 2005.

3 By letter dated December 1, 2004, Plaintiff requested additional information, which had been redacted from releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) from ATF's criminal investigative file on him. In connection with this request, Plaintiff submitted ten waivers in which the named individuals waived any privacy interests in ATF's criminal investigative file on Plaintiff.

4. By letter dated March 22, 2005, ATF forwarded Plaintiff 12 documents from Disclosure File 00-311, under a newly allocated file number of Disclosure File 05-336, with redactions made pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(E).. ATF informed Plaintiff in the

-3-

letter that our review of Disclosure Files 00-1670 and 02-1078 was not yet completed and that, although Plaintiff had the right to immediate appeal, he could delay appeal until he received ATF's release of Disclosure Files 00-1670 and 02-1078 without prejudice.

5.  Plaintiff appealed to the Office of Information and Privacy (OIP), Department of Justice, which handles administrative FOIA appeals for ATF, on March 30, 2005 challenging both the exemptions asserted in ATF's March 22, 2005 release as well as the non-release of documents from the other ATF Disclosure Files.  By letter dated July 12, 2005, OIP informed plaintiff that his appeal was being closed based on the filing of the instant action.  OIP released to Plaintiff sixteen pages from the ATF Order dealing with confidential informants with redactions made pursuant to FOIA exemptions (b)(2) and (b)(7)(E). OIP otherwise upheld ATF's decision regarding its January 7, 2005 release to plaintiff.

6. ATF completed its review of releases previously made to Plaintiff (ATF Disclosure Numbers 00-311, 00-1670, and 02-1078) in light of the aforementioned privacy waivers and released to plaintiff 62 documents on September 15,

-4-

2005.  Three documents were withheld in their entirety pursuant to FOIA exemptions (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(F).  These documents were previously withheld in their entirety pursuant to these FOIA exemptions and the privacy waivers submitted by plaintiff did not result in any additional segregable material.  These withholdings were the subject of previous litigation and were upheld.  <u>Boyd v. United States Marshals Serv.</u>, 2004 U.S. Dist. LEXIS 27406 (D.D.C. Sept. 22, 2004) (Robertson, J.) (motion for summary affirmance pending, See D.C. Cir. Appeal No. 04-5369).

7.  The only additional information withheld in the September 15, 2005 release was one sentence in a memorandum from ATF to the Financial Crimes Enforcement Network dated March 17, 1998.  The sentence was withheld pursuant to Exemption (b)(5) of the FOIA, which authorizes the withholding of information which is considered deliberative.  Traditionally, the courts have established two fundamental requirements, both of which must be met, for the deliberative process privilege to be invoked.  First, the communication must be predecisional, i.e., "antecedent to the adoption of an agency policy."  Second,

-5-

the communication must be deliberative, i.e., "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." In this case, the sentence in question discusses a possible course of investigation that apparently was not ultimately pursued.

8. All of the above withholdings and deletions are more fully described in the attached Vaughn index. In addition, I have been informed that my staff processed these documents in the same manner as those reflected in her earlier declaration. I have further been informed that my staff carefully reviewed all of the documents in question to ensure that all non-exempt information was segregated from exempt information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __5__ day of October 2005.

_____
Averill P. Graham
Chief, Disclosure Division

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
*ATF DISCLOSURE FILE # 05-352*

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-6 | Informant Request Memo | (b)(7)(C) | Names and identifying information of Federal law enforcement officers |
| 7-23 | ATF Confidential Informant Order | (b)(2) (b)(7)(E) | Internal law enforcement codes, techniques involving the solicitation, activation, monitoring, and protection of informants/cooperating witnesses, and agent conduct |

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO WILLIE BOYD**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
*ATF DISCLOSURE FILE # 05-336*

| DOC.# | DOCUMENT DESCRIPTION | EXEMPTION | INFORMATION WITHHELD |
|---|---|---|---|
| 1-3 | ATF Report of Investigation | (b)(7)(C) (b)(7)(D) | Names and identifying information of Federal law enforcement officers and cooperating witness |
| 4-5 | Memo Regarding Witness Threat | (b)(7)(C) (b)(7)(D) (b)(7)(E) | Names and identifying information of Federal law enforcement officer and cooperating witness, and techniques involving witness protection |
| 6-7 | Report of Investigation | (b)(7)(C) | Name and identifying information of Federal law enforcement officers |
| 8 | ATF Property Inventory Form | (b)(7)(C) (b)(7)(D) | Name and identifying Information of Federal law enforcement officer and cooperating witness |
| 9-12 | Consensual Monitoring Approval | (b)(7)(C) (b)(7)(E) | Name and identifying Information of Federal law enforcement officer and techniques involving consensual monitoring |
| 16 | Grand Jury Transcript (63 pages) | Federal Rule of Criminal Procedure 6e | All |
| 28 | Confidential Witness Statement (2 pages) | (b)(7)(C) (b)(7)(D) (b)(7)(F) | All |
| 38 | Handwritten Notes Relating to Confidential Source (4 pages) | (b)(7)(C) (b)(7)(D) (b)(7)(F) | All |