RECEIVED

JAN 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD, pro-se,    )
       Plaintiff,      )
                    )
                    )
v.                  )    Cause No. 05-1096(RMU)
                    )
                    )
BUREAU OF ALCOHOL, TOBACCO,    )
FIREARMS AND EXPLOSIVES,    )
       Defendant.     )
                    )

## PLAINTIFF'S OPPOSITION TO RENEWED MOTION FOR
## SUMMARY JUDGMENT

COMES NOW, PLaintiff Willie E. Boyd, proceeding pro-se, filing his opposition to Defendant's renewed Motion for Summary Judgment, filed with this court on December 20, 2006. The Plaintiff submits the following reasons why this court should deny the motion:

## PROCEDURAL HISTORY OF THE CASE

**1.** On June 2, 2005 the Plaintiff filed his initial complaint against the Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF"), because BATF had failed to provide the plaintiff with responsive requested documents. The Plaintiff had requested the policy and procedure manuels of BATF on confidential sources, plus the plaintiff had requested the third party information in the files on Mary DeArmon, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Albert Greer, Sharron Troupe, Muhammad Mateen, Tommy Franklin, and Alonzo wrickerson.

- 1 -

2.  Before filing the complaint, on January 7, 2005 the Defendant BATF, sent plaintiff the release of documents in BATF Case File # 05-352, on "Informant Request", which consisted of 6-pages of documents. **See: Plaintiff's Response to Defendant's Motion for Summary Judgment, (Hereafter Plaint.R.S.J., Exhibit-E.**

3.  On March 22, 2005 the Plaintiff received a response from BATF, under a new Case File Number # 05-336, with the release of 12-pages of documents on the third party information from the BATF Case files ### 00-311, 00-1670 and 02-1078.  **See: Plaint.R.S.J., Exhibit-H.**

### AFTER FILING THE INTIAL COMPLAINT

4.  On August 1, 2005 the Office of Information and Privacy, released in part, under Appeal case number 05-0949, request no: 05-352, 14-pages concerning policy and procedure on "Confidential Source Information" (although the release document claims it was a total of 16-pages). The released documents were from the ATF Policy Manuel, ATF O 3210.7B, dated June 28, 1989, with redaction pursuant to exemption (b)(2), (b)(6) and (b)(7)(E).  **See: Plaint.R.S.J., Exhibit-I.**

5.  On September 15, 2005 BATF released documents concerning the third party request, pursuant to BATF Case number 05-356, document release numbers 05-332-13 through 05-336-66.  BATF did not mention why it did not release the tape conversations in BATF Case Files ## 04-1132, of May 13, 1997 and September 27, 1997.  **See: Plaint.R.S.J., Exhibit-J.**

6.  On September 21, 2005 Defendant BATF filed their motion for Summary Judgment, with a declaration from Averill P. Graham, and a 1-page Vaughn index, covering documents, ATF Disclosure File # 05-352, Documents 1-6 and 7-23, plus ATF Disclosure File # 05-336, Documents

- 2 -

1-12, with information being withheld from the documents, pursuant to Extemptions (b)(7)(C), (b)(7)(D) and (b)(7)(E); and documents nos. 1-3, 4-5 and 8, had information redacted under (b)(7)(D). **See: Plaint.R.S.J., Exhibit-A, (attached Vaughn index).**

7. On October 21, 2005 the Defendant BATF submitted a Second Declaration from Averill P. Graham, with an additional Vaughn index concerning the 10-Privacy Waivers, which was suppose to cover the release of the 62-pages of September 15, 2006, under BATF Case File # 05-336. but the Vaughn index only covered from ATF Disclosure File # 05-352, Documents 1-67 and 7-23, plus ATF Disclosure File # 05-336, Documents 1-3, 4-5, 6-7, 8, 9-12, 16, 28 and 38. In this Vaughn index there were 10-pages of documents that had a Exemption 7(d) withholding, documents 1-3, 4-5, 8, 28 and 38. **See: Plaint.R.S.J., Exhibit-B, (Copy of Vaughn index).**

8. On or about November 17, 2006 Plaintiff filed his response to Defendant's Motion for Summary Judgment, pointing out the material facts that were genuine in dispute, as the ATF policy and procedures documents and the (b)(2), (b)(6), (b)(7)(E) withholding; the adequacy of the search for responsive documents that were specifically requested, like copies of the May 13, 1997 tape conversation, in BATF Case File # 04-1132. **See: Plaint.R.S.J., pp. 12-15.** The fact that the Defendant BATF, had failed to provide a Vaughn index on some of the documents that had been information redacted. **See: Plaint.R.S.J., pp. 16.** The Plaintiff challenged the withholding under (b)(7)(C) and (b)(7)(D). **See: Plaint.R.S.J., p. 17-22.** The Plaintiff requested for counsel to be appointed to undertake discovery in the case.

**9.** On February 13, 2006 the Defendant BATF filed their Reply in Support of Motion for Summary Judgment, this reply motion was filed after BATF made a new release of documents on January 26, 2006, with a Second Declaration of Peter J. Chisholm, releasing a AFT policy and procedure manuel on "Confidential Informants", ATF Order 3250.1A, and deciding that the previous ATF Order 3210.7B, was a obsolete policy and procedure manuel on confidential informants. **See: Appendix-A, (attached copy of "Informant Use and Undercover Operations", pages 1-38, with redactions under Exemption (b)(2) and (b)(7)(E).**

The Defendant BATF also released a copy of the May 13, 1997 tape conversation, after it filed its summary judgment motion, attempting to cure the inadequacies in its summary judgment motion, were Plaintiff had made challenges to inadequacy of the search and had contested it with disputed facts, were the Defendant BATF would lose on the issue. **See: Appendix-A, (Cover letter of Peter J. Chisholm, releasing a tape conversation, the best available copies & copy of ATF Order 3250.1A).**

Also attached to to Peter J. Chisholm's Second declaration, was in Vaugnh index submitted for the first time covering records in ATF Disclosure File # 05-336, document nos. 13, 14, 15, 16, 17, 18-27, 28, 29-30, 31, 32, 32, 33, 34, 35-36, 37, 38, 39-42, 43-46, 47, 48-49, 50-51, 52, 53, 54-62, 63-64, 65, 66, and ATF Disclosure File # 06-452, which alledgedly consisted of 38-pages of ATF Order 3250.1A, that had redactions to pages 8, 9, 10, 15, pursuant to Exemptions (b)(2) and (b)(7)(E). **See: Appendix-B, (Copy of Def. Reply Motion).** The Vaughn index did not account for documents 1-12, in the ATF Disclosure File # 05-336. **See: Averill II Decl., Vaughn index.**

- 4 -

**10.** On September 29, 2006 the district court issued its "Memoradum and Order", granting in part and denying in part the Defendant's motion for Summary Judgment, the court stated in its order, "Because the ATF conducted an adequate search for responsive records and because the ATF properly withheld information pursuant to FOIA Exemption 3 and 7(C), the court grants the defendant's summary judgment motion in part. Because the ATF has not established the propriety of withholding information under Exemption 2, 5, 7(D), 7(E) and 7(F), the court denies the defendant's motion in part without prejudice." **See: DKT. no. 33, page-1.**

**11.** On December 20, 2006 the Defendant BATF filed its Renewed Motion for Summary Judgment, along with a Third Declaration of Peter J. Chisholm, no <u>Vaughn</u> index was submitted with this declaration. **See: Appendix-C, (Copy of Third Declaration, of Peter J. Chisholm, concerning FOIA Exemptions 2, 5, 7(D), 7(E) and 7(F).**

## WHY THIS COURT SHOULD DENY SUMMARY JUDGMENT ON THE FOLLOWING ISSUES

## THIS COURT SHOULD RECONSIDER ITS HOLDING ON THE ADEQUACY OF THE SEARCH

**12.** The Plaintiff contends that the district court should reconsider its holding concerning the adequacy of the search, when BATF has been dealing with the pro-se litigant in bad-faith, and when it had moved for summary judgment in this case, the Defendant BATF submitted records that were specifically requested by plaintiff in his initial request, which were only released to plaintiff after BATF felt that they would eventually lose on the issue.

The district court held in granting BATF summary judgment on the adequacy of the search for records, that, "The records shows that ATF searched for information pertaining to the third parties whose privacy waivers the plaintiff submitted, using their names and social security numbers, and found responsive records only in the plaintiff's criminal investigation file." **See: Sept. 29, 2006 Mem. Op. at 9.**

Its undisputed that in the plaintiff's initial request for records that a specific request was made for information and records regarding the policies and procedures of BATF, on confidential sources and/or confidential informants, are those that provide information to the BATF, according to statutory policies dictated by the agency, and further stated.

> "persons who have been contracted to perform certain functions
> as informers, how confidential sources are paid, how they
> are monitored and what role they are to play in assisting the
> agents.  I would be interested in viewing copies of contracts
> that are presented to confidential sources who are being
> recruited.  This is a request for all information and records
> in your files that contain information thats vital to the pub-
> lic's understanding as to how the BATF utilizes confidential
> sources."

**See: DKT. no. [1], Exhibit-A.**

Its also undisputed that plaintiff made a specific request for the May 13, 1997 tape conversation of Sharron Troupe, Muhammad Mateen and plaintiff, along with submitting the 10-privacy waivers. **See: DKT. no. [1], Exhibit-B, page-2.**

The Plaintiff made these request before he initiated this litigation, on June 2, 2005.  In this Circuit its well documented that a agency must make "promptly available" records that are "resonably described." in a written request. See: **Yeager v. Drug Enforcemment Admin.,** 678 F.2d 315, 326 (D.C. Cir. 1982).

- 6 -

In regards to the confidential source information requested from
BATF, the agency provided the plaintiff on January 7, 2005 a copy of
a "Informant Agreement" document, which consisted of one-page, and a
"Informant Request" document, which consisted of five-pages. **See:**
**Plaint.R.S.J., Exhibit-E, (The "Informant Request" was ATF O 3250.1A).**

After the plaintiff appealed the nondisclosure of confidential
source withholding to OIP, Mr. Richard Huff, along with ATF and members
of his staff, decided to send plaintiff alledgedly 16-pages of ATF poli-
cy and prosecure manuel on confidential sources. **See: Plaint.R.S.J.,**
**Exhibit-I, (Copy of manuel ATF O 3210.7B, pp. 17-30).**

That release of the confidential source manuel ATF O 3210.7B, was
on August 1, 2005. After the plaintiff challenged the Defendant BATF
motion for summary judgment, the agency subsequantly determined that
the manuel ATF O 3250.7B, was obsolete, and released manuel ATF O 3250.1A,
with redactions under exemptions (b)(2) and (b)(7)(E). This release of
the current confidential source manuel came over a year after the plan-
tiff made his initial request for the materials, and BATF has never
explained what search was conducted in order to determine the manuel ATF
O 3210.7B was obsolete, and why there was not other documents that exist-
ed were responsive to the plaintiff request concerning confidential
source information.

When plaintiff made the challenge in his Opposition motion to sum-
mary judgment, concerning the adequacy of the search, concerning the
May 13, 1997 tape conversation. **See: Plaint.R.S.J., pp. 12-15.** The
Defendant BATF, subsequently relinguished the May 13, 1997 tape conver-
sation, on January 26, 2006.    Without explaining to the district court

- 7 -

why the May 13, 1997 tape conversation was not made available earlier, when plaintiff had made his December 1, 2004 request, nor did the agency explain to the court why this tape conversation was not produced during the agency initial search of the files.

It appears from the record that BATF is not dealing with plaintiff in good faith, and the court should not accept the agencies affidavits in good faith when the agency has been disingenuous and dilatory with the records, when the agency is suppose to make records "promptly available" to the requester.

FOIA requires an agency responding to a FOIA request to conduct a reasonable search using methods which can be reasonably expected to produce the information requested.. See: **Campbell v. United States Dept. of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998).**

The plaintiff requested the court to review certain documents in camera to make the determination as to whether these documents that bear the names of third parties should have been provided to the plaintiff, document in ATF Case  File # 02-1078, document nos. 82-83, 213, 217, 241, 295, 296, 298, 313 and 314. **See: Plaint.R.S.J., pp. 13-14.**

The agency failed to review ATF Case File # DF-58822, which contained e-mails, where SA James Green, was trying to convince someone in the disclosure department that plaintiff was responsible for the death of four-people, and to not give him records. **See: Plaint.R.S.J., Exhibit-L, pp. 27-28, and 19.** These e-mails date back to 1999 and pretty much show how SA James Green was attempting to manipulate the FOIA response, and some of these e-mails have redactions in them that may be responsive to the plaintiff's FOIA request on the privacy waivers.

The court should reconsider its holding on the adequacy of the search.

## WHY THIS COURT SHOULD REJECT BATF RENEWED
## MOTION FOR SUMMARY JUDGMENT ON EXEMP-
## TIONS 2, 5, 7(D), 7(E) and 7(F)

### EXEMPTIONS (b)(2) and (b)(7)(E) WITHHOLDINGS

**13.** The district court rejected the Defendant BATF, claimed exemptions (b)(2) and (b)(7)(E), as to Request No. 05-352, on the confidential source policies and procedures. Being that the Defendant BATF, has concluded that the manuel ATF O 3210.7B, is obsolete and should not have been provided to the plaintiff, the only interest to plaintiff is manuel ATF O 3250.1A, the alledged 38-page manuel on confidential sources. The district court stated in denying the withholding under Exemption (b)(2), the following:

> "With regard to Request No. 05-352, the ATF invokes Exemption 2 to protect internal law enforcement codes, see September 15, 2005 Vaughn index, the disclosure of which "might allow outsiders to circumvent agency functions." Graham I Decl. ¶8. The defendant states vaguely that these codes "are primarily used to store and retrieve law enforcement information." Id. The ATF does not offer a meaningful explanation of how their disclosure may risk circumvention of law enforcement efforts." **See: Sept. 29, 2006 Mem. Op. at 10.**

The Defendant BATF attempted to justify its withholding in its renewed motion for summary judgment, as to (b)(2), at pages 4-6, in its Def. Mem. In Support of Renewed Motion for Summary Judgment, as to pages 8, 9, 10 and 15, also the exemption (b)(7)(E), is being utilized with the same redactions on each of the documents. The Defendant BATF, stated as to its (b)(7)(E) withholdings:

> "These details go to the heart of ATF's law enforcement investigation techiques and, if released, would clearly make it easier for criminals to circumvent the law and evade detection by making it possible for them to identify undercover operations more easily. See id. Knowledge of the limitations and requirements could also make it more difficult for ATF to work with cooperating confidential informants who could use such information to create leverage in negotiations with prosecutors. See id. ATF applied Exemption 7(E) to withhold the portion of the ATF Order dealing with informant developement. Id. **Def.R. Mo. for Sum. Judg., p. 12.**

- 9 -

The Defendant makes its claim of Exemptions to (b)(2) and (b)(7)(E) to all the documents in ATF Disclosure No. 05-352, with a general all-egation to the withholding in 8, 9, 10 and 15, to the documents in the Vaughn index in the Second Declaration of Peter P. Chisholm. BATF does not provide a Vaughn index in its third declaration of Peter J. Chisholm, concerning the information withheld, as a matter of fact, BATF provides no Vaughn index at all in its third declaration of Peter J. Chisholm. See: Appendix-C, (Copy of Third Declaration of Peter J. Chisholm).

The district court should not accept the third declaration of Peter J. Chisholm, when the declaration is not supported by a Vaughn index and gives a general description concerning all the information being withheld under (b)(2) and (b)(7)(E). This court should conduct an in camera inspection of the withheld information, because BATF has not met its burden under (b)(2) or (b)(7)(E), when it hard to determine how the disclosure of ATF 0 3250.1A, policy information on Confidential sources would in some way "may risk circumvention of agency regulation." Schiller v. Dept. of the Air Force, 964 F.2d 1205, 1208 (D.C. Cir. 1990).

## EXEMPTION (b)(5) WITHHOLDING

14. The district Court rejected the Defendant BATF, claimed exemption Under (b)(5), finding that, "There is no explanation in the record, however, with respect to "intra-agency notes" withheld from documents described as "St. Louis City Records" See January 26, 2006 Vaughn Index (DOC. 48-49). Neither the defendant's declaration nor the Vaughn index establishes that the St. Louis City Records are a direct part of a pre-decisional process." See: Sept. 29, 2006 Mem. Op. at 13.

- 10 -

The Defendant BATF, now attempts to justify its withholding under (b)(5), by claiming:

> "Thus, Exemption 5 covers the handwritten notes on Documents 48 and 49 because they fall within the deliberate process privilege and the work product doctrine.  They are two real property records from the St. Louis City Assessor's Office. <u>See</u> 3d Chisholm Dec. ¶18.  These records are part of the ATF's investigation into plaintiff's activities. <u>Id</u>.  The only information being withheld is a handwritten note by an ATF Special Agent about whether additional information is needed to assess whether a criminal prosecution can go forward. <u>See id</u>.  The notes were made prior to the handing down of an indictment and reflect purely internal communication about the development of the investigation. <u>Id</u>. As such, these notes reflect internal legal matters and investigational material connected to a future criminal prosecution."

The district court should reject the Defendant BATF's explanation on its (b)(5) withholding, because it has not complied with the courts order to furnish a <u>Vaughn</u> index as directed in the court's order of September 29, 2006 Memorandum Opinion. **See: Sept. 29, 2006 Mem. Op. at 19.** Memorandum Opinion.  **See: Sept. 29, 2006 Mem. Op. at 19.**

The court should conduct an in camera review of the document nos. 48 and 49.

## EXEMPTION 7(D) WITHHOLDING

**15.**  The district court rejected the (b)(7)(D) withholding, denying the Defendant BATF's motion for summary judgment, based on (2) findings:

**(1).**"It appears in one instance that "ATF had an implied assurance of confidentiality with a witness whom another Federal law enforcement agency had registered as a confidential informant." Chisholm II Decl. ¶20.  This statement does not establish that "the particular source[s] spoke with an understanding that the communication would remain confidential." Landano, 508 U.S. at 172 (emphasis in original).  Nor does it describe the nature of the crime investigated and informant's relation to it. See id. at 179-80; Quinon, 86 F.3d at 1231."

- 11 -

(2). "In another instance, the ATF withholds portions of tape
conversations because one of the participates "was a
confidential informant with an express promise of confi-
dentiality." Id. ¶16.  The ATF's "bald assertions that
express assurances were given amounts to little more than
a recitation of the statutory, [] is insufficient." Bill-
ington v. U.S. Dept. of Justice, 233 F.3d 581, 584 (D.C.
Cir. 2000).  Accordingly, the court concludes that the
defendant fails to justify nondisclosure of these docu-
ments under Exemption 7(D)."

See: Sept. 29, 2006 Mem. Op. at 17.

In the Defendant BATF's renewed motion for summary judgment, they
attempt to justify their withholding by submitting another declaration
by Peter J. Chisholm, which does not cure the deficiency. See: Chisholm
III Decl. ¶ 10-11.

The Defendant BATF argued in their renewed motion for summary judg-
ment, that the informant had an implied assurance of confidentiality,
"Thus, the record makes clear the nature of the crimes was illegal drug
trafficking and weapons possession.  That ATF's Special Agent obtained
information from the confidential source(s) in the course of investigat-
ing plaintiff's activities demonstrates that the person(s) provided
information relevant to the investigation. See 3d Chisholm Dec. ¶ 10;
see also Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995).(implied
assurance of confidentiality found where crimes investigated were seri-
ous and violent and sources were "sufficiently close to "targets of
investigation); Hale v. Dept. of Justice, 99 F.3d 1025, 1031 (10th Cir.
1996)." See: Def. Renewed Mo. for Sum. Judg., at 10.

The Defendant BATF has not demonstrated an implied assurance of
confidentiality as to the nature of this case and the relation, Williams
nor Hale would support a implied assurance of confidentiality, because
plaintiff's charges are not of a violent nature were an informant would

- 12 -

be in fear of his life from reprisal. The plaintiff case is not linked
to any gang or involved any conspirators. The nature of the plaintiff's
criminal case is possession of a firearm and 33-grams of powder cocaine,
which would not imply to anyone that there would be a potential of
violence against the source. The Defendant BATF has not identified any
past record of convictions for violent crimes, that would support an
implied assurance of confidentiality. That argument should be rejected.

It appears from the second argument the Defendant BATF, has chan-
ged their position as to the expressed promise of confidentiality,
stating:

> "Regarding the deletion of deletion of certain individuals' names,
> including the name of the name of the informant, ATF did not with-
> hold the names of the participants, as indicated in the Memoran-
> dum Order, but rather a certain name or names mentioned by the
> participants. As noted in the Memorandum Order, ATF has given
> an express promise of confidentiality to the person or persons
> mentioned the participants in the conversation in question."

**See: Chisholm III Decl. ¶ 11.**

BATF fails to meet the <u>Landano</u> and <u>Billington</u> standard that has
been established in this circuit. The Defendant BATF still are making
"bald assertions" of an expressed assurance of confidentiality, and
does not explain a violent nature of any criminal activity that would
warrant an implied assurance of confidentiality. Nor has BATF attempted
to clarify the contradictions in its <u>Vaughn</u> index's of December 9, 1999
and June 2, 2000. **See: Plaint.R. to Def. Mo. for Summ. Judg., pp. 20-
21.**

Plus the Defendant BATF has failed to provide a <u>Vaughn</u> index on
its (b)(7)(D) withholding as ordered by the district court. The district
court should order an in camera inspection of all (b)(7)(D) withholding
in the case.

- 13 -

## EXEMPTION (b)(7)(F) WITHHOLDING

**16.** The district court rejected the (b)(7)(F) withholding, denying the Defendant BATF's motion for summary judgment, based on the following reasons:

> "None of the ATF's supporting declarations specifically address the agency's rational for withholding all or portions of responsive records under Exemption 7(F). It is possible that the ATF invokes Exemption 7(F) in conjunction with one or more other exemptions with respect to the same material. This court cannot make such a determination, however, on the basis of the current record."

**See: Sept. 29, 2006 Mem. Op. ¶ 19.**

To justify its withholding under (b)(7)(F), BATF stated in its 3rd declaration of Peter J. Chisholm, stating:

> "Information is deemed necessary to withhold under b7F if the intention is not just the protection of the privacy of the individual, but to protect the safety of the individual as well. The information withheld under b7F is warranted in this instance, as during the course of the investigation, ATF agents documented concern for individuals' safety, including threats to individuals participating in the investigation. This level of protection is also warranted for the individual or individuals who did not have an express assurance of confidentiality with ATF for which names and identifying information was withheld under b7D."

**See:  Chisholm III Decl. ¶ 14.**

Defendant BATF has not cited a  supporting case to justify its withholding under exemption (b)(7)(F), nor does declaration of Chisholm identify the plaintiff as making any threats to anyone, further BATF has not identified its withholding under (b)(7)(F) with the nature of plaintiff's crime, because it is not a criminal case that involves violence. **See: Brunetti v. FBI, 357 F.Supp.2d 97 (D.D.C. 2004).**

All exemptions under (b)(7)(F), should be review in an in camera affidavit.

- 14 -

## DEFENDANT BATF IS DEALING WITH THE
## PRO-SE LITIGANT IN BAD-FAITH

In the District Court's September 29, 2006 order the court ordered Defendant BATF, to submit a revised Vaughn index and a renewed motion within 45-days of the court's decision. **See: Sept. 29, 2006 Mem. Op. ¶ 19.** The Defendant BATF has failed to provide a <u>Vaughn</u> Index in its renewed motion for summary judgment.

This can only be taken as a act of bad-faith by the Defendant BATF, who have well trained attorneys representing the agency.

This court should order in camera inspection of all the records to determine if in fact the claims exemptions do apply, were the previous <u>Vaughn</u> index was found to be insufficient.

> ". . . the key question in determining the sufficiency of an index is whether it allows for meaningful challenge by a FOIA plaintiff and de novo review by the district court of agency's claim of exemption. See Church of Scientology, 30 F.3d at 231; Hinton, 844 F.2d at 129." cited in, **Maine v. United States Dept. of Interior**, 124 F.Supp.2d 728, 737 (D.Me. 2000).

The declaration submitted in the renewed motion for summary judgment, which was the Chisholm III declaration, contained only general and conclusory assertions concerning the documents. The declaration does not demonstrate careful analysis of each document by the government, which leave the court to wonder about the applicability of an exemption, and weakens the adversary system without a <u>Vaughn</u> index covering the documents.

> ". . .in camera inspection may be appropriate in two circumstances: when agency affidavits are insufficiently detailed to permit meaning review of the exemption claims, and when evidence of agency bad faith is before the Court." **See: Carter v. Department of Commerce**, 830 F.2d 388, 392-93 (D. C. Cir. 1987).

## THIS COURT SHOULD APPOINT COUNSEL IN THIS CASE

This Court should appoint counsel to conduct discovery in this case, where the agency has submitted declarations that are not well detailed, and are conclusory and it appears from the Defendant BATF's filings, they are not dealing fairly with the pro-se litigant. **See: Willis v. FBI**, 274 F.3d 531 (D.C. Cir. 2001).

This Court should appoint Special Counsel at the close of this case, "circumstances surrounding the withholding raises questions whether agency personnal acted arbitrarily or capriciously with respect to the withholding. . . ." **Section 552(a)(4)(F).**

Special counsel is necessary, when the spirit of FOIA is willfully being violated by the defendant BATF.

The Defendant BATF has not complied with the courts September 29, 2006 Memorandum Opinion, to submit a revised Vaughn index. The Defendant should not be allowed another bit at the apple.

**WHEREFORE,** PLaintiff Willie E. Boyd, prays that this Honorable Court deny the Defendant BATF's renewed motion for summary judgment, and grant the request of the plaintiff, so that justice can be done in this case.

[Dated: _3_ , January, 2007].

Respectfully Submitted,

Willie E. Boyd, pro-se

- 16 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Opposition to Renewed Motion for Summary Judgment, was placed in the Greenville-FCI mailbox, postage prepaid, on January 3, 2007 to:


Ms. Jane M. Lyons
Assistant United States Attorney
Judiciary Center Building
555 Foueth Street, N.W., Room 10-415
Washington, D.C. 20530


By,

Willie E. Boyd, pro-se


This package contains the corresponding appendix's, Appendix A-C, with an attached appendix of the listed materials.