# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1096 (RMU) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF
## RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")'s renewed motion for summary judgment fails to show any genuine issue of fact or law. Each of his arguments is addressed below.  Because the record now shows that ATF properly applied Exemptions 2, 5, 7(C), 7(D), and 7(F), defendant's motion should be granted, and final judgment entered in defendant's favor.

### 1.    Plaintiff's Request For Reconsideration on the Adequacy of the Search Lacks Merit.

In spite of the five page history of this litigation set forth at the outset of his opposition demonstrating ATF's multiple releases of information, plaintiff asks the Court to reconsider its previous finding that ATF conducted a reasonable search for responsive information because of supposed "bad faith."  See Pl.'s Opp. at 5.  The only ground upon which plaintiff relies is that additional information was released after he initiated this litigation.  Rather than bad faith, the agency's continued responses and releases evidence good faith.  See Maynard v. Central Intelligence Agency, 986 F.2d 547, 565 (1st Cir. 1993) ("Rather than bad faith, we think that the forthright disclosure by the [agency] that it had located the misplaced file suggests good faith on

the part of the agency."); <u>Meeropol v. Meese</u>, 790 F.2d 942, 953 (D.C. Cir. 1986); <u>Klunzinger v. IRS</u>, 27 F. Supp. 2d 1015, 1024 (W.D. Mich. 1998) (concluding that continued release of responsive documents attests to agency's good faith in providing a complete response).   Plus, this Court's jurisdiction is limited to ensuring that all responsive records have been released. <u>See</u> 5 U.S.C. § 552(a)(4)(B).

More specifically, plaintiff asserts that ATF's disclosure of a second manual regarding confidential informants demonstrates the inadequacy of the initial search.  <u>See</u> Pl.'s Opp. at 7. Plaintiff also makes much of the tape of a May 13, 1997 conversation, but, in fact, plaintiff has been in possession of that tape for years because he requested it in earlier litigation against the agency.  Plaintiff also claims that ATF failed to review ATF Case File DF-58822 which he also asserts contains e-mails urging that responsive documents should be withheld from plaintiff. The response to the e-mail on which plaintiff relies, however, demonstrates plainly that the General Counsel's office instructed the case agent to forward the entire file for processing under the FOIA, and its contents were subsequently processed and released.  Moreover, the record explains the ATF's treatment of Case File DF-58822.  <u>See</u> 2d Chisholm Dec. ¶ 14.  Because it is a litigation file, it does not contain any other responsive documents, merely duplicates.  <u>Id</u>.

## 2.    The Court Should Uphold ATF's Application of FOIA Exemptions

Plaintiff's primary objection to defendant's renewed motion for summary judgment is that it fails to contain the same type of <u>Vaughn</u> index ATF previously submitted.  <u>See</u> Pl.'s Opp. at 10, 11.  Because the Court requested more detailed information than ATF had previously proffered in a chart format, the Third Chisholm Declaration presents the information supporting withholding under various FOIA exemptions in text format.  "The form of the <u>Vaughn</u> index is

unimportant and affidavits providing similar information can suffice." Spirko v. U.S. Postal Service, 147 F.3d 992, 998 n.4 (D.C. Cir. 1998), citing Gallant v. NLRB, 26 F.3d 168, 172-73 (D.C. Cir. 1994). The general purpose of providing the information to the Court is "to permit adequate adversary testing of the agency's claimed right to an exemption." NTEU v. Customs, 802 F.2d 525, 527 (D.C. Cir. 1986), citing Mead Data Central v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977), and Vaughn v. Rosen , 484 F.2d 820, 828 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Thus, the agency must produce "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record". NTEU, 802 F.2d at 527 n.9. ATF has provided all of this information in a series of declarations and indices which fully explain the records and the exemptions asserted.

In challenging ATF's assertion of Exemption 7(D), plaintiff maintains that an implied assurance of confidentiality should not be applied because the crimes he has been convicted of were:

> not of a violent nature were [sic] an informant would be in fear of his life from reprisal. The plaintiff case is not linked to any gang or involved any conspirators. The nature of the plaintiff's criminal case is possession of a firearm and 33-grams of powder cocaine, which would not imply to anyone that there would be a potential of violence against the source.

Pl.'s Opp. at 12-13. Possession of cocaine with intent to distribute it combined with a firearm is more than sufficient to indicate a potential for violence and to inspire a reasonable person providing information to law enforcement authorities to fear for his or her safety. See United States v. Boyd, 180 F.3d 967 (8th Cir. 1999) (summarizing plaintiff's criminal case). The legal standard for assessing this is an objective one. See Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) Plaintiff's personal disagreement about what constitutes violence or a rational threat

to safety is irrelevant because possession of cocaine with intent to distribute it by a convicted, armed felon constitutes serious criminal conduct that easily creates an inference for implying a promise of confidentiality.

Plaintiff incorrectly contends that ATF has changed its position on the nature of the promise of confidentiality as express or implied.  See Pl.'s Opp. at 13.  What plaintiff fails to recognize is that ATF's documents included information from at least one confidential source who had an express promise of confidentiality from another agency (See 3d Chisholm Dec. ¶ 10), and that other sources and information used by ATF should be protected by an implied assurance.  Requiring ATF to provide more information concerning the confidential sources used by law enforcement would undermine the exemption's protection because detailed descriptions of the associations between the sources and the criminal enterprise or plaintiff would likely allow plaintiff to identify the confidential sources.  Tellingly, although plaintiff argues that the nature of his particular criminal activity is tame, he does not deny that he lacks a motive or intent to harm any source who cooperated with the investigation of his activities by law enforcement. Even if he did, however, ATF's withholdings under Exemption 7(D) should still be upheld.

Mr. Boyd's arguments with regard to Exemption 7(F) ring equally hollow.  Exemption 7(F) allows agencies to withhold identifying information of individuals when disclosure "could reasonably be expected to endanger [that person's] life or physical safety."  5 U.S.C. § 552(b)(7)(F).  This standard does not require proof that the subject of the records or the requester actually engaged in violence.  The law is clear that Exemption 7(F) applies in the context of drug trafficking, the type of offense plaintiff was convicted of.  Cf . Perrone v. FBI, 908 F. Supp. 24 (D.D.C. 1995) (upholding application of Exemption 7(F) in case involving a plaintiff who had

been convicted of drug trafficking offenses).  As with Exemption 7(D), plaintiff's mis-charaterization of his criminal convictions for  possession with intent to distribute cocaine and possession of a firearm by a convicted felon as non-violent should be disregarded because those offenses certainly give rise to a reasonable inference of a threat to physical safety.  See United States v. Boyd, 180 F.3d 967 (8th Cir. 1999).  These crimes clearly warrant application of Exemption 7(F) to the investigation underlying plaintiff's conviction.

### 3.    *In Camera* Review of the Documents Is Unwarranted

Although the FOIA permits in camera inspection, whether to undertake such a burdensome review is firmly committed to the broad discretion of the Court.  Spirko v. United States Postal Serv., 147 F.3d 992, 996 (D.C. Cir. 1998).  In light of plaintiff's submission of Appendices together with his oppositions to defendant's motion, in camera review is particularly unnecessary here because the Court is able to review what ATF produced to plaintiff.  Moreover, ATF has provided reasonably detailed indices and narrative explanations for all of the exemptions it claims.  PHE, Inc. v. United States Dep't of Justice, 983 F.2d 248, 252-53 (D.C. Cir. 1993) (observing that in camera review is generally disfavored, but is permissible on remand arising from inadequate declaration).  The remedy sought by plaintiff, in camera review of the entire case file is inappropriate.  FOIA actions, like any other, are intended to be resolved through the advocacy process; plaintiff's inability to defeat defendant's renewed motion for summary judgment does not entitle him to have the Court examine all of the documents.  Examination of the copies provided by plaintiff corroborates that ATF's separation of exempt from non-exempt

information was carefully done. Therefore, plaintiff's request for in camera review should be denied.

### 4. Plaintiff's Requests for Appointment of Counsel and a Special Counsel Should Be Denied

Appointment of counsel for civil litigants rests in the Court's discretion and is guided by the factors identified in Local Civil Rule 83.11(b)(3) and any other circumstances the Court deems relevant. See also Willis v. Federal Bureau of Investigation, 274 F.3d 531 (D.C. Cir. 2001) (analyzing the factors for appointment of counsel in a FOIA case). The Court has previously rejected Mr. Boyd's requests for counsel in this case.[1] To date, plaintiff's filings with the Court are logical, coherent, and his arguments are supported with citation to both statutes and caselaw. Two of the factors to be weighed in the calculus of appointment of counsel are the complexity of the case and the potential merits of the claims at the time the decision regarding appointment is made. See Local Civil Rule 83.11(b)(3)(ii); see Ficken v. Alvarez, 146 F.3d 978, 981 (D.C. Cir. 1998) ("Because of the evolutionary nature of the *Poindexter* factors, district judges often re-evaluate the need for appointed counsel at various stages of the proceedings."). Throughout this litigation, plaintiff has identified relevant issues and argued his position forcefully, but the remaining issues are not complex and the merits of the claims are particularly

---

[1] It is worth noting that The Honorable James Robertson appointed counsel to conduct discovery on Mr. Boyd's behalf in Civil Action No. 99-2311 (JR) on the adequacy of ATF's search for documents responsive to Mr. Boyd's request for all documents about himself. In that case, attorneys from a prominent D.C. law firm subsequently conducted such discovery, and the case is currently pending on appeal. Previously appointing counsel to ensure the adequacy of ATF's search for information concerning Mr. Boyd weighs heavily against duplicating the expenditure of resources when Mr. Boyd has been in prison and not under any new investigation by ATF since well before the conclusion of the discovery period associated with Civil Action No. 99-2311 (JR).

weak in light of all of the FOIA releases ATF has already made.  See Pl.'s Opp. at 1-5.

To initiate a Special Counsel under the statute, the Court would have to find that: (1) agencies "improperly withheld" records in violation of a court order; (2) the requester is entitled to attorney fees and litigation costs; and (3) agency personnel "acted arbitrarily or capriciously with respect to the withholding." 5 U.S.C. § 552(a)(4)(F).  Because all responsive records have been released or properly withheld under applicable FOIA exemptions, no such findings should be made on this record.  Plaintiff's dissatisfaction with the pace of the releases is not a factor.

## Conclusion

For all these reasons, defendant ATF's renewed motion for summary judgment should be granted.

Dated: January 30, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2007, I placed a copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd

#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

_____
Jane M. Lyons
Assistant United States Attorney