UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, | : |
| Plaintiff, | : Civil Action No.:   05-1096 (RMU) |
| v. | : Document No.:   36 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

Plaintiff brought this action against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. The Court granted defendant's initial summary judgment motion in part and denied it in part without prejudice for its failure to establish the proper withholding of information under Exemptions 2, 5, 7(D), 7(E), and 7(F). The Court deferred its ruling with respect to segregability.

This matter now is before the Court on defendant's renewed motion for summary judgment. For the reasons discussed below, the Court will grant the motion in part and deny the motion in part without prejudice.

I. SUMMARY JUDGMENT STANDARD

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact in dispute, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of

1

any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertions.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

      To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA.  *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  The Court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

II. EXEMPTIONS[1]

*A. Exemption 2*

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Information is exempt under Exemption 2 if it meets two criteria. First, the information must be "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1073 (D.C. Cir. 1981) (en banc); *see Nat'l Treasury Employees Union v. United States Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1985). Second, the agency must show either that "disclosure may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (citations omitted). "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes are protected by the so-called 'high 2' exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992). "High 2" exempt information is "not limited . . . to situations where penal or enforcement statutes could be circumvented." *Id.* at 1208. "Low 2" exempt materials include such items as "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references," *Scherer v. Kelley*, 584 F.2d 170, 175-76 (7th Cir. 1978), *cert. denied sub nom. Scherer v. Webster*, 440 U.S. 964 (1979), and other "trivial administrative data such as . . . data processing notations[] and other administrative markings." *Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 78 (D.D.C. 1998) (citation omitted).

---

[1] The Court has reviewed plaintiff's argument for reconsideration of the prior ruling on the adequacy of the ATF's search for responsive records, *see* Pl.'s Opp'n to Renewed Mot. for Summ. J. at 5-8, and finds it unpersuasive.

ATF redacts "data displayed on screen prints of [Treasury Enforcement Communications System ("TECS")] records." Chisholm III Decl. ¶ 5; *see* Jan. 26, 2006 *Vaughn* Index (Disclosure File # 05-336, Doc. Nos. 13, 35-36, 43-46, 48-52, 54-62, 65-66, and Disclosure File # 05-352, Doc Nos. 8-10, 15).[2] The information displayed "identifies the terminal from which a query was accomplished by a terminal ID and a logical unit ID to show its mainframe connection." Chisholm III Decl. ¶ 5. Other information "relates to the software applications that identify how the displayed record was retrieved: specifically, the software program mapping code, the routing codes within the program that allows the query to move from screen to screen, and the codes that allow movement to other programs from the displayed screen." *Id.* In the hands of computer-literate individuals with knowledge of mainframe computer systems, disclosure of this information "could provide information on the structure of the mainframe system used and expose the system to circumvention." *Id.* In addition, disclosure "could facilitate unauthorized access to TECS and interfere with investigations and law enforcement activities at all levels." *Id.* Because the redacted information also includes computer codes from other federal and state law enforcement computer databases, disclosure, too, may enable "someone with computer knowledge and a predisposition [] to improperly access those databases. *Id.* ¶ 6.

Plaintiff's sole opposition focuses on ATF's alleged failure to furnish a *Vaughn* Index with its renewed motion and supporting declaration. *See* Pl.'s Opp'n to Renewed Mot. for Summ. J. at 10. His argument is without merit, as defendant's renewed motion clearly refers to

---

[2] The Court distinguishes defendant's *Vaughn* indices by the date on which the corresponding declarations were executed.

the January 26, 2006 *Vaughn* Index which already is a part of the record.[3]  *See* Def.'s Mem. in Support of Renewed Mot. for Summ. J. ("Def.'s Renewed Mot.") at 1-2 & Ex. 4 (Chisholm II Decl. and January 26, 2006 *Vaughn* Index).

The Court concludes that ATF's decision to redact this computer information as "high 2" exempt material is proper.  *See, e.g., Ferranti v. Bureau of Alcohol, Tobacco & Firearms*, 177 F. Supp. 2d 41, 45 (D.D.C. 2001); *Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1123 (D.D.C. 1995); *Fiumara v. Higgins*, 572 F. Supp. 1093, 1101-02 (D.N.H. 1983).  In addition, ATF adequately demonstrates that the redacted information is "low 2" exempt information insofar as it includes internal administrative codes, such as laboratory and property tracking numbers, which are "for either administrative [or] law enforcement purposes only and [are] of no legitimate interest to the public since [they] reveal[] nothing about ATF's enforcement activities."  Chisholm III Decl. ¶ 6.

### B.  Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Thus, it applies to documents that are normally privileged from discovery.  *See Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

The deliberative process privilege is incorporated within Exemption 5, and is designed to "prevent injury to the quality of agency decisions." *Sears, Roebuck & Co.*, 421 U.S. at 151. Such protection encourages frank discussion of policy matters, prevents premature disclosure of

---

[3]     Plaintiff makes this same meritless argument with respect to withholdings under Exemptions 5 and 7(D), and urges the Court to conduct an *in camera* inspection of these records. *See* Pl.'s Opp'n to Renewed Mot. for Summ. J. at 11, 13. .

proposed policies and avoids public confusion that may result from disclosure of rationales that were not ultimately grounds for agency action.  *See, e.g., Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982).  In order to fall within the scope of Exemption 5, the agency bears the burden of showing that the information in question meets two requirements: that the communication at issue occurs before a decision was made, and that it be a direct part of a deliberative process in that it makes recommendations or expresses opinions on legal or policy matters.  *See Sears, Roebuck & Co.*, 421 U.S. at 151; *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

  Among the responsive records are two documents from the St. Louis City Assessor's office "concerning certain pieces of real property located in St. Louis, Missouri" to which plaintiff may have had a connection.  Chisholm III Decl. ¶ 8 & Jan. 26, 2006 *Vaughn* Index (Disclosure Fine # 05-336, Doc. Nos. 48-49).  ATF withholds "a handwritten note on each page which indicates the opinion of an ATF special agent that more detailed information is needed, in the form of additional Government records, to determine the viability of a federal criminal violation and/or prosecution."  Chisholm III Decl. ¶ 8.  According to defendant, these notes "reflect the internal deliberation and communication of agency personnel with each other prior to the decision to indict or recommend indictment."  *Id.*

  The Court, finding no reason to doubt the defendant's testimony, concludes that the redacted information properly falls within the scope of Exemption 5, and that ATF's decision to withhold it was proper.

### C. Exemption 7(D)

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). The Court previously determined that the records at issue are law enforcement records for purposes of Exemption 7.

Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no assumption that a source is confidential for purposes of Exemption 7(D) simply because the source provided information to a law enforcement agency in the course of a criminal investigation. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (citing *Landano*, 508 U.S. at 170-74). "[T]he question is not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain

confidential." *Landano*, 508 U.S. at 172 (emphasis in original). This determination is made on a case-by-case basis. *Id.* at 179-80.

Based on information received from the ATF Special Agent assigned to the investigation of plaintiff, the declarant states that the source is a registered confidential with another federal law enforcement agency. Chisholm III Decl. ¶ 10. Based on his or her arrangement with that agency, ATF asserts that it "had an implied assurance of confidentiality with [this] witness." *Id.* It is reasonable to infer that a registered informant with another federal law enforcement agency provided information to the ATF with an understanding that his or her identity and information he or she furnished would remain confidential. The Court concludes that ATF properly withheld this information under Exemption 7(D).

### D. Exemption 7(E)

Exemption 7(E) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *Long v. United States Dep't of Justice*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006), *order amended*, 479 F. Supp. 2d 23 (D.D.C. 2007); *see Blanton v. United States Dep't of Justice*, 63 F. Supp. 2d 35, 49 (D.D.C. 1999); *Fisher v. United States Dep't of Justice*, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992).

The record shows that the ATF withholds from ATF Confidential Informant Orders information on techniques pertaining to soliciting, activating, monitoring, and protecting

informants and cooperating witnesses, and to agent conduct. *See* Oct. 5, 2005 *Vaughn* Index (Disclosure File # 05-352, Doc. Nos. 7-23) & Jan. 26, 2006 *Vaughn* Index (Disclosure File # 05-352, Doc. Nos. 8, 15). The declarant explains that this ATF Order "was issued to all Criminal Enforcement Personnel and contains policy and instructions relating to informant use and undercover operations during the course of ATF criminal investigations." Chisholm III Decl. ¶ 13. It "primarily outlines the development, use and control of ATF Informants, the use of ATF Special Agents in an undercover role, and guidelines on maintaining the security and control of undercover operations and sting operations." *Id.* Release of this information, the declarant states, "could allow the subject of an ATF investigation intimate knowledge of the restrictions placed on undercover Special Agents and/or informants, ultimately jeopardizing the safety of the individuals, and compromising the investigation." *Id.* The Court concludes that the ATF adequately justifies its decision to withhold information in these Confidential Informant Orders.

The ATF also withholds information pertaining to "techniques involving consensual monitoring" from a document described as "Consensual Monitoring Approval," *see* Oct. 5, 2005 *Vaughn* Index (Disclosure File # 05-336, Doc. Nos. 9-12) and "investigative techniques" from a Report of Investigation, *see* Jan. 26, 2006 *Vaughn* Index (Disclosure File # 05-336, Doc. No. 31). It is not clear from the record that the explanation pertaining to the Confidential Informant Orders applies to these records. The supporting declarations, then, do not appear to offer a meaningful explanation of the agency's decision to withhold information pertaining to law enforcement techniques and consensual monitoring under Exemption 7(E). Because the record is unclear, the Court defers ruling on these materials at this time.

*E. Exemption 7(F)*

Exemption 7(F) protects from disclosure information contained in law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Review of the ATF's supporting declaration shows that the ATF invoked Exemption 7(F) in conjunction with Exemption 7(C) in withholding the same names of law enforcement officers and third parties mentioned in the responsive records. Chisholm III Decl. ¶ 14. The Court already has determined that the names of these officers and third parties were properly withheld under Exemption 7(C) and, for this reason, the Court need not reach the applicability of Exemption 7(F) with regard to the same information. *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994).

## III.   CONCLUSION

The Court concludes that the ATF properly has withheld information under Exemptions 2, 5, 7(D), and 7(F), and properly has withheld information in ATF Confidential Informant Orders under Exemption 7(E). Defendant may renew its summary judgment motion with respect to the withholding of information about law enforcement techniques and consensual monitoring under Exemption 7(E). Again, the Court defers its ruling on segregability.

A separate Order is issued separately and contemporaneously on this 2nd day of August, 2007.

_____/s/_____
RICARDO M. URBINA
United States District Judge