UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD,<br><br>   Plaintiff,<br><br> v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS, AND EXPLOSIVES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1096 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

  Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives, by and through undersigned counsel, respectfully renews its motion for summary judgment pursuant the Court's August 2, 2007 Order and Rule 56 of the Federal Rules of Civil Procedure in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case. The grounds for this second renewed motion are set forth in the accompanying Defendant's Memorandum in Support of Its Second Renewed Motion for Summary Judgment. This motion is supported by the Fourth Declaration of Peter J. Chisholm, Acting Chief of the Disclosure Division for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("4th Chisholm Dec."). A supplemental statement of material facts not in genuine dispute and a proposed order are attached.

  Plaintiff should once again take notice that any factual assertions contained in the declaration and other attachments in support of the defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the defendants' materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 16, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, AND EXPLOSIVES, )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 05-1096 (RMU) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's Memorandum Opinion ("Memorandum Opinion") issued on August 2, 2007 [Docket Entry No. 43], the defendant, through counsel, the United States Attorney for the District of Columbia, respectfully files this Second Renewed Motion for Summary Judgment and accompanying memorandum of points and authorities in support thereof.  This Court has previously concluded that the ATF properly withheld information responsive to plaintiff's FOIA request under Exemptions 2, 5, 7(D), and 7(F) and had properly withheld information in ATF Confidential Informant Orders under Exemption 7(E).  Aug. 2, 2007 Memorandum Opinion at 10.  This Court, however, also found inadequate defendant's explanation of how information withheld in certain materials identified on the Vaughn index as Documents 9 through 12 ("9-12") and Document 31 pertained to law enforcement techniques and consensual monitoring under Exemption 7(E).  Id. at 9.  Accordingly, this Court denied in part without prejudice the defendant's Renewed Motion for Summary Judgment solely on the issue of the application of Exemption 7(E) to withheld information in Documents 9-12 and 31 to permit

the defendant to clarify the record and renew its summary judgment motion with respect to this narrow issue. Id. at 10.

Accordingly, Defendant ATF now supplements the record before the Court with the Fourth Declaration of Peter J. Chisholm, Acting Chief of ATF's Disclosure Division, (4th Chisolm Dec.) which further explains and fully justifies the agency's invocation of Exemption 7(E).[1]  Mr. Chisholm's Fourth Declaration is attached as Exhibit 1.

**Argument**

The sole remaining issue in this case involves the application of FOIA Exemption 7(E) to information withheld in Documents 9 through 12 ("9-12") and 31 (Disclosure File# 05-336). As set forth in defendant's initial motion for summary judgment, plaintiff made two requests for information. The first was for "the policies and procedures of BATF (sic) on confidential sources and/or confidential informants," and the second was for "information regarding: Mary DeArmon, Albert Greer, Sharron Troupe, Muhammed Mateen, Stanley Boyd, Kenneth Boyd, Gerald Boyd, Jacqueline Boyd, Alonzo Wrickerson, and Tommy Franklin" for whom plaintiff supplied waivers of privacy rights allowing the release of information to him. See Def.'s Mem. in Support of Mot. for Summ. J. [Docket Entry No. 18] at 1-3.

Although the FOIA provides generally a statutory right of access to certain government information, it allows government agencies to withhold certain types of information because, among other reasons, Congress recognized the danger to law enforcement investigations, personnel, and others posed by public disclosure.  Accordingly, FOIA directs government

---

[1] No additional information has been released to plaintiff in connection with the defendant's second renewed motion for summary judgment.

agencies to disclose agency records to citizens who request them, unless the requested records fall within one of FOIA's nine enumerated exemptions.  Summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden of proof, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v. Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978).  Once the Court determines that the declarations are sufficient, it need not inquire further.

     In this case, ATF justifies its assertion of Exemption 7(E) with respect to the few documents still at issue through the Fourth Chisholm Declaration.  With that evidence, the entire record now contains "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record."  NTEU, 802 F.2d at 527 n.9.  Based on this supplemented record, summary judgment in favor of defendant ATF is appropriate because the

pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### A.     ATF Properly Invoked Exemption 7(E) to Protect the Withheld Information in Documents 9-12 and 31.

One of plaintiff's FOIA requests explicitly sought information regarding ATF's methods for dealing with confidential informants. First Declaration of Averill P. Graham, ¶ 2 (noting that ATF assigned this request ATF Disclosure No. 05-352). In response, ATF produced an ATF Order regarding Informant Use and Operations ("ATF Order"). The ATF withheld information pertaining to "techniques involving consensual monitoring" from a document described as "Consensual Monitoring Approval," see Oct. 5, 2005 Vaughn Index (Disclosure File # 05-336, Doc. Nos. 9-12) and "investigative techniques" from a Report of Investigation, see Jan. 26, 2006 Vaughn Index (Disclosure File # 05-336, Doc. No. 31). The Fourth Chisholm Declaration more than adequately explains why these documents were properly withheld under Exemption 7(E).

The Court already found that ATF satisfies the threshold for invoking Exemption 7's protection of law enforcement records. See Sept. 29, 2006 Mem. Op. at 13 [Docket Entry No. 33]. Exemption 7(E) protects all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F. Supp. 496, 501 (D.D.C. 1997), citing Fisher v. United

States Dep't of Justice, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992). In other words, in order to assert Exemption 7(E), ATF does not have to show that any particular harm or risk of circumvention of the law would be caused by disclosure of the particular records itemized on its Vaughn index. See, e.g., Peter S. Herrick's Customs & Int'l Trade Newsletter v. U.S. Customs & Border Protection, No. 04-377, 2006 WL 1826185, at *7 (D.D.C. June 30, 2006); Burke v. U.S. Dep't of Justice, No. 96-1739, 1999 WL 1032814 at *8 (D.D.C. Sept. 30, 1999). Here, the nature of the information being withheld easily passes the risk assessment.

Regarding documents 9-12, which are "Consensual Monitoring Approvals," ATF redacted all of the boxes which show if an `X' was checked for the method of installation of monitoring equipment. 4th Chisholm Dec. ¶¶ 4-5. This is standard operating procedure so that requesters cannot discern if ATF installed monitoring equipment on an undercover Special Agent, a confidential informant, telephone, or on a fixed location. Id. If ATF redacted only the box that was checked, it would reveal to plaintiff whether and how ATF utilized monitoring equipment in connection with its investigation of his activities. Id.

Although the listed techniques are known to suspects generally, the actual implementation of the techniques is highly important to the success of the consensual monitoring. 4th Chisholm Dec. ¶ 5. If the specific law enforcement techniques were disclosed, they would allow suspects to draw conclusions about which monitoring techniques law enforcement routinely implements, and thus provide them with potential countermeasures to circumvent such techniques. Id. Additionally in cases where a combination of techniques are used, it would be detrimental to the investigation to have suspects guessing the most frequently

used combination-particularly when the act of combining techniques is itself a manner of avoiding detection.  Id.

ATF maintains the secrecy of the details of its monitoring techniques and when such techniques are implemented in order to protect ATF's ability to carry out its law enforcement mission.  4th Chisholm Dec. ¶ 5.  Consensual monitoring is an extremely useful tool to law enforcement in gathering evidence for criminal prosecutions.  Id.  Giving suspects the ability to determine where a device is most often located would risk the loss of a crucial instrument in fighting crime.  Id.

Regarding document 31, information was redacted which detailed the steps to locate a confidential informant who went missing after having received several documented threats regarding his testimony.  4th Chisholm Dec. ¶ 6.  ATF used this person as a CI on a consultation basis (he was never a documented ATF CI, but rather a CI for another law enforcement agency.).  Id.  The redacted information outlined the different indices ATF utilized to locate the CI, a fairly rare procedure for ATF.  Id.

The manner in which law enforcement procures and locates confidential informants is a vital law enforcement technique and its disclosure would not only potentially endanger future law enforcement investigations, but could also endanger the lives and welfare of prospective and current confidential informants.  4th Chisholm Dec. ¶ 6.  Knowing how confidential informants are identified and located could show suspects how to identify whether a person close to them is being assessed as an informant or it could help suspects determine the people around them who are most likely to become informants.  Id.

Information involving how law enforcement physically locates an informant, including the databases and search criteria used, would reveal to suspects which databases would be most useful to infiltrate to find someone in hiding. 4th Chisholm Dec. ¶ 6. Most complex law enforcement investigations rely heavily on the use of confidential informants to gather information and evidence. Id. This means of obtaining information would be entirely futile if confidential informants were too afraid to cooperate for fear of detection or if their safety were actually placed in jeopardy. Id.

This Court has previously affirmed law enforcement's withholding of information concerning the use of monitoring techniques under Exemption 7(E). See Perrone v. FBI, 908 F.Supp. 24, 28 (D.D.C. 1995); Pray v. Dep't of Justice, 902 F.Supp. 1, 4 (D.D.C. 1995), aff'd in relevant part, 1996 WL 734142 (D.C. Cir. 1996); Putnam v. U.S. Dep't of Justice, 873 F.Supp. 705, 717 (D.D.C. 1995). This includes information in the same category as being sought here from ATF. See Masters v. ATF, No. 04-2274, slip. op. at 18-19 (D.D.C. Sept. 25, 2006) (attached) (protecting details of electronic surveillance techniques not widely known to public -- including their circumstances, timing, and location – and finding that plaintiff "merely speculates" that public is aware of such details). The Court has properly recognized that the disclosure of the use or non-use of particular covert surveillance techniques in individual investigations unacceptably risks that information being exploited by people under investigation to avoid detection of criminal activities. See id. That remains true even if the passage of time may have rendered the particular surveillance technique obsolete. See Piper v. U.S. Dep't of Justice, 294 F.Supp.2d 16, 31 (D.D.C. 2003) (applying Exemption 7(E) to bar disclosure of information involving alleged FBI monitoring activities over thirty years before the FOIA

request), amended on other grounds, 428 F.Supp.2d 1 (D.D.C. 2006), aff'd, 222 Fed. Appx. 1 (D.C. Cir. 2007), cert. denied, No. 06-1469, 2007 WL 1339831 (Oct. 1, 2007).

    Moreover, the ability to locate and protect confidential informants is imperative because they are oftentimes crucial to investigations and their testimony is vital to many criminal prosecutions. 4th Chisholm Dec. ¶ 6. The identification and information provided by confidential informants is protected from disclosure by Exemption 7(D) of the FOIA. See 5 U.S.C. § 552(b)(7)(D). But the agency's efforts to ensure their safety is extremely sensitive because criminals perceive the elimination of these informants as the key to evasion of justice. See 4th Chisholm Dec. ¶ 6. Obviously, knowing what efforts and means ATF uses to locate a person who has been providing confidential information to law enforcement would allow persons suspecting that they were under investigation a way of attempting to verify the government's use of confidential informants and possibly a means of identifying particular ones. Accordingly, the agency's routine and unusual efforts and methods of communicating with, locating, and working with confidential informants is a law enforcement technique which is not widely known. Id.

    Because the information concerning consensual monitoring (Documents 9-12) and law enforcement techniques on locating confidential informants (Document 31) clearly fall within Exemption 7(E)'s "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions, ATF properly withheld them in Documents 9-12 and 31. Perrone v. FBI, 908 F.Supp. at 28; Smith, 977 F. Supp. at 501; Masters v. ATF, No. 04-2274, slip. op. at 18-19 (D.D.C. Sept. 25, 2006).

### B.     All Reasonably Segregable Material Has Been Released to Plaintiff.

The Court's August 2, 2007 decision reserved ruling on the issue of segregability.  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  The DC. Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte."  Trans-Pacific Policing Agreement v. United States Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999).  In the course of processing all documents relating to Mr. Boyd's requests, ATF evaluated each and every document for segregabilitiy.  Declaration of Averill P. Graham, ¶ 20; Second Declaration of Averill P. Graham, ¶ 8; Second Declaration of Peter J. Chisholm, ¶ 22; 4th Chisholm Dec. ¶ 7.[2]

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements."  Mead Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and resources to the separation

---

[2] The First and Second Declarations of Averill P. Graham and the Second Declaration of Peter J. Chisholm are attached to Defendant's Renewed Motion for Summary Judgment filed on December 20, 2006.

of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In this case, ATF has submitted Vaughn index information with the First and Second Declarations of Averill P. Graham, as well as the Second and Third Declarations of Peter J. Chisholm. See Docket Entry No. 36 at Exhibits 1- 4 (ATF's first renewed motion for summary judgment). A review of the Graham and Chisholm Declarations and Vaughn indices submitted reveals that the ATF carefully reviewed the information and confirms that all reasonably segregable non-exempt material has been released. Armstrong, 97 F.3d at 578-79; Mead Data, 566 F.2d at 26. Accordingly, the Court should find that ATF carefully separated the exempt from the non-exempt information, and has released as much non-exempt information to plaintiff as is reasonable.

**Conclusion**

Because ATF has now shown that it properly applied Exemption 7(E) to the withhold portions of Documents 9-12 and 31 from plaintiff, and that it has released all reasonably segregable non-exempt information, the Court should grant ATF's second renewed motion for summary judgment and enter final judgment in favor of defendant.

Dated: October 16, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of October, 2007, I placed a copy of the foregoing **DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

      /s/_____
      Jane M. Lyons
      Assistant United States Attorney