UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E. BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, AND EXPLOSIVES, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1096 (RMU) |

**DEFENDANT'S SECOND SUPPLEMENTAL STATEMENT
OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7(h) and the Court's August 2, 2007 Memorandum Opinion and Order, defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") respectfully submit this second supplemental statement of material facts not in genuine dispute in support of its second renewed motion for summary judgment.

1. Defendant withheld in part certain information on documents identified on ATF's Vaughn index as Documents 9 through 12 ("9-12") and Document 31 under Exemption 7(E). The withheld information pertained to "Consensual Monitoring Approval," see Oct. 5, 2005 Vaughn Index (Disclosure File # 05-336, Doc. Nos. 9-12) and "investigative techniques" from a Report of Investigation, see Jan. 26, 2006 Vaughn Index (Disclosure File # 05-336, Doc. No. 31). Aug. 2, 2007 Memorandum Opinion at 10.

2. The Fourth Declaration of Peter J. Chisholm, Senior Specialist, Disclosure Division, Bureau of Alcohol, Tobacco Firearms and Explosives ( "4th Chisholm Dec."), executed on October 10, 2007, provides additional support for ATF's withholdings of information under FOIA Exemption 7(E). 4th Chisholm Dec. ¶ 2.

**Documents 9-12**

3.	Regarding documents 9-12, ATF redacted all of the boxes which show if an `X' was checked for the method of installation of monitoring equipment. 4th Chisholm Dec. ¶ 5. This is standard operating procedure so that requesters cannot discern if ATF installed monitoring equipment on an undercover Special Agent, a confidential informant, telephone, or on a fixed location. Id. If ATF redacted only the box that was checked, it would allow requesters to determine how ATF used the monitoring equipment. Id.

4.	Although the listed techniques are known to suspects generally, the actual implementation of the techniques is highly important to the success of the consensual monitoring. 4th Chisholm Dec. ¶ 5. If the specific law enforcement techniques were disclosed, they would allow suspects to draw conclusions about which monitoring techniques law enforcement routinely implements, and thus provide them with potential countermeasures to circumvent such techniques. Id. Additionally in cases where a combination of techniques are used, it would be detrimental to the investigation to have suspects guessing the most frequently used combination-particularly when the act of combining techniques is itself a manner of avoiding detection. Id.

5.	ATF maintains the secrecy of the details of its monitoring techniques and when such techniques are implemented in order to protect ATF's ability to carry out its law enforcement mission. 4th Chisholm Dec. ¶ 5. Consensual monitoring is an extremely useful tool to law enforcement in gathering evidence for criminal prosecutions. Id. Giving suspects the ability to determine where a device is most often located would risk the loss of a crucial instrument in fighting crime. Id.

**Document 31**

      6.      Regarding document 31, information was redacted which detailed the steps to locate a confidential informant who went missing after having received several documented threats regarding his testimony.  4th Chisholm Dec. ¶ 6.  ATF used this person as a confidential informant on a consultation basis (he was never a documented ATF confidential informant but was a documented confidential informant for another law enforcement agency).  Id.  The redacted information outlined the different indices ATF utilized to locate the confidential informan, a fairly rare procedure for ATF.  Id.

      7.      The manner in which law enforcement procures and locates confidential informants is a vital law enforcement technique and its disclosure would not only potentially endanger future law enforcement investigations, but could also endanger the lives and welfare of prospective and current confidential informants.  4th Chisholm Dec. ¶ 6.  Knowing how confidential informants are identified and located could show suspects how to identify whether a person close to them is being assessed as an informant or it could help suspects determine the people around them who are most likely to become informants.  Id.

      8.      Information involving how law enforcement physically locates an informant, including the databases and search criteria used, would reveal to suspects which databases would be most useful to infiltrate to find someone in hiding.  4th Chisholm Dec. ¶ 6.  Most complex law enforcement investigations rely heavily on the use of confidential informants to gather information and evidence.  Id.  This means of obtaining information would be entirely futile if confidential informants were too afraid to cooperate for fear of detection or if their safety were actually placed in jeopardy.  Id.

9.	The ability to locate and protect confidential informants is so imperative because these informants are so crucial to investigations and their testimony is so important to prosecutions.  4th Chisholm Dec. ¶ 6.  Their safety is of extremely high concern, because criminals perceive the elimination of these informants as the key to evasion of justice.  Id.

10.	ATF supplied plaintiff with all of the non-exempt material which could reasonably be separated from the exempt information.  Declaration of Averill P. Graham, ¶ 20; Second Declaration of Averill P. Graham, ¶ 8; Second Declaration of Peter J. Chisholm, ¶ 22; 4th Chisholm Dec. ¶ 7.

Dated: October 16, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161