UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Boyd,<br><br>    Plaintiff<br><br>    v.<br><br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives<br><br>    Defendants | Case No. 1:05CV01096 RMU |

FOURTH DECLARATION OF PETER J. CHISHOLM,
SENIOR SPECIALIST, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO FIREARMS AND EXPLOSIVES

I, Peter J. Chisholm, do hereby depose and say:

1. I am a Senior Disclosure Specialist, Disclosure Division, Bureau of Alcohol, Tobacco Firearms and Explosives (ATF), Department of Justice. In this capacity, I receive requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a. In this capacity, I also review requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing ATF documents

-2-

referred to ATF and other agencies, and recording all administrative appeals filed with ATF.

2. I am executing this declaration in connection with the Court's Memorandum Opinion dated August 2, 2007, Granting in Part and Denying in Part the Defendant's Motion for Summary Judgment (hereinafter "Memorandum Opinion.") Specifically, this declaration will provide additional support for ATF's withholdings of information under FOIA Exemption 7(E).

### Exemption (b)(7)(E)

3. The Memorandum Order held that ATF did not satisfy its burden to withhold portions of an ATF Order regarding Informant Use and Operations because it did not offer a sufficient description of the material in question.

4. Specifically, the Court noted that ATF withheld information pertaining to "techniques involving consensual monitoring" from a document described as "Consensual Monitoring Approval," see Oct. 5, 2005 Vaughn Index (Disclosure File # 05-336, Doc. Nos. 9-12) and "investigative techniques" from a Report of Investigation, see Jan. 26, 2006 Vaughn Index (Disclosure File # 05-336, Doc. No. 31) but did not adequately explain those withholdings.

-3-

5. Regarding documents 9-12, ATF redacted all of the boxes which show if an 'X' was checked for the method of installation of monitoring equipment. This is standard operating procedure so that requesters cannot discern if ATF installed monitoring equipment on an undercover Special Agent, a confidential informant, telephone, or on a fixed location. If ATF redacted only the box that was checked, it would allow requestors to determine how we used the monitoring equipment. Although these listed techniques are known to suspects generally, the actual implementation of the techniques is highly important to the success of the consensual monitoring. If the specific law enforcement techniques were disclosed, they would allow suspects to draw conclusions about which monitoring techniques law enforcement routinely implements, and thus provide them with potential countermeasures to circumvent such techniques. Additionally in cases where a combination of techniques are used, it would be detrimental to the investigation to have suspects guessing the most frequently used combination—particularly when the act of combining techniques is itself a manner of avoiding detection. ATF maintains the secrecy of the details of its monitoring techniques and when such techniques are implemented in

order to protect ATF's ability to carry out its law enforcement mission. Consensual monitoring is an extremely useful tool to law enforcement in gathering evidence for criminal prosecutions. Giving suspects the ability to determine where a device is most often located would risk the loss of a crucial instrument in fighting crime.

6. Regarding document 31, information was redacted which detailed the steps to locate a confidential informant who went missing after having received several documented threats regarding his testimony. ATF used this person as a CI on a consultation basis (he was never a documented ATF CI, but rather a CI for another law enforcement agency.) The redacted information outlined the different indices ATF utilized to locate the CI, a fairly rare procedure for ATF. The manner in which law enforcement procures and locates confidential informants is a vital law enforcement technique and its disclosure would not only potentially endanger future law enforcement investigations, but could also endanger the lives and welfare of prospective and current confidential informants. Knowing how confidential informants are identified and located could show suspects how to identify whether a person close to them is being assessed as an informant or it could help suspects determine the people around them who are most likely to

become informants. Additionally, information involving how law enforcement physically locates an informant, including the databases and search criteria used, would reveal to suspects which databases would be most useful to infiltrate to find someone in hiding. Most complex law enforcement investigations rely heavily on the use of confidential informants to gather information and evidence. This means of obtaining information would be entirely futile if confidential informants were too afraid to cooperate for fear of detection or if their safety were actually placed in jeopardy. The mere fact that confidential informants are so crucial to investigations and their testimony is often so important to prosecutions, is exactly what makes the ability to locate or detect them so imperative to protect. Their safety is of extremely high concern, because their elimination is often criminally perceived as the key to evasion of justice.

### Segregability

7. I reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to Mr. Boyd. As a result of this review, it has been determined that all non-exempt, reasonably segregable information has now been provided to Mr. Boyd.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of October 2007.

_____
Peter J. Chisholm
Senior Disclosure Specialist