IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE E. BOYD, pro-se, )
      Plaintiff, )
)
)
)
v. )    Case No. 05-1096(RMU)
)
)
)
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES, )
      Defendant. )
)
)
)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Willie E. Boyd, proceeding pro-se, filing his opposition to the Defendant's second renewed motion for summary judgment, filed with the court on October 16, 2007. The Plaintiff submits the following reasons why this court should deny the motion:

On August 2, 2007 this Court denied as inadequate defendant's explanation for its withholding under Exemption 7(E), as to Documents no. 9 through 12 and Document no. 31. The Defendant has renewed its motion for summary judgment a second time. Arguing that Documents nos. 9-12 and Documents no. 31, where withheld because they pertained to law enforcement techniques and consensual monitoring under Exemption 7(E). The Defendant sencond renewed motion for summary judgment is still inade-quate to be granted summary judgment based on the defendant's argument.

- 1 -

RECEIVED

JAN 9 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ARGUMENT IN OPPOSITION

The Defendant have stated in its second renewed motion for summary judgment that documents nos. 9-12 are "Consensual Monitoring Approvals", and that ATF has redacted all of the boxes which show if an "X" was checked for the method of installing of monitoring equipment. It appears that ATF is attempting to mislead the court and the plaintiff, when the Document nos. 10 & 12 are not "Consensual Monitoring Approval" documents, nor do Document nos. 10-12 have boxes for "X" to be placed in. **See: Appendixes A-D, (Document nos. 9-12).**

The plaintiff will point to each document in turn to explain to the court why summary judgment should be rejected as to the withholding under 7(E), to document nos. 9-12 and 31.

**1.** In regards to Document no. 9, the explanation Defendant gives for its reasons for the redactions under (b)(7)(E) is contradicted by Document no. 11, where the document reveals the location of the monitoring at 1114 Market Street, St. Louis, Missouri on 9/27/1997. Which exposes the fact that the monitoring was done by telephone, because this location was the former address of the United States Attorney's Office, in the Old Court building in 1997. The disclosure of this information would not help circumvent the law in any way, especially due to the fact its common knowledge that law enforcement can get consent from a party to monitor his/her telephone conversation, and that disclosure would not reduce or nullify their effectiveness. **See: Coleman v. FBI, 13 F. Supp.2d 75, 83 (D.D.C. 1998); See: Appendixes A & C.**

2.  As to Document no. 10, this document has no squares for any "X" to be checked on, the only redactions that appear on the page is the special agents name, the last two numbers of the telephone number in the right hand corner  of the document.  **See: Appendix-B.**

3.  On Document no. 11 the only redactions that appear on the document is the SAC Authorization, the date of the monitoring, and the date that the monitoring ended, it appears from reviewing the document no redacted information concerning "X" boxes existed in the document.  **See: Appendix-C.**

4.  On Document no. 12 the only redactions that appear on the page is the special agents name and the last two numbers on the telephone number, and there is a redaction on the right side of the document no. 12, that does not contain a box for a "X".  **See: Appendix-D.**

In the Defendant original Vaughn Index concerning BATF Case File no. 00-311, which gave the description and the exemption used for withholding the information did not apply a exemption 7(E) to withhold any information from document nos 9-12. They where listed in that case with the Document nos 57, 89, 94A and 95.  **See: Appendix-E, pages 3 and 6.**

BATF has not justified its withholding as to Exemption (b)(7)(E), as to document nos 9-12, and has only deceived the court and the plaintiff in its declarations and pleadings.

## AS TO DOCUMENT NO. 31

5.  In regards to document no. 31, the Defendant stated that it redacted the information which detailed steps to locate a confidential informant who went missing after having received several documented threats regarding his testimony. See: 4th Chisholm Dec. ¶6.

- 3 -

The Defendant applied 7(E) to withhold various information, stating:

> "Information involving how law enforcement physically locates an informant, including the databases and search criteria used, would reveal to suspects which databases would be most useful to infiltrate to find someone in hiding. 4th Chisholm Dec. ¶6. Most complex law enforcement investigations rely heavily on the use of confidential informants to gather information and evidence. Id.  This means of obtaining information would be entirely futille if confidential informants were too afriad to cooperate for fear of detection or if their safety were actually placed in jeopardy. Id."
> **See: Def. Sec. Renewed Mo., page 7.**

First of all, in a previous Vaughn Index in <u>Boyd v. United States Marshals Service, et. al.</u>, 99CV2712(JR), the same documents were at issue during the summary judgment stages of the case, concerning BATF Case File no. 02-1078, document nos. 82-83.  The Defendant did not apply exemption 7(E) to the withholding of information, plus the Defendant misled the Court and the plaintiff in the case by describing this document in that Vaughn Index as a "Request to Relocate Cooperating Individual", not to locate a confidential informant.  **See: Appendix-F, (Copy of BATF Case File no. 02-1078, "Vaughn Index", page-3, document nos. 82-83).**

> "Where there is evidence of agency bad faith, such as evidence in the records that contradicts agency affidavits, in camera is appropriate." **See: <u>Carter v. U.S. Department of Commerce</u>, 830 F.3d 388, 393 (D.C. Cir. 1987).**

There is enough information revealed in the document release that makes the withholding under 7(E) unreasonable, because there was enough information released in Document no. 31, to reveal those very techniques

the agency claims they seek to protect, the agency actually revealed

enough information that would expose the techniques because of there

common nature associated with the information provided, and this infor-

mation in itself would not aid a suspect in circumventing law enforce-

ment or aid anyone interested in locating an confidential informant.

The Defendant reasons for the withholding is to farfetched.  The agency

provided the following information in its release in Document no. 31:

1.  Ran Check through computer indices
2.  Checked the subject for employment
3.  Ran the subject for utility Services
4.  Left note          (no response)
5.  Contacted  a FBI Agent and local police officer that
    dealt with the subject in the past to generate addi-
    tional leads.

 See: Appendix-G.

"Exemption 7(E) is properly invoked only for techniques not

generally known to the public. See Albuquerque Pub. Co. v.

U.S. Dep't of Justice, 726 F.Supp. 851, 857 (D.D.C. 1989)."
cited in, **National Sec. Archive v. FBI**, 759 F.Supp. 872,
885 (D.D.C. 1991).

The Defendant overstate the reasons for its withholding, when it

states, "could show suspects how to identify whether a person close

to them is being assessed as an informant or it could help suspects

determine the people around them who are most likely to become infor-

mants." 4th Chisholm Dec. ¶6.

## BAD FAITH

The Defendant is dealing with the plaintiff in bad faith, when

the agency knows full well that document nos. 10 and 12 are not

"Consensual Monitoring Approvals", but are as the Vaughn Index in

BATF Case File no. 00-311 describes as "Treasury Enforcement Communica-

tion System Input Forms".  **See: Appendix-E, page-6, Document nos. 89 and**

- 5 -

94A.

The Court should reconsider its previous court orders and review all the records in camera, because BATF affidavits have no credibility, when clearly the agency has attempted to defraud the plaintiff by making false claims in its pleadings and declarations done by a officer of the court and by government employees.

The purpose of FOIA is, in large part, to "to shed light on an agency's performance of its statutory duties." **Department of Justice v. Reporters Comm. for Freedom of the Press**, 489 U.S. 749, 772 (1989); **Beck v. Department of Justice**, 997 F.2d 1489 (D.C. Cir. 1993).

**WHEREFORE**, Plaintiff Willie E. Boyd, prays that the Court review the withheld records in light of the petitioner's previous argument all the withheld documents, when ATF has not been honest with the Court or plaintiff, and counsel should be appointed in this case.
[Dated: _4_, January, 2008].

Respectfully Submitted,

Willie E. Boyd, pro-se
# 18498-044
Federal Correctional Institution
P.O. Box 5000, 3-B

**A F F I D A V I T**

I, _Willie E. Boyd_, swear under the penalty of perjury, that I undersigned, signed this affidavit, believing that all the information is correct and true in this opposition motion and appendixes A-G, are true and correct copies of documents from the original source materials to the best of my knowledge and belief, pursuant to Title 18 U.S.C. § 1001 and Title 28 U.S.C. § 1746.

Signature of Affiant,

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Opposition to Defendant's Second Renewed Motion for Summary Judgment, was placed in the Greenville-FCI mailroom, postage prepaid, on January 4, 2008 to:


Ms. Jane Lyons
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.,   Room E4822
Washington, D.C. 20530

By,

_Willie E. Boyd_

Willie E. Boyd, pro-se