## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1096 (RMU) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO SEEK EXTENSION OF TIME AND MOTION FOR EXTENSION OF TIME TO FILE REPLY

Pursuant to Federal Rule of Civil Procedure 6(b)(2), Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), through its undersigned counsel, hereby respectfully seeks leave of the Court to file an untimely motion for extension of time, and hereby moves for an extension of time to file the reply brief in support of defendant's second renewed motion for summary judgment until February 1, 2008. The grounds for these motions are set forth below.

ATF filed its motion for summary judgment on October 16, 2007. On December 7, 2007, the Court directed plaintiff, who is representing himself, to respond by January 7, 2008. Although the Certificate of Service attached to plaintiff's opposition represents that he mailed the opposition from the federal correctional institution where he is incarcerated on January 2, 2008, defense counsel did not receive it until January 23, 2008.[1] Based on the date reflected on the Certificate of Service, defendant's reply was due on January 14, 2008.

---

[1] Interestingly, defense counsel received an empty Priority Mail package from plaintiff on January 22, 2008 which reflects that it was processed on January 5, 2008 by the Federal Bureau of Prisons. Plaintiff's opposition arrived in a different division of the U.S. Attorney's Office on January 22, 2008, and was forwarded to the Civil Division on January 23, 2008.

In support of these motions, Defendant states as follows:

1.      Under this Court's standing order, any enlargement request should have been made by January 8, 2008, but defense counsel was unable to seek an enlargement then because defense counsel was not yet in receipt of or on notice concerning the service of an opposition. [2] This motion is being filed promptly after receiving the service copy from plaintiff on January 23, 2008.  Accordingly, defendant's failure to file a motion for extension of time prior to the deadline is the result of circumstances beyond its control and excusable neglect.

2.      Defendant's counsel needs a reasonable amount of time to review plaintiff's opposition and to consult with ATF concerning any reply.  Although the issues remaining to be resolved are narrow, and defendant's counsel is keenly aware of the need to place this case in a posture to be resolved finally by this Court, some time is needed due to the commitments of counsel in other cases pending in this Court.  Undersigned counsel has an active docket of cases pending in this Court and in the United States Court of Appeals for the District of Columbia Circuit which also have a number of deadlines and other matters already falling between the receipt of plaintiff's opposition in this case and the February 1, 2008 deadline being requested for the reply in this case.

_____

[2] On January 11, 2008, the Clerk placed a copy of plaintiff's opposition on the Court's Electronic Filing System.  Although defense counsel acknowledges that it would have been preferable to request an extension for the reply more promptly, undersigned counsel mistakenly believed that Defendant's Second Renewed Motion for Summary Judgment had already been fully briefed because it had been filed so long ago.  Undersigned counsel with daily responsibility for this matter has been litigating various cases against plaintiff for a number of years (Civil Action Nos. 99-2912 (JR); 01-524 (JR); and 00-1100 (ESH)), and has never known plaintiff to delay in responding.  The delay in receiving plaintiff's opposition beyond the three days presumed by the Federal Rules of Civil Procedure is likely due only to mail handling procedures both for mail sent from prisons and for screening and processing for mail incoming to the Department of Justice.

3.    This is defendant's eighth motion for extension of time filed in this case, but only the first as pertains to the current reply brief. The seven business days (from the time of receipt of plaintiff's opposition) being requested in this motion is done in good faith and not for purposes of causing undue delay. Plaintiff, who is currently serving a life sentence, will not be unfairly prejudiced by extending defendant's period for filing a reply by far less time than the over two months of additional time plaintiff used to file his opposition to defendant's motion. Good cause exists to allow defendant to file a reply because a reply is permitted by the rules and fundamental fairness weighs in favor of a response under all of these circumstances. <u>See</u> Fed. R. Civ. P. 1.

Undersigned counsel did not contact plaintiff regarding his position on the relief being sought in this motion because he is presently incarcerated. <u>See</u> Local Civil Rule 7(m).

For all of these reasons, defendant respectfully requests that the Court grant defendant leave to request an untimely extension and extend the time for defendant to file a reply brief until February 1, 2008. A proposed order is attached.

Dated: January 24, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

-3-

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th th day of January, 2008, I placed a copy of the foregoing **DEFENDANT'S MOTION FOR LEAVE TO SEEK EXTENSION OF TIME AND MOTION FOR EXTENSION OF TIME TO FILE REPLY** in the first class United States mail, postage prepaid, marked for delivery to:

     Mr. Willie Boyd
     #18498-044
     P. O. Box 5000, 3-A
     Greenville, Illinois 62246

                 /s/_____
                 Jane M. Lyons
                 Assistant United States Attorney