# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1096 (RMU) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SECOND RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition fails to demonstrate any valid reason why the Court should not grant defendant's second renewed motion for summary judgment with respect to the application of Exemption 7(E) to the few remaining documents at issue. Plaintiff's attempt to show errors in processing of the documents themselves is sharply undermined by factual inaccuracies. First, plaintiff erroneously suggests that ATF has described documents 9-12 and 31 as a single type of document, but it has not. The description "Consensual Monitoring Approval" in the initial Declaration of Averill P. Graham (attached to defendant's first motion for summary judgment filed on September 21, 2005) describes the purpose of the documents, but they are not forms entitled "Consensual Monitoring Approval." As shown in the appendix to plaintiff's opposition, the pages are part of other documents. ATF's declaration, the Fourth Declaration of Peter J. Chisholm (attached to the second renewed motion for summary judgment) describes the information withheld in the documents as a group and the reasons for it. So plaintiff's argument that there are no boxes withheld on Document Nos. 10-12 is unpersuasive.

Likewise, plaintiff's argument that ATF did not initially invoke Exemption 7(E) for documents 9-12 is mistaken because he relies on a different and, for purposes of the instant motion, inapplicable Vaughn index. Documents 9-12, which are the subject of defendant's current motion, were produced in response to the FOIA request ATF identified as 05-536.[1] That fact is corroborated by the hand-written "05-536-" prefix on each of the documents in plaintiff's appendices A-D. The Vaughn index he attaches at Exhibit E, however, is associated with plaintiff's FOIA request 00-311. The correct Vaughn index appears with the Declaration of Averill P. Graham filed with the Court on October 16, 2007 and reflects claims of Exemptions 7(C) and 7(E) for documents 9-12.

More specifically, with respect to document number 9, plaintiff insists that the document shows that monitoring was done by telephone when the area for indicating the type of monitoring is blacked out on the document. The address he references for the U.S. Attorney's Office is not on the form. Compare Pl.'s Opp. at 2 with Pl.'s Opp. Appx. A. Even were the address on the form and plaintiff could identify the address as one for the U.S. Attorney's Office through information outside the document, his argument would nonsensically suggest that the U.S. Attorney's Office was monitoring its own phones in connection with an investigation of plaintiff's criminal activities.

Plaintiff's arguments concerning document 31are that ATF did not apply Exemption 7(E) in previous litigation with him, that the difference between the label "cooperating individual" and

---

[1] As reflected in the initial declaration ATF filed, plaintiff submitted a FOIA request dated December 1, 2004 in which he requested additional information that had been redacted from previous releases ATF has made in response to FOIA requests from plaintiff based on several waivers he provided from third parties. See Declaration of Averill P. Graham, ¶ 12.

"confidential informant" suggests that ATF is overreaching.  Pl.'s Opp. at 4-5.  Plaintiff has not

demonstrated that ATF has waived the application of Exemption 7(E) because he fails to produce

any document where the same information was released.  See Fitzgibbon v. CIA, 911 F.2d 755,

765 (D.C. Cir. 1990) (explaining criteria for official agency acknowledgment of publicly

disclosed information); Carson v. U.S. Dep't of Justice, 631 F.2d 1008, 1-16 n.30 (D.C. Cir.

1980) ("[T]he extent to which prior agency disclosures may constitute a waiver of the FOIA

exemptions must depend both on the circumstances of the prior disclosure and on the particular

exemptions claimed.").  Because plaintiff fails to show any actual disclosure of the identical

information, and the interests protected by Exemption 7(E), including the safety of people who

cooperate with law enforcement, are so compelling, no waiver should be found.

        Plaintiff suggests that ATF has engaged in bad faith by defending its exemption claims in

this litigation as well as past litigation.  Plaintiff's accusation about untrue declarations is wholly

speculative, and the Court's request for additional information does not undermine the

presumption of good faith ATF's declarations should receive.  At most, the need for

supplementation arises out of the number of documents at issue and the volume of FOIA requests

received by the agency and defended in courts across the country each year.  Defending its

reliance on various FOIA exemptions is hardly evidence of bad faith, and plaintiff has failed to

show any conduct by ATF in this case suggestive of anything other than good faith.  See Oglesby

v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

        Particularly because plaintiff has placed the documents he is complaining about in the

record in the form he received them, the Court should reject his suggestion for *in camera* review.

Although the FOIA permits *in camera* inspection, whether to undertake the burden is firmly

committed to the broad discretion of the Court.  <u>Spirko v. United States Postal Serv.</u>, 147 F.3d

992, 996 (D.C. Cir. 1998).  In this case, where the information presented to the Court includes

declarations describing the documents, as well as copies of the documents with the redactions

shown, and the application of well-settled exemptions under FOIA to sensitive law enforcement

documents involving criminal investigations, *in camera* review is generally unnecessary.  <u>PHE,</u>

<u>Inc. v. United States Dep't of Justice</u>, 983 F.2d 248, 252-53 (D.C. Cir. 1993) (observing that <u>in</u>

<u>camera</u> review is generally disfavored, but is permissible on remand arising from inadequate

declaration).  Because many of plaintiff's arguments about documents 9-12 and 31 are erroneous,

there is no need here for further review.

 Plaintiff's opposition fails to respond to defendant's argument that all reasonably

segregable information has been released in response to plaintiff's FOIA requests .  Even though

he could be deemed, therefore, to have waived argument on the point, the Court should still make

an affirmative finding regarding segregability.  <u>Trans-Pacific Policing Agreement v. United</u>

<u>States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999); <u>see</u> Aug. 2, 2007 Mem. Op. &

Order (specifically reserving finding on segregability until record supplemented).

## Conclusion

Because the expanded record now definitively demonstrates that ATF properly applied Exemption 7(E) to withhold exempt portions of Documents 9-12 and 31 from plaintiff, and that ATF has released all reasonably segregable non-exempt information, the Court should grant ATF's second renewed motion for summary judgment and enter final judgment in favor of defendant.

Dated: February 1, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of February, 2008, I placed a copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SECOND RENEWED MOTION FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, marked for delivery to:

Mr. Willie Boyd
#18498-044
P. O. Box 5000, 3-A
Greenville, Illinois 62246

/s/_____
Jane M. Lyons
Assistant United States Attorney