# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIE E. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 05-1096 (RMU) |
| | : | |
| BUREAU OF ALCOHOL, TOBACCO, | : | Document. No.:   46 |
| FIREARMS, AND EXPLOSIVES, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

The plaintiff brings this action against the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), United States Department of Justice, under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552.  This matter is before the Court on BATFE's second renewed motion for summary judgment.  Based on its review of BATFE's motion, the plaintiff's opposition, and the entire record of this case, the court grants the motion and enters judgment in the defendant's favor.

## II.  BACKGROUND

Two issues remain for decision: (1) whether BATFE properly withheld information in Document Numbers 9-12 and 31 from Disclosure File # 05-336 under Exemption 7(E), and (2) whether BATFE has released to plaintiff all reasonably segregable information.

1

## III.  ANALYSIS

### A.  *Exemption 7(E)*

Exemption 7(E) protects law enforcement records from disclosure "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Information pertaining to law enforcement techniques and procedures properly is withheld under Exemption 7(E) where disclosure reasonably could lead to circumvention of laws or regulations.  *See, e.g.*, *Morley v. Cent. Intelligence Agency*, 453 F. Supp. 2d 137, 156 (D.D.C. 2006) (withholding information pertaining to security clearances and background investigations on the ground that "disclosure of CIA security clearance and investigatory processes would risk circumvention of those processes in the future"); *Piper v. United States Dep't of Justice*, 294 F. Supp. 2d 16, 30 (D.D.C. 2003) (withholding polygraph test information on the ground that disclosure "has the potential to allow a cunning criminal to extrapolate a pattern or method to the FBI's questioning technique," and anticipate or thwart FBI's strategy); *Fisher v. United States Dep't of Justice*, 772 F. Supp. 7, 12 (D.D.C. 1991) (upholding the FBI's decision to withhold information about law enforcement techniques where disclosure would impair effectiveness and, within context of documents, "could alert subjects in drug investigations about techniques used to aid the FBI"), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992).

### 1.  <u>Document Nos. 9-12</u>

The defendant has described Document Nos. 9-12 as "Consensual Monitoring Approval." *See* Def.'s Supp. Mem. in Support of Mot. for Summ. J., Ex. 1 ("October 5, 2005 *Vaughn* Index

(Disclosure File # 05-336)"). From these documents, BATFE has "redacted all of the boxes which show if an 'X' was checked for the method of installation of monitoring equipment." Def.'s Mem. in Support of its Second Renewed Mot. for Summ. J. ("Def.'s Mot."), Fourth Declaration of Peter J. Chisholm ("Chisholm Decl. IV") ¶ 5. Peter Chisholm, a Senior Disclosure Specialist, described this approach as "standard operating procedure so that requesters cannot discern if [BATFE] installed monitoring equipment on an undercover Special Agent, a confidential informant, telephone, or on a fixed location." *Id.* If only the checked box was redacted, a requester could "determine how [BATFE] used the monitoring equipment." *Id.*

      Chisholm further explains:

> Although these listed techniques are known to suspects generally, the actual implementation of the techniques is highly important to the success of the consensual monitoring. If the specific law enforcement techniques were disclosed, they would allow suspects to draw conclusions about which monitoring techniques law enforcement routinely implements, and thus provide them with potential countermeasures to circumvent such techniques. Additionally[,] in cases where a combination of techniques are used, it would be detrimental to the investigation to have suspects guessing the most frequently used combination – particularly when the act of combining techniques is itself a manner of avoiding detection. [BATFE] maintains the secrecy of the details of its monitoring techniques and when such techniques are implemented in order to protect [BATFE's] ability to carry out its law enforcement mission.

*Id.* Consensual monitoring is "an extremely useful tool to law enforcement in gathering evidence for criminal prosecutions," and disclosure of information as to likely places to locate monitoring equipment "would risk the loss of a crucial instrument in fighting crime." *Id.*

      The plaintiff argues that the defendant "attempt[s] to mislead the court and the plaintiff" because Document Nos. 9-12 "are not 'Consensual Monitoring Approval' documents" and Document Nos. 10-12 do not "have boxes for 'X' to be placed in." Pl.'s Opp'n to Def.'s Second

Renewed Mot. for Summ. J. ("Pl.'s Opp'n") at 2 & App. A-D.  Rather, the plaintiff contends that

the defendant merely redacted the names and telephone numbers of special agents appearing on

Document Nos. 10-12.  *See id.*  In addition, the plaintiff asserts that Document Nos. 9 and 11,

taken together, actually reveal the location and type of monitoring conducted with respect to one

subject, Sharon Troupe.  *See id.* at 2 & App. A, C.

The plaintiff's arguments and exhibits do not undermine Chisholm's reasoning.  It is

clear that BATFE redacted portions of Document No. 9 so that the manner and method of

installation of surveillance equipment cannot be discerned.  *See id.*, App. A.  Furthermore, it is

of no moment that BATFE redacted special agents' names and other identifying information

from Document Nos. 10-12, as this information is properly withheld under Exemption 7(C).

*Boyd v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 2006 WL 2844912, at *7 (D.D.C.

Sept. 29, 2006) (noting that "[r]edaction of the names of law enforcement officers is routinely

upheld").  Nor does it matter that Document No. 11 discloses Sharon Troupe's name and her

address, where the monitoring took place, Pl.'s Opp'n, App. C, because the plaintiff submitted a

Privacy Act waiver for Troupe, *see* Compl., Ex. B; Def.'s Renewed Mot. for Summ. J., Ex.3

("Graham I Decl.") ¶ 18.

## 2.  Document No. 31

From Document No. 31 BATFE redacted information regarding the detailed steps it took

"to locate a confidential informant who went missing after having received several documented

threats regarding his testimony."  Chisholm Decl. IV ¶ 6.[1]  Specifically, BATFE "redacted

information outlin[ing] the different indices [BATFE] utilized to locate the [confidential

---

[1]     This confidential informant was an informant for another law enforcement agency with whom
BATFE consulted; he was not a documented BATFE informant.  Chisholm Decl. IV ¶ 6.

informant], a fairly rare procedure for [BATFE]." *Id.* The agency justifies its decision to withhold this information based not only on law enforcement's ongoing need for informants but also its concern for the safety of informants:

> The manner in which law enforcement procures and locates confidential informants is a vital law enforcement technique and its disclosure would not only potentially endanger future law enforcement investigations, but could also endanger the lives and welfare of prospective and current confidential informants. Knowing how confidential informants are identified and located could show suspects how to identify whether a person close to them is being assessed as an informant or it could help suspects determine the people around them who are most likely to become informants. Additionally, information involving how law enforcement physically locates an informant, including the databases and search criteria used, would reveal to suspects which databases would be most useful to infiltrate to find someone in hiding.

*Id.* The safety of confidential informants "is of extremely high concern, because their elimination is often criminally perceived as the key to evasion of justice." *Id.* Because such informants are critical to investigations and prosecutions, "the ability to locate or detect them is [] imperative." *Id.*

The plaintiff objects to the redaction of this information, asserting that BATFE did not redact the same information from records at issue in a prior FOIA action. Pl.'s Opp'n at 4 (referring to *Boyd v. United States Marshals Serv.*, No. 99-2712 (JR) (D.D.C. Sept. 22, 2004), *aff'd*, No. 04-5369 (D.C. Cir. Feb. 6, 2007)). In addition, he claims that BATFE's "reasons for the withholding is [sic] to [sic] farfetched" because the information disclosed to him "actually revealed enough information that would expose the techniques." *Id.* at 5. His arguments are unpersuasive. First, the plaintiff's fails to explain the relevance of BATFE's decision not to assert that exemption 7(E) permitted it to withhold the same document in a previous case. *Id.* at 4. *Compare id.*, App. F (*Vaughn* Index (ATF Disclosure File #02-1078, Doc. Nos. 82-83))

(claiming exemptions (b)(7)(C) and (b)(7)(D) for the "Request to Relocate Cooperating Individual") *with* Def.'s Reply in Support of Mot. for Summ. J., Ex. 1 (Jan. 26, 2006 *Vaughn* Index (ATF Disclosure File # 05-336, Doc. No. 31)) (claiming exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(E) for the same document).  Second, BATFE released general information to the plaintiff to protect the techniques employed to locate the cooperating individual.  For example, although the BATFE may have disclosed that it "[r]an the subject through computer indices," *id.*, App. G, it does not disclose which indices were employed.  Likewise, the fact that the BATFE "[c]hecked the subject for current employment," *id.*, does not reveal when, where or how the check was made.

The court may award summary judgment solely on the information provided in an agency's affidavits or declarations when its affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Based on review of BATFE's supporting declarations, the court concludes that BATFE properly withheld information pertaining to law enforcement techniques from Document Nos. 9-12 and 31 under Exemption 7(E).

### B. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The court errs if it "simply approve[s] the withholding of an entire document without entering a finding on

6

segregability, or the lack thereof." *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed BATFE's declarations and the *Vaughn* indices submitted in support of its dispositive motions, the court concludes that only the exempt records or portions of records have been withheld, and that all reasonably segregable material has been released to plaintiff. Thus, the declarations and *Vaughn* indices adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).


## IV.   CONCLUSION

For the foregoing reasons, BATFE has demonstrated its full compliance with FOIA with respect to plaintiff's December 2004 FOIA requests.  Accordingly, the court grants the defendant's second renewed motion for summary judgment.  An Order consistent with this Memorandum Opinion is issued separately and contemporaneously on this 15th day of August, 2008.


RICARDO M. URBINA
United States District Judge